ECF

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
SEP 3 0 2003
U.S. COURT OF FEDERAL CLAIMS

(1) A.F.T.E.R. INCORPORATED, A NORTH CAROLINA CORPORATION
P.O. Box 1205
Clinton, NC 28329

**COMPLAINT FOR BREACH OF CONTRACT AND JUST COMPENSATION**

File No. 03-2264C

(2) ANTIGO APARTMENTS COMPANY, A LIMITED PARTNERSHIP
10215 North 111th Place
Scottsdale, AZ 85259

(3) ARE PROPERTIES, A GENERAL PARTNERSHIP
P.O. Box 5
Elysian, MN 56028

(4) ARGENT APARTMENTS OF PHILLIPS, A LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

ORIGINAL

(5) ARGENT APARTMENTS OF RIO, A LIMITED PARTNERSHIP
5402 Highway Z
West Bend, WI 53095

(6) ARGENT APARTMENTS OF RUDOLPH, A LIMITED PARTNERSHIP
5402 Highway Z
West Bend, WI 53095

(7) ASHLAND ENTERPRISES, A LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(8) BARNEVELD ENTERPRISES,
A LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(9) BAY HARBOR, A
WISCONSIN LIMITED
PARTNERSHIP
P.O. Box 901
1333 Wayland Street
Beaver Dam, WI 53916

(10) BEB, A LIMITED
PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(11) BLUE HERON PARK
APARTMENTS, A LIMITED
PARTNERSHIP
P.O. Box 1059
Snohomish, WA 98291

(12) BOSCOBEL FAMILY
HOUSING, A LIMITED
PARTNERSHIP
7026 North Lake Drive
Fox Point, WI 53217

(13) BRODHEAD ELDERLY
HOUSING, A LIMITED
PARTNERSHIP
11881 East Fire Lane Road
Solon Springs, WI 54873

(14) C. F. CROIX ASSOCIATES, A
LIMITED LIABILITY
PARTNERSHIP
8040-60 ½ Avenue North
New Hope, MN 55428

(15) CATHERINE SQUARE ASSOCIATES, A LIMITED PARTNERSHIP
8955 Ferndale Lane
Eden Prairie, MN 55347

(16) CHASSELL ENTERPRISES I, A LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(17) CITY NATIONAL BANK & TRUST COMPANY, TRUST NO. 2259
1020 Lincoln Avenue
Fennimore, WI 53809

(18) CITY NATIONAL BANK & TRUST COMPANY, TRUST NO. 2260
1020 Lincoln Avenue
Fennimore, WI 53809

(19) COBB ELDERLY HOUSING, A LIMITED PARTNERSHIP
11881 East Fire Lane Road
Solon Springs, WI 54873

(20) DAKOTA, INCORPORATED
P.O. Box 137
Niagara, WI 54151

(21) DARLINGTON FAMILY HOUSING
402 Gammon Place
Suite 330
Madison, WI 53719

(22) DODGEVILLE ENTERPRISES, A LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(23) DODGEVILLE MULTI-FAMILY HOUSING, A LIMITED PARTNERSHIP
11881 East Fire Lane Road
Solon Springs, WI 54873

(24) JACK DOUTHITT, SOLE PROPIETORSHIP
7026 North Lake Drive
Fox Point, WI 53217

(25) ELLENDALE SQUARE ASSOCIATES, A LIMITED PARTNERSHIP
8955 Ferndale Lane North
Eden Prairie, MN 55347

(26) EQUITY INVESTORS V, A LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(27) FENNIMORE MULTI-FAMILY HOUSING, A LIMITED PARTNERSHIP
11881 East Fire Lane Road
Solon Springs, WI 54873

(28) FIRST AMERICAN LIMITED PARTNERSHIP OF HALLOCK
5100 Eden Avenue
Edina, MN 55436

(29) FOLEY SQUARE ASSOCIATES, A LIMITED PARTNERSHIP
8955 Ferndale Lane
Eden Prairie, MN 55347

(30) FREEPORT SQUARE ASSOCIATES, A LIMITED PARTNERSHIP
8955 Ferndale Lane
Eden Prairie, MN 55347

(31) GLS, A LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(32) GLENWOOD, A LIMITED PARTNERSHIP
P.O. Box 1059
Snohomish, WA 98291

(33) LEROY & AUDREY GOELZ, SOLE PROPRIETORSHIP
70685-360th Street
Morton, MN 56270

(34) GRANT-KO ENTERPRISES, A LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(35) GREEN-KO ENTERPRISES, A LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(36) GREENWAY OF HARLAN ASSOCIATES, A LIMITED PARTNERSHIP
529-36th Street
Des Moines, IA 50312

(37) GREENWAY OF MOUNT PLEASANT ASSOCIATES, A LIMITED PARTNERSHIP
529-36th Street
Des Moines, IA 50312

(38) GREENWAY OF
OSKALOOSA ASSOCIATES,
A LIMITED PARTNERSHIP
529-36th Street
Des Moines, IA 50312

(39) H & M PROPERTIES
601 Lewis Avenue North
P.O. Box 698
Watertown, MN 55388

(40) H-P LIMITED PARTNERSHIP
OF MIDDLETON
579 D'Onofrio Drive #10
Madison, WI 53719

(41) WILLIAM HASKINS, SOLE
PROPRIETORSHIP
1115 Nokomis Street
Alexandria, MN 56308

(42) R. BRUCE HAUPERT, SOLE
PROPRIETORSHIP
P.O. Box 2447
Iowa City, IA 52244-2447

(43) JAMES & BEVERLY HEIKE,
SOLE PROPRIETORSHIP
135 East Main Street
Mondovi, WI 54755

(44) GORDON HELMEID, SOLE
PROPRIETORSHIP
5742 Taft Street
Middleton, WI 53562

(45) HERITAGE PROPERTIES, A
MINNESOTA LIMITED
PARTNERSHIP
5100 Eden Avenue
Edina, MN 5543

(46) HIGHLAND MULTI-FAMILY
HOUSING, A LIMITED
PARTNERSHIP
11881 East Fire Lane Road
Solon Springs, WI 54873

(47) HORIZON ENTERPRISES OF
HORICON, A LIMITED
PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(48) HOUSING FACILITIES OF
VERONA, A LIMITED
PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(49) I-S LIMITED PARTNERSHIP
OF MIDDLETON
579 D'Onofrio Drive #10
Madison, WI 53719

(50) INDEPENDENCE
ENTERPRISES, A LIMITED
PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(51) IOWA COUNTY
ENTERPRISES, A LIMITED
PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(52) ISLAND VIEW, A LIMITED
PARTNERSHIP
P.O. Box 1059
Snohomish, WA 98291

(53) JACKSON BAY, A LIMITED PARTNERSHIP
10215 North 111th Place
Scottsdale, AZ 85259

(54) JAMES TOWN OF ST. JAMES, A LIMITED PARTNERSHIP
119 South 7th Street
St James, MN 56081

(55) DAVID JOHNSON, SOLE PROPRIETORSHIP
5848 Thornstrand Drive
Madison, WI 53705

(56) JUNEAU ENTERPRISES, A LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(57) K & H LIMITED PARTNERSHIP OF MIDDLETON
579 D'Onofrio Drive #10
Madison, WI 53719

(58) DONALD KNAACK, SOLE PROPRIETORSHIP
1291 South Renee Place
Pueblo West, CO 81007

(59) NYALL & CHERYL KNUTSON, SOLE PROPRIETORSHIP
1404 Berberry
Janesville, WI 53545

(60) LAKE DELTON ENTERPRISES, A LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(61) LIBBY PLAZA II
ASSOCIATES, A LIMITED
PARTNERSHIP
P.O. Box 1059
Snohomish, WA 98291

(62) LOIS B., A LIMITED
PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(63) LOW ENTERPRISES, A
LIMITED PARTNERSHIP
579 D'Onofrio Drive #10
Madison, WI 53719

(64) M & S ENTERPRISES, A
LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(65) M-W LIMITED
PARTNERSHIP OF
MIDDLETON
579 D'Onofrio Drive #10
Madison, WI 53719

(66) MARBLE HOUSING
COMPANY
1021 South 2nd Avenue
Virginia, MN 55792

(67) THOMAS MAYBERRY, SOLE
PROPRIETORSHIP
119 South 7th Street
St. James, MN 56081

(68) MERRILL FAMILY
HOUSING, A LIMITED
PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(69) MONROE HOUSING, A
LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(70) NECEDAH MULTI-FAMILY
HOUSING, A LIMITED
PARTNERSHIP
11881 East Fire Lane Road
Solon Springs, WI 54873

(71) NEW-BEL-MO
ENTERPRISES, A LIMITED
PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(72) NEW LISBON MULTI-
FAMILY HOUSING, A
LIMITED PARTNERSHIP
11881 East Fire Lane Road
Solon Springs, WI 54873

(73) OCONTO FALLS
ENTERPRISES, A LIMITED
PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(74) OGILVIE SQUARE
ASSOCIATES, A LIMITED
PARTNERSHIP
8955 Ferndale Lane
Eden Prairie, MN 55347

(75) OSSEO ENTERPRISES, A
LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(76) JOSEPH PACHNOWSKI
7 Chadsford Court
Marlton, NJ 08053

(77) PACIFIC PLACE
APARTMENTS, A LIMITED
PARTNERSHIP
P.O. Box 1059
Snohomish, WA 98291

(78) PARK APARTMENTS, A
MINNESOTA LIMITED
PARTNERSHIP
P.O. Box 264
Geneva, MN 56035

(79) PESHTIGO ENTERPRISES, A
LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(80) PINE MEADOW
PARTNERSHIP, A LIMITED
PARTNERSHIP
1018 Gammon Lane
Suite 100
Madison, WI 53719

(81) PLATTEVILLE
ENTERPRISES, A LIMITED
PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(82) POINT WOODS
PARTNERSHIP, A LIMITED
PARTNERSHIP
1018 Gammon Lane
Suite 100
Madison, WI 53719

(83) POKEGAMA SQUARE
ASSOCIATES, A LIMITED
PARTNERSHIP
8955 Ferndale Lane
Eden Prairie, MN 55347

(84) POKEGAMA SQUARE II
ASSOCIATES, A LIMITED
PARTNERSHIP
8955 Ferndale Lane
Eden Prairie, MN 55347

(85) ELAINE POMERENING,
SOLE PROPRIETORSHIP
925 Wilson Street
Fennimore, WI 53809

(86) PRAIRIE DU CHIEN
ENTERPRISES, A LIMITED
PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(87) PRAIRIE VILLAGE OF
GRINNELL ASSOCIATES, A
LIMITED PARTNERSHIP
529-36th Street
Des Moines, IA 50312

(88) PRAIRIE VILLAGE OF
GRINNELL II ASSOCIATES,
A LIMITED PARTNERSHIP
529-36th Street
Des Moines, IA 50312

(89) PRAIRIE VILLAGE OF
WAPELLO ASSOCIATES, A
LIMITED PARTNERSHIP
529-36th Street
Des Moines, IA 50312

(90) PRIME REALTY
PROPERTIES, A LIMITED
PARTNERSHIP
11280 South Twin Lakes Road
Salon Springs, WI 54873

(91) R & R INVESTORS, A
LIMITED PARTNERSHIP
2535 South Shore Boulevard
St. Paul, MN 55110

(92) RAINBOW PARK, A
LIMITED PARTNERSHIP
P.O. Box 1059
Snohomish, WA 98291

(93) RICE LAKE ENTERPRISES, A
LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(94) ROGNESS PROPERTIES, A
GENERAL PARTNERSHIP
P.O. BOX 5
Elysian, MN 56028

(95) SAGE APARTMENTS
ASSOCIATES, A LIMITED
PARTNERSHIP
P.O. Box 1059
Snohomish, WA 98291

(96) SAUK-KO ENTERPRISES, A
LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(97) SOUTH HILL II, A LIMITED
PARTNERSHIP
P.O. Box 1059
Snohomish, WA 98291

(98) SPARTA HOUSING, A
LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(99) ST. CROIX FALLS FAMILY HOUSING, A WISCONSIN LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(100) STONECREST DEVELOPMENT COMPANY
2901 Morningside Boulevard
Port St. Lucie, FL 34952

(101) STONECREST DEVELOPMENT COMPANY OF SHELBY COUNTY, AN INDIANA PARTNERSHIP
5356 Michael Court
Greenwood, IN 46142

(102) SWANVILLE APARTMENTS, A MINNESOTA PARTNERSHIP
236 Park Road
Staples, MN 56479

(103) TERRA VIEW PARTNERSHIP, A LIMITED PARTNERSHIP
1018 Gammon Lane
Suite 100
Madison, WI 53719

(104) THE MEADOWS PARTNERSHIP, A LIMITED PARTNERSHIP
1018 Gammon Lane
Suite 100
Madison, WI 53719

(105) TRE-HOFF, A WISCONSIN PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(106) UPSALA APARTMENTS, INCORPORATED
236 Park Road
Staples, MN 56479

(107) VILLAGE APARTMENTS, A CO-PARTNERSHIP
615 Bluff Avenue
Brainerd, MN 56401

(108) VILLAGE APARTMENTS OF GERMANTOWN HILLS, A LIMITED PARTNERSHIP
120 East Mossville Road
Peoria, IL 61615

(109) VILLAGE APARTMENTS OF MONCKS CORNER, A LIMITED PARTNERSHIP
120 East Mossville Road
Peoria, IL 61615

(110) VILLAGE APARTMENTS OF NEW HOLSTEIN, A LIMITED PARTNERSHIP
120 East Mossville Road
Peoria, IL 61615

(111) PAUL & SANDRA VOLLAN, SOLE PROPRIETORSHIP
P.O. Box 450
c/o Farmer's State Bank
New London, MN 56288

(112) WAKEFIELD ENTERPRISES, A LIMITED PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(113) DONALD & CAROL
WALCKER, SOLE
PROPRIETORSHIP
309 Cedar Path
Hokah, MN 55941

(114) WAUPUN-GUARDIAN
PARTNERS, A LIMITED
PARTNERSHIP
1020 Lincoln Avenue
Fennimore, WI 53809

(115) LEONARD & SHIRLEY
WESTROM, SOLE
PROPRIETORSHIP
22489 County Road 12
Elbow Lake, MN 56531

(116) YAKIMA APARTMENTS
ASSOCIATES, A LIMITED
PARTNERSHIP
P.O. Box 1059
Snohomish, WA 98291

Plaintiffs,

v.

UNITED STATES OF
AMERICA,

Defendant.

---

For their Complaint against the defendant United States of America, plaintiffs state and allege as follows:

**PRELIMINARY ALLEGATIONS**

1. Each of the plaintiffs contracted with the United States of America ("the Government") for a loan to provide rental housing for low- and moderate-income persons ("the housing programs"). The Government entered into these contracts ("the contracts")

with plaintiffs by and through its agency, the Farmers Home Administration, United States Department of Agriculture ("FmHA").

2. While the precise terms of these contracts vary, all of them permitted each contracting plaintiff to terminate its participation in the Government's housing programs "at the option" of plaintiff upon prepayment of each housing project's federally made or insured mortgage. Pursuant to the contracts, said optional termination rights could be exercised by plaintiffs "at any time" prior to the termination of the forty (40) or fifty (50) year terms of their contracts.

3. Congress in 1988 and 1992 enacted legislation that repudiated the Government's contractual obligation to permit FmHA contract holders to terminate their contracts at any time at their option. As is alleged more fully below, plaintiffs contend in this action that the enactment of this legislation anticipatorily repudiates the contract between defendant and each of the plaintiffs. As is their right, plaintiffs have elected to treat the Government's anticipatory repudiation as a breach of contract as of the date of Government performance required by each contract, i.e., the date that each plaintiff would achieve its option of terminating its contract but for the Government's repudiation. Plaintiffs also allege that said legislation results in a taking of each plaintiff's property without just compensation.

4. Plaintiffs seek to recover in this action the damages they have suffered and continue to suffer as a result of the breaches by the Government of plaintiffs' contracts and for just compensation for the taking of their properties.

**(Pre-1979 FmHA Contracts)**

5. Plaintiffs that entered into FmHA contracts before December 21, 1979 ("the pre-1979 FmHA contracts"), are contractually entitled to terminate their participation in the Government's housing program by exercising their option to prepay at any time. Such a prepayment would enable such plaintiffs to "go to market" and use or dispose of their property by either (i) raising the property's rents to commercial rates; or (ii) selling the property for its commercial fair market value.

6. The 1988 legislation described below repudiated the contractual right of pre-1979 FmHA contract holders to terminate their contracts at any time at their option.

**(Post-1979 FmHA Contracts)**

7. Plaintiffs that entered into FmHA contracts on or after December 21, 1979 and before December 15, 1989 ("the post-1979 FmHA contracts"), also are contractually entitled to exercise their option to prepay at any time. However, by their terms all post-1979 FmHA contracts are subject to a fifteen (15) or twenty (20) year restrictive use clause. This clause is binding upon the owners and their successors in interest and requires that the property be operated as low-rent housing for a period of fifteen (15) or twenty (20) years from the date of loan origination. Certain plaintiffs holding pre-1979 FmHA contracts are subject, or potentially subject, by law to the same restrictive use provisions that apply to post-1979 contracts, and as such must be treated as holding post-1979 FmHA contracts.

8. Accordingly, if a holder of a post-1979 FmHA contract intends to terminate its contract and raise its property's rents to commercial rates it must wait until on or after the end of the fifteen (15) or twenty (20) year period from the origination date of its mortgage

loan to do so. Alternatively, if the holder of such a contract intends to terminate its contract and sell its property to a third party who will retain low rents for the remainder of the fifteen (15) or twenty (20) year period commencing upon loan origination, such a contract holder is contractually entitled to exercise its termination right and go to market at any time.

9. The 1992 legislation described below extended to post-1979 FmHA contract holders the provisions of the 1988 legislation, described below, that had repudiated the contractual termination right of pre-1979 FmHA contract holders.

**THE PARTIES**
**(Parties Plaintiff)**

10. Each of the plaintiffs is a general or limited partnership, a corporation, an individual, or other legal entity which entered into a contract with FmHA for a loan to provide rental housing for low- and moderate-income residents meeting Government eligibility standards.

**List of Plaintiffs**

11. The following comprises an alphabetized, numbered list of all plaintiffs who entered into such contracts with the Government:

1. A.F.T.E.R. Incorporated, a North Carolina Corporation, with an address at P.O. Box 1205, Clinton, North Carolina 28329, entered into four contracts for rental housing at the following projects known as:

(i) After Apartments Phase I, consisting of four (4) units;

(ii) After Apartments Phase II, consisting of twelve (12) units;

(iii) After Apartments Phase III, consisting of eight (8) units; and

(iv) After East Apartments, consisting of twenty (20) units.

2. Antigo Apartments Company, a Limited Partnership, with an address at 10215 North 111th Place, Scottsdale, Arizona 58259, entered into one contract for rental housing at the following projects known as:

(i) Antigo Apartments, consisting of twenty-four (24) units.

3. ARE Properties, a General Partnership, with an address at P.O. Box 5, Elysian, Minnesota 56028, entered into two contracts for rental housing at the following projects known as:

(i) F & H Apartments I, consisting of eight (8) units; and

(ii) F & H Apartments II, consisting of eight (8) units.

4. Argent Apartments of Phillips, a Limited Partnership, with an address at 5402 Highway Z, West Bend, Wisconsin 53095, entered into one contract for rental housing at the following project known as:

(i) Argent Apartments of Phillips, consisting of sixteen (16) units.

5. Argent Apartments of Rio, a Limited Partnership, with an address at 5402 Highway Z, West Bend, Wisconsin 53095, entered into one contract for rental housing at the following project known as:

(i) Argent Apartments of Rio, consisting of ten (10) units.

6. Argent Apartments of Rudolph, a Limited Partnership, with an address at 5402 Highway Z, West Bend, Wisconsin 53095, entered into one contract for rental housing at the following project known as:

(i) Argent Apartments of Rudolph, consisting of twelve (12) units.

7. Ashland Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) MacArthur Court Apartments, consisting of twenty-two (22) units.

8. Barneveld Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) High Ridge Place Apartments, consisting of eight (8) units.

9. Bay Harbor, a Wisconsin Limited Partnership, with an address at P.O. Box 901, 1333 Wayland Street, Beaver Dam, Wisconsin 53916, entered into one contract for rental housing at the following project known as:

(i) Bay Harbor Apartments, consisting of twenty-five (25) units.

10. BEB, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into three contracts for rental housing at the following projects known as:

(i) Bergland Apartments, consisting of twelve (12) units;

(ii) Bruce Crossing Apartments, consisting of twelve (12) units; and

(iii) Ewen Apartments, consisting of eight (8) units.

11. Blue Heron Park Apartments, a Limited Partnership, with an address at P.O. Box 1059, Snohomish, Washington 98291, entered into one contract for rental housing at the following project known as:

(i) Virginia Villa Apartments, consisting of forty (40) units.

12. Boscobel Family Housing, a Limited Partnership, with an address at 7026 North Lake Drive, Fox Point, Wisconsin 53217, entered into one contract for rental housing at the following project known as:

(i) Boscobel Family Housing Apartments, consisting of sixteen (16) units.

13. Brodhead Elderly Housing, a Limited Partnership, with an address at 11881 East Fire Lane Road, Solon Springs, Wisconsin 54873, entered into one contract for rental housing at the following project known as:

(i) Brodhead Elderly Housing Apartments, consisting of twelve (12) units.

14. C. F. Croix Associates, a Limited Liability Partnership, with an address at 8040-60 ½ Avenue North, New Hope, Minnesota 55428 , entered into one contract for rental housing at the following project known as:

(i) Winsted Park Apartments, consisting of twenty-four (24) units.

15. Catherine Square Associates, a Limited Partnership, with an address at 8955 Ferndale Lane, Eden Prairie, Minnesota 55347, entered into one contract for rental housing at the following project known as:

(i) Catherine Square Apartments, consisting of twenty-four (24) units.

16. Chassell Enterprises I, a Limited Partnership with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Creamery Court Apartments, consisting of twenty (20) units.

17. City National Bank & Trust Company, Trust No. 2259, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Rolling Meadows Apartments, consisting of sixteen (16) units.

18. City National Bank & Trust Company, Trust No. 2260, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into two contracts for rental housing at the following projects known as:

(i) Avon Apartments, consisting of sixteen (16) units; and

(ii) Mount Pulaski Apartments, consisting of eight (8) units.

19. Cobb Elderly Housing, a Limited Partnership, with an address at 11881 East Fire Lane Road, Solon Springs, Wisconsin 54873, entered into one contract for rental housing at the following project known as:

(i) Cobb Elderly Housing Apartments, consisting of nine (9) units.

20. Dakota Incorporated, with an address at P.O. Box 137, Niagara, Wisconsin 54151, entered into one contract for rental housing at the following project known as:

(i) Dakota Apartments, consisting of twelve (12) units.

21. Darlington Family Housing, with an address at 402 Gammon Place,

Suite 330, Madison, Wisconsin 53719, entered into one contract for rental housing at the following project known as:

(i) Darlington Family Housing Apartments, consisting of eight (8) units.

22. Dodgeville Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) North Ridge Court Apartments, consisting of thirty-two (32) units.

23. Dodgeville Multi-Family Housing, a Limited Partnership, with an address at 11881 East Fire Lane Road, Solon Springs, Wisconsin 54873, entered into one contract for rental housing at the following project known as:

(i) Prairie Crest Apartments, consisting of eight (8) units.

24. Jack B. Douthitt, with an address at 7026 North Lake Drive, Fox Point, Wisconsin 53217, entered into one contract for rental housing at the following project known as:

(i) Blue River Elderly Housing Apartments, consisting of eight (8) units.

25. Ellendale Square Associates, a Limited Partnership, with an address at 8955 Ferndale Lane North, Eden Prairie, Minnesota 55347, entered into one contract for rental housing at the following project known as:

(i) Ellendale Square Apartments, consisting of sixteen (16) units.

26. Equity Investors V, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into five contracts for rental housing at the following project known as:

(i) Bradford Village Apartments, consisting of sixteen (16) units;

(ii) Chillicotlee Apartments, consisting of twenty-two (22) units;

(iii) Indian Hills Apartments, consisting of twenty-four (24) units;

(iv) Meadow Village Apartments, consisting of twenty-four (24) units; and

(v) Paxton Apartments, consisting of ten (10) units.

27. Fennimore Multi-Family Housing, a Limited Partnership, with an address at 11881 East Fire Lane Road, Solon Springs, Wisconsin 54873, entered into one contract for rental housing at the following project known as:

(i) Fennimore Multi-Family Apartments, consisting of sixteen (16) units.

28. First American Limited Partnership of Hallock, with an address at 5100 Eden Avenue, Edina, Minnesota 55436, entered into one contract for rental housing at the following project known as:

(i) Heritage Residence Apartments, consisting of sixteen (16) units.

29. Foley Square Associates, a Limited Partnership, with an address at 8955 Ferndale Lane, Eden Prairie, Minnesota 55347, entered into one contract for rental housing at the following project known as:

(i) Foley Square Apartments, consisting of twenty-one (21) units.

30. Freeport Square Associates, a Limited Partnership, with an address at 8955 Ferndale Lane, Eden Prairie, Minnesota 55347, entered into one contract for rental housing at the following project known as:

(i) Sacred Heart Manor Apartments, consisting of nineteen (19) units.

31. GLS, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Union Place Apartments, consisting of twenty-one (21) units.

32. Glenwood, a Limited Partnership, with an address at P.O. Box 1059, Snohomish, Washington 98291, entered into one contract for rental housing at the following project known as:

(i) Glenwood Apartments, consisting of forty-six (46) units.

33. Leroy and Audrey Goelz, with an address at 70685-360th Street, Morton, Minnesota 56270, entered into three contracts for rental housing at the following projects known as:

(i) Goelz 8-Plex I Apartments, consisting of eight (8) units;

(ii) Goelz 8-Plex II Apartments, consisting of eight (8) units; and

(iii) Goelz 8-Plex III Apartments, consisting of eight (8) units.

34. Grant-KO Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Emerald Kourt/Karsurima Kourt Apartments, consisting of forty (40) units.

35. Green-KO Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into two contracts for rental housing at the following projects known as:

(i) Centennial Kourt Apartments, consisting of twelve (12) units; and

(ii) Maderia Kourt Apartments, consisting of twenty (20) units.

36. Greenway of Harlan Associates, a Limited Partnership, with an address at 529-36th Street, Des Moines, Iowa 50312, entered into one contract for rental housing at the following project known as:

(i) Greenway of Harlan Apartments, consisting of twenty-four (24) units.

37. Greenway of Mt. Pleasant Associates, a Limited Partnership, with an address at 529-36th Street, Des Moines, Iowa 50312, entered into one contract for rental housing at the following project known as:

(i) Greenway of Mt. Pleasant Apartments, consisting of twenty-four (24) units.

38. Greenway of Oskaloosa Associates, a Limited Partnership, with an address at 529-36th Street, Des Moines, Iowa 50312, entered into one contract for rental housing at the following project known as:

(i) Greenway of Oskaloosa Apartments, consisting of forty-four (44) units.

39. H & M Properties, with an address at 601 Lewis Avenue North, P.O. Box 698, Watertown, Minnesota 55388, entered into two contracts for rental housing at the following projects known as:

(i) Hilltop I Apartments, consisting of sixteen (16) units; and

(ii) Hilltop II Apartments, consisting of sixteen (16) units.

40. H-P Limited Partnership of Middleton, with an address at 579 D'Onofrio Drive #10, Madison, Wisconsin 53719, entered into two contracts for rental housing at the following project known as:

(i) Pines Apartments, consisting of eight (8) units; and

(ii) Sunrise Apartments, consisting of sixteen (16) units.

41. William Haskins, with an address at 1115 Nokomis Street, Alexandria, Minnesota 56308, entered into one contract for rental housing at the following project known as:

(i) Oak Manor Apartments, consisting of twelve (12) units.

42. R. Bruce Haupert, with an address at P.O. Box 2447, Iowa City, Iowa 52244, entered into one contract for rental housing at the following project known as:

(i) Main Street Place Apartments, consisting of eleven (11) units.

43. James and Beverly Heike, with an address at 135 East Main Street, Mondovi, Wisconsin 54755, entered into two contracts for rental housing at the following projects known as:

(i) Jefferson Street Apartments, consisting of ten (10) units; and

(ii) Memorial Drive II Apartments, consisting of ten (10) units.

44. Gordon Helmeid, with an address at 5742 Taft Street, Middleton, Wisconsin 53562, entered into one contract for rental housing at the following project known as:

(i) Mound View Apartments, consisting of eight (8) units.

45. Heritage Properties, a Minnesota Limited Partnership, with an address at 5100 Eden Avenue, Edina, Minnesota 55436, entered into one contract for rental housing at the following project known as:

(i) Heritage Place Apartments, consisting of twenty (20) units.

46. Highland Multi-Family Housing, a Limited Partnership, with an address at 11881 East Fire Lane Road, Solon Springs, Wisconsin 54873, entered into one contract for rental housing at the following project known as:

(i) Fairview Apartments, consisting of six (6) units.

47. Horizon Enterprises of Horicon, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Oak Grove Apartments, consisting of twenty-four (24) units.

48. Housing Facilities of Verona, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Schettler Terrace Apartments, consisting of thirty-two (32) units.

49. I-S Limited Partnership of Middleton, with an address at 579 D'Onofrio Drive #10, Madison, Wisconsin 53719, entered into two contracts for rental housing at the following projects known as:

(i) Lake View Apartments, consisting of eight (8) units; and

(ii) Meadow View Apartments, consisting of eight (8) units.

50. Independence Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Woods Edge Apartments, consisting of sixteen (16) units.

51. Iowa County Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Glenwood/Kari West Apartments, consisting of sixteen (16) units.

52. Island View, a Limited Partnership, with an address at P.O. Box 1059, Snohomish, Washington 98291, entered into one contract for rental housing at the following project known as:

(i) Island View Apartments, consisting of thirty-two (32) units.

53. Jackson Bay, a Limited Partnership, with an address at 10215 North 111th Place, Scottsdale, Arizona 85259, entered into one contract for rental housing at the following project known as:

(i) Jackson Bay Apartments, consisting of twenty-five (25) units.

54. James Town of St. James, a Limited Partnership, with an address at 119 South 7th Street, St. James, Minnesota 56081, entered into one contract for rental housing at the following project known as:

(i) Jamestown Apartments, consisting of twenty (20) units.

55. David Johnson, with an address at 5848 Thornstrand Drive, Madison, Wisconsin 53075, entered into three contracts for rental housing at the following projects known as:

(i) Country Glen Apartments, consisting of sixteen (16) units;

(ii) Hillside Glen Apartments, consisting of twenty-four (24) units; and

(iii) Village Glen Apartments, consisting of thirty-two (32) units.

56. Juneau Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Fairfield Apartments, consisting of eighteen (18) units.

57. K & H Limited Partnership of Middleton, with an address at 579 D'Onofrio Drive #10, Madison, Wisconsin 53719, entered into one contract for rental housing at the following project known as:

(i) River Mill Apartments, consisting of twenty-four (24) units.

58. Donald Knaack, with an address at 1291 South Renee Place, Pueblo West, Colorado 81007, entered into two contracts for rental housing at the following projects known as:

(i) Monticello Meadows Apartments, consisting of sixteen (16) units; and

(ii) Rolling Hills Apartments, consisting of sixteen (16) units.

59. Nyall and Cheryl Knutson, with an address at 1404 Berberry, Janesville, Wisconsin 53545, entered into one contract for rental housing at the following project known as:

(i) Golden Acres Apartments, consisting of sixteen (16) units.

60. Lake Delton Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Arbor Glen Kourt Apartments, consisting of twenty-four (24) units.

61. Libby Plaza II Associates, a Limited Partnership, with an address at P.O. Box 1059, Snohomish, Washington 98291, entered into one contract for rental housing at the following project known as:

(i) Libby Plaza II Apartments, consisting of thirty (30) units.

62. Lois B., a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Pattee Tew Apartments, consisting of twelve (12) units.

63. Low Enterprises, a Limited Partnership, with an address at 579 D'Onofrio Drive #10, Madison, Wisconsin 53719, entered into two contracts for rental housing at the following projects known as:

(i) Forest Apartments, consisting of eight (8) units; and

(ii) Willow Apartments, consisting of eight (8) units.

64. M & S Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into two contracts for rental housing at the following projects known as:

(i) Lake View/Tower Ridge Apartments, consisting of twenty-four (24) units; and

(ii) Valley Apartments, consisting of twenty-four (24) units.

65. M-W Limited Partnership of Middleton, with an address at 579 D'Onofrio Drive #10, Madison, Wisconsin 53719, entered into one contract for rental housing at the following project known as:

(i) Cherrywood Apartments, consisting of eight (8) units.

66. Marble Housing Company, with an address at 1021 South 2nd Avenue, Virginia, Minnesota 55792, entered into one contract for rental housing at the following project known as:

(i) Weidner's Silverwood Apartments, consisting of twenty-three (23) units.

67. Thomas Mayberry, with an address at 119 South 7th Street, St. James, Minnesota 56081, entered into one contract for rental housing at the following project known as:

(i) Somerset Green South Apartments, consisting of twenty-four (24) units.

68. Merrill Family Housing, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) The Meadows Apartments, consisting of thirty-two (32) units.

69. Monroe Housing, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Wyndamere Place Apartments, consisting of twenty-two (22) units.

70. Necedah Multi-Family Housing, a Limited Partnership, with an address at 11881 East Fire Lane Road, Solon Springs, Wisconsin 54873, entered into one contract for rental housing at the following project known as:

(i) North Country Apartments, consisting of eight (8) units.

71. New-Bel-Mo Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into two contracts for rental housing at the following projects known as:

(i) Karlotta Kourt Apartments, consisting of eight (8) units; and

(ii) Vescaya Kourt Apartments, consisting of sixteen (16) units.

72. New Lisbon Multi-Family Housing, a Limited Partnership, with an address at 11881 East Fire Lane Road, Solon Springs, Wisconsin 54873, entered into one contract for rental housing at the following project known as:

(i) Sunnydale Apartments, consisting of sixteen (16) units.

73. Oconto Falls Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) The Falls Apartments, consisting of sixteen (16) units.

74. Ogilvie Square Associates, a Limited Partnership, with an address at 8955 Ferndale Lane, Eden Prairie, Minnesota 55347, entered into one contract for rental housing at the following project known as:

(i) Ogilvie Square Apartments, consisting of fifteen (15) units.

75. Osseo Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Camelot Apartments, consisting of sixteen (16) units.

76. Joseph Pachnowski, with an address at 7 Chadsford Court, Marlton, New Jersey 08053, entered into one contract for rental housing at the following project known as:

(i) Twin Oaks Apartments, consisting of twelve (12) units.

77. Pacific Place Apartments, a Limited Partnership, with an address at with an address at P.O. Box 1059, Snohomish, Washington 98291, entered into one contract for rental housing at the following project known as:

(i) Pacific Place Apartments, consisting of twenty-four (24) units.

78. Park Apartments, a Minnesota Limited Partnership, with an address at P.O. Box 264, Geneva, Minnesota 56035, entered into one contract for rental housing at the following project known as:

(i) Park Apartments, consisting of sixteen (16) units.

79. Peshtigo Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) The Pines Apartments, consisting of sixteen (16) units.

80. Pine Meadow Partnership, a Limited Partnership, with an address at 1018 Gammon Lane, Suite 100, Madison, Wisconsin 53719, entered into one contract for rental housing at the following project known as:

(i) Pine Meadow Apartments, consisting of eight (8) units.

81. Platteville Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Fairfield Kourt Apartments, consisting of twenty-four (24) units.

82. Point Woods Partnership, a Limited Partnership, with an address at 1018 Gammon Lane, Suite 100, Madison, Wisconsin 53719, entered into one contract for rental housing at the following project known as:

(i) Point Woods Apartments, consisting of twelve (12) units.

83. Pokegama Square Associates, a Limited Partnership, with an address at 8955 Ferndale Lane, Eden Prairie, Minnesota 55347, entered into one contract for rental housing at the following project known as:

(i) Pokegama Square I Apartments, consisting of twenty-four (24) units.

84. Pokegama Square II Associates, a Limited Partnership, with an address at 8955 Ferndale Lane, Eden Prairie, Minnesota 55347, entered into one contract for rental housing at the following project known as:

(i) Pokegama Square II Apartments, consisting of sixteen (16) units.

85. Elaine Pomerening, with an address at 925 Wilson Street, Fennimore, Wisconsin 53809, entered into two contracts for rental housing at the following projects known as:

(i) Pomerening I Apartments, consisting of eighteen (18) units; and

(ii) Pomerening II Apartments, consisting of fourteen (14) units.

86. Prairie Du Chien Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Highland View Apartments, consisting of thirty-two (32) units.

87. Prairie Village of Grinnell Associates, a Limited Partnership, with an address at 529-36th Street, Des Moines, Iowa 50312, entered into one contract for rental housing at the following project known as:

(i) Prairie Village of Grinnell Phase I Apartments, consisting of twenty-four (24) units.

88. Prairie Village of Grinnell II Associates, a Limited Partnership, with an address at 529-36th Street, Des Moines, Iowa 50312, entered into one contract for rental housing at the following project known as:

(i) Prairie Village of Grinnell Phase II Apartments, consisting of thirty-two (32) units.

89. Prairie Village of Wapello Associates, a Limited Partnership, with an address at 529-36th Street, Des Moines, Iowa 50312, entered into one contract for rental housing at the following project known as:

(i) Prairie Village of Wapello Apartments, consisting of twenty-four (24) units.

90. Prime Realty Properties, a Limited Partnership, with an address at 11280 South Twin Lakes Road, Salon Springs, Wisconsin 54873, entered into two contracts for rental housing at the following projects known as:

(i) Bashara Apartments, consisting of sixteen (16) units; and

(ii) Brule Valley Apartments, consisting of eight (8) units.

91. R & R Investors, a Limited Partnership, with an address at 2535 South Shore Boulevard, St. Paul, Minnesota 55110, entered into one contract for rental housing at the following project known as:

(i) Maranatha Inn Apartments, consisting of twenty-five (25) units.

92. Rainbow Park, a Limited Partnership, with an address at P.O. Box 1059, Snohomish, Washington 98291, entered into one contract for rental housing at the following project known as:

(i) Rainbow Park Apartments, consisting of forty-two (42) units.

93. Rice Lake Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) High Crest Ridge Apartments, consisting of forty (40) units.

94. Rogness Properties, a General Partnership, with an address at P.O. Box 5, Elysian, Minnesota 56028, entered into one contract for rental housing at the following project known as:

(i) Rogness Apartments, consisting of eight (8) units.

95. Sage Apartments Associates, a Limited Partnership, with an address at P.O. Box 1059, Snohomish, Washington 98291, entered into one contract for rental housing at the following project known as:

(i) Sage Apartments, consisting of thirty-six (36) units.

96. Sauk-KO Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Lin Mar Trace Apartments, consisting of thirty (30) units.

97. South Hill II, a Limited Partnership, with an address at P.O. Box 1059, Snohomish, Washington 98291, entered into one contract for rental housing at the following project known as:

(i) South Hill II Apartments, consisting of twenty-four (24) units.

98. Sparta Housing, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Sunset Place Apartments, consisting of twenty-four (24) units.

99. St. Croix Falls Family Housing, a Wisconsin Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Parkview Apartments, consisting of twelve (12) units.

100. Stonecrest Development Company, with an address at 2901 Morningside Boulevard, Port St. Lucie, Florida 34952, entered into two contracts for rental housing at the following projects known as:

(i) Stonecrest Phase I Apartments, consisting of twenty-four (24) units; and

(ii) Stonecrest Phase II Apartments, consisting of eighteen (18) units.

101. Stonecrest Development Company of Shelby County, an Indiana Partnership, with an address at 5356 Michael Court, Greenwood, Indiana 46142, entered into one contract for rental housing at the following project known as:

(i) Stonecrest Development Apartments, consisting of sixteen (16) units.

102. Swanville Apartments, a Minnesota Partnership, with an address at 236 Park Road, Staples, Minnesota 56479, entered into one contract for rental housing at the following project known as:

(i) Swanville Apartments, consisting of sixteen (16) units.

103. Terra View Partnership, a Limited Partnership, with an address at 1018 Gammon Lane, Suite 100, Madison, Wisconsin 53719, entered into one contract for rental housing at the following project known as:

(i) Terra View Apartments, consisting of twenty (20) units.

104. The Meadows Partnership, a Limited Partnership, with an address at 1018 Gammon Lane, Suite 100, Madison, Wisconsin 53719, entered into one contract for rental housing at the following project known as:

(i) The Meadows Apartments, consisting of sixteen (16) units.

105. Tre-Hoff, A Wisconsin Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Tre-Hoff II Apartments, consisting of twelve (12) units.

106. Upsala Apartments, Incorporated, with an address at 236 Park Road, Staples, Minnesota 56479, entered into one contract for rental housing at the following project known as:

(i) Valley View Apartments, consisting of sixteen (16) units.

107. Village Apartments, a Co-Partnership, with an address at 615 Bluff Avenue, Brainerd, Minnesota 56401, entered into one contract for rental housing at the following project known as:

(i) Village Apartments, consisting of sixteen (16) units.

108. Village Apartments of Germantown Hills, a Limited Partnership, with an address at 120 East Mossville Road, Peoria, Illinois 61615, entered into one contract for rental housing at the following project known as:

(i) Orchard Apartments, consisting of twenty (20) units.

109. Village Apartments of Moncks Corner, a Limited Partnership, with an address at 120 East Mossville Road, Peoria, Illinois 61615, entered into one contract for rental housing at the following project known as:

(i) Village Apartments, consisting of forty (40) units.

110. Village Apartments of New Holstein, a Limited Partnership, with an address at 120 East Mossville Road, Peoria, Illinois 61615, entered into one contract for rental housing at the following project known as:

(i) Village Apartments, consisting of sixteen (16) units.

111. Paul and Sandra Vollan, with an address at P.O. Box 450, c/o Farmer's State Bank, New London, Minnesota 56288, entered into two contracts for rental housing at the following projects known as:

(i) Londonderry Phase I Apartments, consisting of sixteen (16) units; and

(ii) Londonderry Phase II Apartments, consisting of sixteen (16) units.

112. Wakefield Enterprises, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Riverview Apartments, consisting of thirty-two (32) units.

113. Donald and Carol Walcker, with an address at 309 Cedar Path, Hokah, Minnesota 55941, entered into one contract for rental housing at the following project known as:

(i) Como Falls Apartments, consisting of twelve (12) units.

114. Waupun-Guardian Partners, a Limited Partnership, with an address at 1020 Lincoln Avenue, Fennimore, Wisconsin 53809, entered into one contract for rental housing at the following project known as:

(i) Pattee Meadows Apartments, consisting of twenty-four (24) units.

115. Leonard and Shirley Westrom, with an address at 22489 County Road 12, Elbow Lake, Minnesota 56531, entered into two contracts for rental housing at the following projects known as:

(i) Barrett Apartments, consisting of twelve (12) units; and

(ii) Elbow Lake Apartments, consisting of twenty-four (24) units

116. Yakima Apartments Associates, a Limited Partnership, with an address at P.O. Box 1059, Snohomish, Washington 98291, entered into one contract for rental housing at the following project known as:

(i) Sunnyside Manor II Apartments, consisting of twelve (12) units.

**(Party Defendant)**

12. FmHA is an agency of the defendant. At all times relevant to the allegations in this Complaint, FmHA and its respective officials and employees were acting as agents of the defendant. Pursuant to the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994, Pub. L. No. 103-354, § 233, 108 Stat. 3178 (1994), the Secretary of the Department of Agriculture was authorized to establish a successor agency to Farmers Home Administration known as Rural Housing and Community Development

Services ("RHCDS"). Effective January 30, 1996, RHCDS changed its name to Rural Housing Service ("RHS"). (Agency Name Change, 61 Fed. Reg. 2899 (1996).) RHS is itself part of the area within the Department of Agriculture known as "Rural Development." As used herein, "FmHA" shall refer to Farmers Home Administration or its successor agencies, as appropriate.

13. An actual controversy exists between the parties.

**JURISDICTION**

14. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1491.

**BACKGROUND**

15. Prior to the 1960s, Congress sought to provide low-income housing primarily by subsidizing projects developed, owned, and managed by local government public housing authorities. During the 1960s and the 1970s, Congress changed its approach and enacted legislation to encourage private developers to construct, own, and manage large numbers of federally assisted housing units for low- and moderate-income residents.

16. In furtherance of this changed approach, Congress authorized FmHA to make or insure loans to private entities in order to stimulate the private development of federally assisted housing for low- and moderate-income and elderly residents in rural areas of the United States. Congress began this program in 1962 by adding Section 515 to the Housing Act of 1949 (Pub. L. No. 87-723, § 4(b), 76 Stat. 671 (1962)) and expanded its scope in 1968 by adding Section 521 to that Act (Pub. L. No. 90-448, Tit. X, § 1001, 82 Stat. 551 (1968))(now codified at 42 U.S.C. §§ 1485 and 1490a, respectively). Housing projects

subject to Sections 515 and/or 521 of the Housing Act of 1949 are referred to herein as "FmHA projects."

17. Each of the plaintiffs (or their predecessors-in-interest) owning FmHA projects agreed, under Sections 515 and/or 521 of the Housing Act of 1949, as amended, 42 U.S.C. §§ 1485 and 1490a, to construct, rehabilitate, or improve housing projects and to enter into Loan Agreements with FmHA. The Loan Agreements, *inter alia*, imposed significant obligations on plaintiffs regarding the tenants to whom plaintiffs could rent, the rents they could charge, the profits they could receive, and the maintenance and financial operation of each project ("the low income affordability restrictions").

18. Contemporaneous with the execution of the Loan Agreement, and referenced therein, each plaintiff (or its predecessor-in-interest) owning an FmHA project executed, *inter alia*, a Promissory Note and Real Estate Mortgage. In executing the Promissory Note, each plaintiff promised to pay to the order of the Government, in scheduled installments, the entire principal due pursuant to the Loan Agreement, together with interest at a specified rate. The Promissory Note provided, *inter alia*, "Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower."

19. By signing the Loan Agreements and the Promissory Notes referenced therein, plaintiffs promised, *inter alia*, (i) to construct and maintain housing in accordance with FmHA's specifications; (ii) to use their FmHA projects for the purpose of housing people eligible for occupancy as provided by Section 515 and appropriate FmHA regulations; (iii) to charge no higher rents than those permitted by FmHA; (iv) to make timely payments on their mortgages; and (v) to maintain certain cash reserves. In exchange, the Government agreed to

allow plaintiffs to free themselves of FmHA's regulatory strictures in accordance with the contractual provisions of the Promissory Notes subject to FmHA's present regulations and to its future regulations not inconsistent with the express provisions of the Notes.

20. The Loan Agreements obligate the plaintiffs to operate their housing projects in accordance with FmHA regulatory strictures only so long as plaintiffs' indebtedness and other obligations under the Promissory Note, Real Estate Mortgage, and any related agreement remain unsatisfied. Thus, a plaintiff's obligation under the Loan Agreement to operate its housing project in accordance with FmHA regulations expires upon that plaintiff's prepayment in full of its indebtedness and satisfaction of any related obligations.

21. Consistent with the language of the Promissory Note, FmHA regulations codified at, *inter alia,* parts 1865, 1866, and 1965, implementing Section 502 of the Housing Act of 1949, 42 U.S.C. § 1472, permitted plaintiffs to prepay their mortgages at any time at their option, so long as they and their successors in interest continued to comply with the restrictive-use clause, if any, contained in the Real Estate Mortgage.

22. Accordingly, plaintiffs were entitled under their Loan Agreements with FmHA, FmHA's regulations, and their respective Promissory Notes, to terminate their contracts by prepaying their mortgages at any time at their option to enable them to go to market and maximize their return on investment.

23. Notwithstanding plaintiffs' contractual right to terminate their participation in the Government's housing programs, the Government repudiated its obligation to recognize plaintiffs' right by enacting the legislation described below.

## CONGRESSIONAL ACTION

### The 1988 Legislation

24. On February 5, 1988, Congress imposed restrictions on prepayment repudiating the right of pre-1979 FmHA contract holders to exercise their contractual termination right at any time at their option by enacting Title II of the Housing and Community Development Act of 1987. (Pub. L. No. 100-242, 101 Stat. 1877 (1988), cited as the Emergency Low Income Housing Preservation Act of 1987 (codified as amended at 42 U.S.C. § 1472(c) and 12 U.S.C. § 1715*l* note)("the 1988 legislation" or "ELIHPA").) Congress made certain findings in the 1988 legislation, including but not limited to the following:

> (i) some 150,000 units of rural low income housing financed under section 515 of the Housing Act of 1949 [i.e., FmHA housing units] are threatened with loss as a result of the prepayment of mortgages by owners;
>
> (ii) the loss of this privately owned and federally assisted housing would occur in a period of sharply rising rents on unassisted housing and extremely low production of additional low rent housing;
>
> (iii) a major review of alternative responses to this threatened loss of affordable housing is now being undertaken by numerous private sector task forces as well as State and local organizations;
>
> (iv) until the Congress can act on recommendations that will emerge from this review, interim measures are needed to avoid the irreplaceable loss of low income housing and irrevocable displacement of current tenants.

The 1988 legislation, Section 202(a).

**(The 1988 Legislation's Prepayment Restrictions For Pre-1979 FmHA Contracts)**

25. Congress estimated that a large portion of the 367,000 units owned by both pre-1979 and post-1979 loan holders and originating between 1963 and 1985 were vulnerable to being prepaid during the few years following 1988. Post-1979 FmHA loan holders, however, unlike pre-1979 loan holders, already were contractually required to maintain their projects as low- and moderate-income housing for fifteen (15) or twenty (20) years. Thus, until such time as Congress could act on recommendations resulting from the continuing reviews of alternative responses to the perceived imminent loss of affordable housing and devise a permanent solution for all FmHA loans, the 1988 legislation confined itself to dealing only with the pre-1979 FmHA loans, i.e., those FmHA loans originating from 1963 to 1979.

26. The 1988 legislation contained measures designed to place the pre-1979 FmHA contract holders "on the same playing field" as the post-1979 FmHA contract holders already subject to a restrictive-use clause. For example, a pre-1979 FmHA contract holder could avoid a forced sale of its project by agreeing to extend its low-income use for a period of not less than twenty (20) years from the date of loan origination. The 1988 Legislation, Section 241.

27. Although denominated as an "interim measure," the 1988 legislation specifically amended existing law -- Section 502(c) of the Housing Act of 1949 -- and did not expire automatically. Instead of repealing the "interim measures" directed at pre-1979

FmHA contract holders, Congress devised, in 1992, a permanent response for all FmHA loans, including those post-1979 loans with contractual termination rights.

28. Consistent with the provisions of existing post-1979 FmHA contracts containing restrictive-use clauses, the 1988 legislation recognized the contractual right of post-1979 FmHA loan holders to terminate their contracts by prepaying their loans at any time at their option provided that the projects were maintained as low- and moderate-income housing for a period of fifteen (15) or twenty (20) years from the date of loan origination.

29. Contrary to the provisions of pre-1979 FmHA contracts, the 1988 legislation repudiated the contractual right of FmHA contract holders to terminate their contracts at any time at their option. The 1988 Legislation, Section 241.

**The 1992 Legislation**

30. On October 28, 1992, Congress amended Section 502(c) of the Housing Act of 1949 by enacting the Housing and Community Development Act of 1992 (Pub. L. No. 102-550, § 2 & Tit. VII, § 712, 106 Stat. 3681, 3841 (1992)(codified in relevant part at 42 U.S.C. § 1472(c))("the 1992 legislation or Title VII").) This amendment eliminated the interim measure status of the 1988 legislation's provisions repudiating the contractual right of pre-1979 FmHA loan holders to terminate their contracts at any time at their option.

31. In addition to making permanent the temporary repudiation of the contractual termination rights of pre-1979 FmHA loan holders, the 1992 legislation made permanent for all contracts formed before 1989 the restrictions that ELIHPA had imposed on pre-1979 FmHA contracts. (42 U.S.C. § 1472(c)(4)(A), as amended.)

32. For the first time, the 1992 legislation permanently applied ELIHPA's restrictions to all FmHA contracts entered into before 1989. The statute made no exception for contracts entered into before 1979, nor did it single out (as ELIHPA had done for pre-1979 contracts) any special treatment for those contracts entered into between 1979 and 1989. Thus, the 1992 legislation, signed into law by the President on November 2, 1992, together with implementing regulations, permanently repudiates the contractual termination right of any FmHA loan holder who chooses to terminate its contract.

33. Pursuant to the 1992 legislation, holders of both pre-1979 and post-1979 FmHA contracts are permitted to terminate their contracts by prepaying their loans only in accordance with specified, non-contractual restrictions, including but not limited to the requirement that, before accepting any offer to prepay, the Secretary must make reasonable efforts to enter into an agreement to extend the low-income use of FmHA projects for not less than a period of twenty (20) years beginning on the date the agreement is executed. The 1992 Legislation, Section 712, 42 U.S.C. § 1472(c)(4)(A).

34. The 1992 legislation authorizes FmHA, subject to various conditions and at its discretion, to offer limited, specified "incentives" to holders of FmHA contracts which, along with the threat of the forced property sales discussed below, are designed to induce said contract holders to extend the low-income use of their projects. In general, the incentives allowed owners whose projects satisfied various guidelines to apply for: (i) increases in the rate of return on investment; (ii) reductions of the interest rate on the mortgage loan; (iii) additional rental assistance; and (iv) an equity loan. 42 U.S.C. § 1472(c)(4)(B).

35. The appraisal guidelines used by FmHA to determine incentives are inconsistent with standard appraisal guidelines and result in value determinations below fair market value.

36. For those FmHA project owners unwilling or unable to extend their participation in the Government's housing programs by acquiescing to the "incentives" outlined above, the 1992 legislation provides for forced sales of said owners' properties to nonprofit organizations or public agencies approved by FmHA which are required to maintain the projects as low income housing, subject to FmHA's approval of financial assistance to the prospective purchasers. Under the lengthy, cumbersome, and costly procedures required, such owners are required to offer their properties for sale to such purchasers for an extended period without receiving "incentives" or any other compensation. 42 U.S.C. § 1472(c)(5)(A) - (F).

37. Such forced sale proceedings can be avoided only if (i) the FmHA project owner agrees to continue to operate its project as low-income housing for a period determined by the Secretary, but not less than twenty (20) years from the date of loan origination, and to subject itself to the forced sale proceeding at the end of that period; or (ii) if the Secretary determines that housing opportunities for minorities will not be materially affected as a result of the prepayment and that either (a) tenants will not be displaced; or (b) there is an adequate supply of affordable rental housing within the market area of the housing that is assured of being made available to all current tenants. 42 U.S.C. § 1472(c)(5)(G).

## Material Terms

38. Plaintiffs' contractual right to terminate their contracts at any time at their option was a material term of their contracts. In the absence of this contractual termination right, plaintiffs would not have entered into their contracts with FmHA. But for the legislation repudiating plaintiffs' contractual termination right, plaintiffs would achieve their option of terminating their contracts on those dates that would maximize their investment return on their properties, or on such other dates as they deem appropriate given their individual circumstances.

39. Plaintiffs have complied fully and in good faith in all material respects with the terms and conditions of their contracts and have otherwise fully performed their undertakings in connection therewith.

## THE IMPACT OF THE REPUDIATING LEGISLATION UPON PLAINTIFFS

40. The statutory scheme under the 1988 and 1992 legislation and FmHA's implementing regulations repudiate the contractual right of FmHA project owners to terminate their contracts at any time at their option in part by (i) compelling them to extend the low-income use of their projects; and (ii) subjecting them to forced sales of their properties. The Government's repudiation does not constitute a failure to carry out any immediate duty of present performance unless and until the date of Government performance required by each contract arrives, i.e., the date that any FmHA contract holder would have achieved its option of terminating its contract but for the Government's repudiation. Thus, the Government's scheme constitutes an anticipatory repudiation of the plaintiffs' contractual termination right.

41. The legislation complained of herein also results in a taking of plaintiffs' property for public use without just compensation. By requiring plaintiffs to house low-income tenants and to accept new low-income tenants, the Government has (i) conscripted plaintiffs' properties for public use; (ii) physically invaded or authorized others to physically invade plaintiffs' properties; and (iii) deprived plaintiffs of their distinct investment-backed expectations with regard to their properties, all without providing any just compensation.

## DAMAGES

42. As a consequence of the Government's conduct, certain plaintiffs have submitted applications for prepayment and/or an offer of incentives from the Government. The Government has in every instance refused to accept prepayment from plaintiffs pursuant to the provisions of their contracts. Some plaintiffs have been compelled to change their position to their detriment in reliance upon the Government's repudiation, including accepting incentives and transferring their properties to third parties in lieu of a sale at fair market value. In light of the Government's repudiation, other plaintiffs have foregone submitting any prepayment application because of the futility of doing so.

43. As a consequence of the Government's conduct, certain plaintiffs have met with, or otherwise made inquiries of, FmHA officials regarding prepayment of their loans. Said Government officials have repeatedly represented to plaintiffs that prepayment will not be accepted. In some cases, Government officials have stated that it is not worthwhile even to file a prepayment application. Further, Government officials who are in positions of authority, trust, and confidence with respect to plaintiffs have represented to certain plaintiffs that they do not have and never had a contractual right to prepayment, that their contracts

were subject to all future regulatory changes, including prepayment prohibitions, and have made various other misrepresentations and misstatements of fact.

44. The incentives potentially provided by the 1992 legislation and implementing regulations fall far short of compensating plaintiffs for the damages they have suffered and will continue to suffer as a result of the Government's repudiation of its contracts with plaintiffs, and would not provide just compensation to plaintiffs for the taking of their property for public use.

45. FmHA has acted arbitrarily and capriciously and not in accordance with law by failing to promulgate regulations and appraisal guidelines that justly compensate plaintiffs for the damages they have suffered and for the taking of their property for public use.

46. As a result of the Government's repudiation of their contractual termination right, plaintiffs have been (i) deprived of their right to use or dispose of their property as they see fit; (ii) compelled to allow the Government to use or authorize others to purchase and use their property to fulfill the Government's undertaking to provide low cost rental housing to a segment of the public meeting Government eligibility standards; and (iii) required to continue to comply with the costly restrictions and obligations imposed upon them by their Loan Agreements.

47. But for the Government's conduct, certain plaintiffs would have terminated their contracts by prepaying their mortgage loans and/or selling their properties to third parties. The Government has deprived and will deprive these plaintiffs of earnings on the sales of their properties because its repudiation of plaintiffs' contractual termination right has prevented any prepayment, and consequently any sale, from taking place.

48. But for the Government's conduct, certain plaintiffs would have terminated their contracts by prepaying their mortgage loans and converting their properties into commercial housing for which they could obtain rents at market rates in excess of the rents chargeable to low- and moderate-income tenants under the Government's programs. The Government has deprived and will deprive these plaintiffs of the value of increased rents they would receive because its repudiation of plaintiffs' contractual termination right has prevented any prepayment, and consequently any increase in rents, from taking place.

49. All plaintiffs have suffered other, additional damages including without limitation the lost opportunity costs associated with investment and business opportunities plaintiffs have been foreclosed from pursuing by virtue of their inability to exercise their contractual right to terminate their contracts at any time at their option.

**COUNT ONE**

(Breach of Contract)

50. Plaintiffs incorporate paragraphs 1 through 49 by reference as if fully set forth herein.

51. Defendant's legislation anticipatorily repudiated the contract between the defendant and each of the plaintiffs. The Government's anticipatory repudiation has deprived and will deprive each plaintiff of its contractual right to terminate its contract at any time at its option before the expiration date of its forty (40) or fifty (50) year contract term. The Government's anticipatory repudiation constitutes a breach of each plaintiff's contract as of the date of Government performance required by each contract, i.e., the date that each plaintiff would terminate its contract but for the Government's repudiation.

52. As a direct and proximate result of defendant's conduct, plaintiffs have been damaged in an amount which will be proven at trial. Plaintiffs are continuing to suffer injury and resulting damages each day that they are denied the ability to exercise their contractual termination right and go to market with their properties at any time at their option.

## COUNT TWO

(Just Compensation)

53. Plaintiffs incorporate paragraphs 1 through 52 by reference as if fully set forth herein.

54. As of the date of Government performance required by each contract entered into between defendant and the plaintiffs, defendant's conduct constitutes a taking of plaintiffs' real and intangible property interests for public use and requires payment to plaintiffs of just compensation under the Fifth Amendment to the U.S. Constitution.

55. Plaintiffs are entitled to just compensation for the taking of their properties in an amount which will be proven at trial. Plaintiffs are continuing to suffer injury and resulting damages each day that they are denied the ability to exercise their contractual termination right and go to market with their properties at any time at their option.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs pray for judgment as follows:

## AS TO COUNT ONE

1. That the Court award plaintiffs monetary relief for the damages suffered to date and for the damages plaintiffs continue to suffer as a result of defendant's breaches of plaintiffs' contracts, in an amount to be determined at trial.

**AS TO COUNT TWO**

2. That the Court award plaintiffs just compensation during the period during which plaintiffs' properties have been taken for public use by defendant, in an amount to be determined at trial.

**AS TO ALL COUNTS**

3. That the Court award plaintiffs their attorneys' fees and expenses as allowed pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 et seq., the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c), and other applicable law.

4. That the Court award plaintiffs their costs and interest as allowed by law.

5. That the Court grant such other and further relief as the law and the evidence may justify and as the Court may deem just and proper.

Respectfully submitted,

Dated: September 29, 2003

By: Jeff H. Eckland / by Mark J. Brooks

Jeff H. Eckland
Attorney For Plaintiffs

FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7060
Telecopy: (612) 766-1600

Of Counsel:
William L. Roberts
Mark J. Blando
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Telecopy: (612) 766-1600

M2:20514900.05