IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

A.F.T.E.R. Incorporated, et al.

Case No. 03-2264C
(Judge Braden)

Plaintiffs,

vs.

United States of America,

Defendant.

**Declaration of Curtis Hogenson**

I, Curtis Hogenson, declare as follows:

1. I am a partner of Plaintiff R&R Investors in the lawsuit entitled A.F.T.E.R. Incorporated, et al. v. United States of America, File No. 03-2264C.

2. On December 4, 1984, the R&R Investors Partnership ("Partnership") purchased Maranatha Inn located in Royalton, Minnesota. Maranatha Inn is a single building comprised of 25 one bedroom units and a large social room. The Partnership at the time consisted of Gerald Berger (managing partner/now deceased), Diane Larson, Norman Arvidson (now deceased) and Robert Abel (no longer a partner) (collectively, "Original Partnership"). The purchase price was $610,050.

3. As stated in the Second Amended Complaint for Breach of Contract and Just Compensation ("Second Amended Complaint"), Congress enacted legislation in 1988 and 1992 which eventually damaged the Partnership by decreasing the market value of Maranatha Inn.

4. The Original Partnership sold Maranatha Inn to David and Mary Klug on April 1, 2000 for a selling price of $485,000. The Original Partnership was damaged because the price was dramatically decreased as a consequence of the 1988 and 1992 legislation as more fully set out in the Second Amended Complaint.

5. As a part of the sale of Maranatha Inn, the original partners in the Original Partnership sold their ownership interests in the Partnership to the Klugs.

6. On November 20-21, 2002, Gerald Berger as a representative of the Original Partnership attended a meeting by Counsel of Record Jeff Eckland with respect to the case.

7. On November 30, 2002, Gerald Berger whose address was 2535 South Shore Blvd., White Bear Lake MN 55110 sent a letter on behalf of the Original Partnership to Counsel of Record Jeff Eckland informing him of the principal relevant facts stated above in paragraphs 2, 3, 4 and 5. A copy of the November 30, 2002 letter is attached hereto as Exhibit A.

8. On January 24, 2003, Counsel of Record Jeff Eckland sent a letter to Gerald Berger offering representation to the Original Partnership including a Contingency Fee Agreement. A copy of the January 24, 2003 letter is attached hereto as Exhibit B.

9. In the January 24, 2003 letter, Counsel of Record Jeff Eckland wrote that Gerald Berger would be the "key contact person" and he expected Gerald Berger to ensure his "general and limited partners (if any) and all other relevant business associates, will receive copies of such mailings and be otherwise apprised."

10. On February 4, 2003, Gerald Berger sent a letter to the partners in the Original Partnership explaining the terms of Counsel of Record Jeff Eckland's offer of representation to the Original Partnership including the Contingency Fee Agreement. A copy of the February 4, 2003 letter is attached hereto as Exhibit C.

11. Gerald Berger and Curtis Hogenson signed the Contingency Fee Agreement on behalf of the Original Partnership on or about February 10, 2003. The executed Contingency Fee along with a $1,250 retainer deposit was sent to Counsel of Record Jeff Eckland. A copy of the executed Contingency Fee Agreement is attached hereto as Exhibit D.

12. The Contingency Fee Agreement prepared by Counsel of Record Jeff Eckland and sent to Gerald Berger listed "R&R Investors", that is the Original Partnership, as "Client." The Contingency Fee Agreement indicated that the Client employed the Firm (Faegre & Benson) to represent the Client. Gerald Berger and Curtis Hogenson signed the Contingency Fee Agreement as General Partners of "R&R Investors" – the Original Partnership.

13. On September 30, 2003, Counsel of Record Jeff Eckland identified the Original Partnership as the Plaintiff in Complaint for Breach of Contract and Just Compensation ("Complaint") filed that day:

> (91) R&R Investors, A Limited Partnership[1]
> 2535 South Shore Boulevard
> St. Paul MN 55110

14. Counsel of Record Jeff Eckland identified the Original Partnership as the Plaintiff in paragraph 91 of the Complaint:

> 91. R&R Investors, a Limited Partnership, with an address at 2535 South Shore Boulevard, St. Paul MN 55110, entered into one contract for rental housing at the following project known as:
>
> (i) Maranatha Inn Apartments, consisting of twenty-five (25) units.

15. On January 9, 2004, David Klug as managing partner of the successor owners of R&R Investors Partnership acknowledges that the Original partners of R&R Investors Partnership – not the successor partners – owned all right, claim and interest to this lawsuit and all proceeds from this lawsuit:

> Diane Larson
> Former Partner, R&R Investors Et. Al.
>
> Dear Diane:
>
> In the event that R&R Investors, now owned by me, receives any funds through litigation started by past partner, Gerald Berger, I will assign any and all interest received to those checks and to any law suit proceeds to the Original partners of R&R Investors.
>
> At the time any funds are received from me, I will direct the return of any funds to you, so that you may do disbursal according to your partnership agreement.
>
> Sincerely,
>
> David Klug
> Managing Partner
> R&R Investors

[1] The identification of the Original Partnership on the Complaint appears imprecise in one regard. It appears, under Minnesota law, that the Original Partnership was not a "limited partnership."

A copy of the January 9, 2004 letter is attached hereto as Exhibit E.

16. On February 27, 2004, Counsel of Record Jeff Eckland identified the Original Partnership as the Plaintiff in Complaint for Breach of Contract and Just Compensation ("Amended Complaint") filed that day:

> (92) R&R Investors, A Limited Partnership
> 2535 South Shore Boulevard
> St. Paul MN 55110

17. Counsel of Record Jeff Eckland identified the Original Partnership as the Plaintiff in paragraph 92 of the Amended Complaint:

> 92. R&R Investors, a Limited Partnership, with an address at 2535 South Shore Boulevard, St. Paul MN 55110, entered into one contract for rental housing at the following project known as:
>
> (i) Maranatha Inn Apartments, consisting of twenty-five (25) units.

18. Upon information and belief, on or about May 3, 2004, David and Mary Klug sold the Maranatha Inn and their ownership interest in R&R Investors Partnership to JJS Property Management d/b/a R&R Investors and/or Paul Strangis.

19. On September 6, 2004 -- after Counsel of Record Jeff Eckland left Faegre & Benson, LLP to start Eckland & Blando, LLP – Gerald Berger as Managing Partner wrote a letter to Jack M. Fribley of Faegre & Benson requesting that Jeff Eckland of Eckland & Blando, LLP be Counsel of Record and that the client file be transferred. A copy of the September 6, 2004 letter is attached hereto as Exhibit F.

20. On December 22, 2004, Counsel of Record Jeff Eckland identified the Original Partnership as the Plaintiff in Complaint for Breach of Contract and Just Compensation ("Second Amended Complaint") filed that day:

> (92) R&R Investors, A Limited Partnership
> 2535 South Shore Boulevard
> St. Paul MN 55110

21. Counsel of Record Jeff Eckland identified the Original Partnership as the Plaintiff in paragraph 92 of the Second Amended Complaint:

> 92. R&R Investors, a Limited Partnership, with an address at 2535 South Shore Boulevard, St. Paul MN 55110, entered into one contract for rental housing at the following project known as:
>
> (i) Maranatha Inn Apartments, consisting of twenty-five (25) units.

22. Counsel of Record Jeff Eckland specified facts regarding the Original Partnership in paragraph 135 of the Second Amended Complaint:

> 135. R&R Investors, a Limited Partnership: (i) regarding Maranatha Inn Apartments, a pre-1979 property, plaintiff planned to prepay its FmHA mortgage without restrictions and raise rents on or about 12/02/97. As a result of the meeting, or otherwise communicating, with agency officials regarding prepayment of its mortgage loan, said plaintiff did not submit any prepayment request at that time because of the futility of doing so. Plaintiff has not been [sic] permitted to raise rents to market rate rent levels.

23. In 2006, JJS Property Management d/b/a R&R Investors, 2330 Troop Drive #103, Sartell MN 56377, and/or Paul Strangis – who purchased the property and partnership on or about May 3, 2004 -- have claimed that they are the plaintiffs in the case – not the Original Partnership.

24. It has been my understanding that RCFC 17 (b) provides that partnerships or other unincorporated associations, like the Original Partnership, who otherwise might lack the capacity to sue under applicable law, may, nonetheless, sue in their own name to enforce a "substantive right existing under the Constitution or laws of the United States." That is what the Original Partnership did as evidenced by the Complaint, Amended Complaint and Second Amended Complaint.

25. It is also my understanding that RCFC 25(c) permits an action, if there is a transfer of interest, to "be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

26. Recently, Faegre & Benson, working with Counsel of Record Jeff Eckland, identified a conflict and informed Curt Hogenson that different counsel was required.

27. So, the Original Partnership has hired Erick G. Kaardal of Mohrman & Kaardal, P.A. authorizing Erick G. Kaardal to file the accompanying motion to substitute as Counsel of Record for R&R Investors, that is the Original Partnership.

I, Curt Hogenson, understand this declaration is made under the provisions of 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 5, 2007

Curtis O. Hogenson

YR 02 #4

Gerald A Berger
2535 South Shore Blvd
White Bear Lake, MN 55110
Telephone: 651-429-3094

November 30, 2002

Re Maranatha Inn, Royalton, MN,

Jeff Eklund
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

Dear Mr Ecklund,

As briefly discussed previously at our meeting of November 20-21, 2002 at the Ramada Inn Airport at Mall of America, I requested that Maranatha Inn be included in the litigation now underway, described as Franconia Associates, et al vs. United States

Maranatha Inn, located in Royalton MN, is a single building comprised of 25 one bedroom apartments and a large social room This property was purchased on December 4, 1984 by our general partnership called R&R Investors Partnership which was comprised of Gerald Berger (managing Partner), Diane Larson, Curtis Hogenson, Norman Arvidson (now deceased), and Robert Abel, (now no longer a partner) The purchase price at the date of purchase was $610,050

R&R Investors subsequently sold Maranatha Inn on April 1, 2000 for a selling price of $485,000 The Reserve Account totaling $53,996 19 was transferred gratis to the buyer as required by the USDA The selling agent was sternly told by the USDA at the Waite Park, MN office that the USDA mortgages on the property could not be prepaid, in order to take the property out of the USDA program The selling agent described the statement of the FmDA person as blunt, stern, and without any toleration of discussion on this matter

It would be appreciated if you would include the Maranatha Inn property in the Franconia Associates, et al vs United States litigation currently underway

If you need anything more at this time, please advise

Sincerely,

Gerald A Berger

Gerald A Berger

EXHIBIT
A

YR03 #2
(NO YR03 #1)

FAEGRE & BENSON LLP

2200 WELLS FARGO CENTER, 90 SOUTH SEVENTH STREET
MINNEAPOLIS, MINNESOTA 55402-3901
TELEPHONE 612 766 7000
FACSIMILE 612 766 1600

JEFF H ECKLAND
jeckland@faegre.com
612 766 7060

January 24, 2003

Gerald Berger
19602 132nd Dr. N
Sun City West, AZ 85375

Re: FmHA/HUD Tucker Act Housing Litigation

Dear Jerry:

As we discussed, enclosed please find information regarding the litigation and the Contingent Fee Agreement(s), which I trust meets with your approval. Please return a fully signed Agreement to me, for each property with which you are affiliated, along with a deposit of $50.00 per unit (maximum of $2,000 per mortgage). For your reference, the total amount due for your property or properties is set forth on page two of the Agreement(s). We plan to file the lawsuit by January 31, 2003, so please return the Agreement(s) and your check(s) as soon as possible.

Please know that from now on you will be regarded as the "key contact" person for each project. This means that you will be the person designated to receive all future mailings regarding the litigation and other developments. We will look to you to ensure that your general and limited partners (if any), and all other relevant business associates, will receive copies of such mailings and be otherwise apprised – by you – of future developments.

Should you have any questions or comments, please feel free to call.

Best regards.

Very truly yours,

Jeff H. Eckland

JHE:crict
Enclosures
M2:20514043.01



EXHIBIT
tabbies
B

100461

YR03 #3

Gerald Berger
2535 South Shore Blvd.
White Bear Lake, MN 55110

February 4, 2003

To: Diane Larson
2929 Aurora Lane
St. Cloud, MN 56303

To: Curtis Hogenson
860 South Syndicate
St. Paul, MN 55116

About four years ago the Partners of Albany Apartments partnership decided to become part of and invest in a legal suit against the government with a well known Minnesota law firm, Faegre and Benson LLP. This law firm was instrumental in putting together their law suit in behalf of quite a number of owners of FmHA low income housing.

At issue was the prior Act of Congress that nullified the provision of the FmHA contract with the project owners, that heretofore had given the project owners the right of unfettered ownership with a right of unfettered salability of the property at market if the property owners previously paid off the Fm HA mortgage prior to sale.

The Act of Congress cancelled this original contract provision and thereby reduced the market balue of the property as well as potential operating income in many cases.

As the attached information from Faegre and Benson LLP shows, the law suit filed in one FmHA low income housing case went all the way to the US Supreme Court. As shown in the attachments the US Supreme Court unanimously sided with the USDA project owners.

Now Faegre and Benson has already been filing cases with the courts to determine damages.

At a two- day seminar with Faegre and Benson that I attended, I was able to get the law firm, at this late date, to agree to take on Maranatha Inn as a client in determining damages. The attorney believes damages could lead to many thousands of dollars for project owners.

A retainer of $1250 is required. I can't predict but it is possible that another retainer will be required if the case drags on. Albany Apartments, over the last four years, paid two retainers with a greater risk of the courts being negative to us.

EXHIBIT
tabbies
C

I think this is a great opportunity for us, as previous project owners, to collect substantial damages

As you know, Norman Arvidson, as a previous partner/ owner, died last year. This occurred after Arvidson was totally paid off by the buyer, David Klug Norman Arvidson's partnership interest was 22%.

As you are already aware, the other partnership shares are still shown as follows:

Diane Larson 26%
Curt Hogenson 21%
Gerald Berger 31%

To bring this ownership distribution up to date I would suggest a proportionate percent change as follows to total 100%.

Diane Larson 32%

Curt Hogenson 28%

Gerald Berger 40 %

I have already discussed the litigation matter with Diane Larson who is as anxious as I am, to get this going Each of you would therefore need to immediately sign the $1250 Contingent Fee agreement and contribute as follows: Diane Larson $400, Curt Hogenson $350 and Gerald Berger $500 Please send your check payable to me, sign the contract and return both to me as quickly as possible I will send a single check to the attorney for the Partnership

If you do not wish to participate please send me a note to that affect as soon as possible and return the unsigned documents.

I am presently in Arizona until May 5 and my present address is 19602 N. 132 Drive, Sun City West, Arizona, 85375 Send it here My telephone number is 623-546-1083

Sincerely,

Gerald G. Berger

Gerald Berger

# CONTINGENT FEE AGREEMENT

THIS AGREEMENT entered into the ______ day of ___________, 2003, by and between the Law Firm of FAEGRE & BENSON LLP, hereinafter referred to as Attorneys or Attorney, and R & R INVESTORS, hereinafter referred to as Client, with respect to the following property or properties owned by Client: Maranatha Inn (25 Units)

NOW THEREFORE, in consideration of the covenants and conditions herein contained, it is agreed:

Client employs Attorneys to represent Client as his/her/its Attorney at Law regarding the following matter:

FmHA Tucker Act Housing Claims

Client will join a lawsuit to be filed in the United States Court of Federal Claims similar in kind to lawsuits filed by Attorneys on behalf of the existing clients of Attorneys who are plaintiffs in lawsuits including *Adams v United States*, No 96-699C; *Allegre Villa v United States*, No 98-823C; *Bellas Domas v. United States*, No 98-826C; *Franconia Associates v United States*, No 97-381C; and *Grass Valley Terrace v. United States*, No 00-5094 All such clients of Attorneys, together with any additional clients retained by Attorneys in the subject matter, shall constitute the Tucker Act FmHA Housing Claims Client Group ("Client Group") The client acknowledges that the Client Group is represented by a Claimants Committee comprised of existing members of the Client Group, and that said committee is governed by an Executive Board As explained further below, all clients in the Client Group shall share in the costs incurred in this matter

Said Attorneys are authorized to negotiate settlement of said claims, to sue on said claims, and to prosecute the same to judgment In addition, Attorneys are authorized to enter into a settlement agreement(s) with the United States regarding the Client's claims provided that Attorneys receive authorization for any such settlement from the Client Group, by and through its Claimants Committee or the Executive Board of said Committee. The Client hereby agrees to make no settlement or offer of settlement without the consent of the Attorneys and the Claimants Committee or its Executive Board.

Of any recovery obtained, either as a result of an action, through compromise, or otherwise, Client agrees to pay to Attorneys, as follows:

> 33 - 1/3% of the value of all recoveries if a collection is made pursuant to settlement or judgment.

EXHIBIT

D

Said percentage of Attorneys' fees shall be determined from amounts of money recovered, or in the event that no money recovery is had by Client, and other recovery is made, or that some money recovery is had by Client in combination with the obtaining of some other recovery, then said percentage shall be determined by the value of said recovery and money, if any

In addition to the percentage above, all "out of pocket" costs incurred in connection with Client's case shall be paid by Client and shall be paid in advance unless other arrangements are made with Attorneys Costs shall include, but are not limited to, expenses for: telephone charges, postage, service of process, investigation, paralegal services, research, travel, photocopying, transcripts, witness fees including expert witnesses, deposition costs, associated counsel, and any other expenses necessary and reasonably connected with the pursuit of Client's cause of action. If any costs are outstanding at the time of collection of judgment or settlement, the Attorneys shall be reimbursed said costs from the Client's share of the collection of judgment or settlement If no recovery is obtained, no Attorneys' fees shall be payable to said Attorneys, but Client shall still pay to the Attorneys necessary costs incurred Associated counsel may be employed at the discretion of the Attorneys

In recognition of this Agreement and as initial payment for the above Attorneys' costs, a retainer of $1,250 00 is hereby paid by the Client and acknowledged as received by the Attorneys. These funds will be placed in a trust account and drawn on as needed to pay for the costs of the litigation, associated with any and all properties owned by Client, through Cost Assessments made on the trust account. Each time that an assessment is made by Attorneys, a notice will be provided to the Client stating the amount withdrawn and the amount remaining in the account Attorneys may also request additional retainers from Client to deposit into the account as deemed necessary by Attorneys to pay for future costs

The Client acknowledges that a significant amount of work already has been accomplished by Attorneys while representing the existing members of the Client Group that will redound to the direct benefit of the Client, and that various Cost Assessments already have been made on the existing trust account The Client thus agrees to share in the prior cost assessments made in this matter in a manner to be approved by the Claimants Committee or its Executive Board The Client also acknowledges that Attorneys will make additional assessments in the future, and agrees to share in all future assessments along with the existing members of the Client Group

The Client may terminate Attorneys' employment or direct that the Client's cause of action be dismissed, and the Attorneys may withdraw from Client's representation. In the event of any such termination, dismissal, or withdrawal, however, Attorneys shall be entitled to Attorneys' fees at the applicable hourly rates charged by the Attorneys, costs, and expenses accrued to the date of termination, dismissal, or withdrawal

IN WITNESS WHEREOF, Attorney and Client have executed this Agreement as of the day, month, and year above written.

CLIENT R & R Investors

Gerald A. Berger

Its General Partner

Curtis O. Hogenson

Its General Partner

ATTORNEY

R Curt Hogenson [illegible]

CURTIS HOGENSON
JO ANN HOGENSON
860 SYNDICATE ST S 651-698-5783
ST PAUL, MN 55116-2226

9006

M2:20517301 01

2-10-03
DATE

17-2/910 140

PAY TO THE ORDER OF Gerald Berger $ 350.00

Three Hundred Fifty + no/100 DOLLARS

usbank. Five Star Service Guaranteed
www.usbank.com

FOR Fee agreed Benson / 28%

Curtis Hogenson

:091000022: 1991800313870 9006

HARLAND 2001

IN WITNESS WHEREOF, Attorney and Client have executed this Agreement as of the day, month, and year above written.

CLIENT R & R Investors

Gerald A. Berger

Its General Partner

Curtis O. Hogenson

Its General Partner

ATTORNEY

K Curt Hogenson sign here

M2:20517301 01

Client - sign here & Return Page to G Berger

&

...rtis Hogenson
Syndicate St. S
Paul MN 55116

Gerald Berger
19602 N. 132 Drive
Sun City West, AZ 85375

David Klug
R&R Investors
4661 45th Avenue SE
St Cloud, MN 56304

January 9, 2004

Diane Larson
Former Partner, R&R Investors ET Al

Dear Diane:

In the event that R&R Investors, now owned by me, receives any funds through litigation started by past partner, Gerald Berger, I will assign any and all interest received to those checks and to any law suit proceeds to the original partners of R&R Investors

At the time any funds are received from me, I will direct the return of any funds to you, so that you may do disbursal according to your partnership agreement

Sincerely,

David Klug
Managing Partner
R&R Investors

EXHIBIT
E

yr 04 # 6

Gerald A. Berger
2535 South Shore Blvd.
White Bear Lake, MN 55110

September 6, 2004

To: Faegre and Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 5402-3901

Attention: Mr Jack M. Fribley

This hereby informs and requests Faegre and Benson LLP that Albany Apartments Partnership and R&R Investors Partnership (Maranatha Inn) cases be transferred to Jeff Ecklund as attorney of record for the above cases, as decided upon by the U S Supreme Court in the Franconia Associate case.

I have not received the election form that you state in your letter of August 23, 2004 as having been sent to me. I expect this letter to be sufficient for the transfer of Attorneys. If you still want me to sign these forms please send them and I will sign them.

Sincerely,

Gerald A. Berger

Gerald A. Berger
Managing Partner

Cc /Ecklund and Blando
Attorneys at Law
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402

EXHIBIT
F

100404