**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

A.F.T.E.R. Incorporated, *et al*.,

Plaintiffs,

v.

United States,

Defendant.

**Case No. 03-2264C**
**(Judge Susan G. Braden)**

**RESPONSE TO MOTION TO SUBSTITUTE COUNSEL OF RECORD**

**INTRODUCTION**

Curtis Hogenson is a former partner of R&R Investors ("R&R"), a plaintiff in the above-captioned action.[1] On October 5, 2007, Erik G. Kaardal, Esq., on behalf of Mr. Hogenson and purportedly on behalf of R&R, filed this Motion to Substitute Counsel. Mr. Hogenson also filed on October 11, 2007, an Amended Motion to Substitute Counsel of Record. Jeff H. Eckland, R&R's attorney of record, hereby timely responds under RCFC 83.1(c)(4) to the Motion and Amended Motion.

Mr. Hogenson's motion is the result of an unfortunate dispute between and among current and former partners regarding entitlement to settlement proceeds in the above-captioned matter. As the Court is aware, this action – including specifically R&R's claim against the United States – has been settled pursuant to a global settlement agreement dated May 21, 2007.

[1] In addition to Mr. Hogenson, other former R&R partners potentially include Diane Larson, Eileen M. Berger, Shirley J. Arvidson, David Klug, Mary Klug, the estate of Norman K. Arvidson, and the estate of Gerald Berger. No evidence yet exists as to whether Mr. Hogenson, in making his motion, purports to represent the interests of these former partners or only himself. Each of these former partners, together with Mr. Hogenson, are Interpleader Defendants in the Minnesota Action described below.

That settlement is now being implemented. The government has made an initial lump sum payment, and it will be making additional payments in the near future.

The current owner and managing partner of R&R is Mr. Paul Strangis. Mr. Strangis disputes Mr. Hogenson's claim that he has a right to proceeds from this action. Mr. Strangis also desires that Mr. Eckland remain attorney of record for R&R in this action, and therefore opposes the present motion.

Because current and former partners of R&R have asserted competing claims to the proceeds currently being held in trust for R&R, Faegre & Benson LLP and Eckland & Blando LLP (collectively "plaintiff's counsel") filed an interpleader action in Minnesota state court (the "Minnesota Action"), seeking a single and cohesive resolution to these competing claims. Resolution of the competing claims is controlled by Minnesota law, since the R&R partnership was formed under Minnesota law and all relevant current and former partners are Minnesota residents. Thus, Minnesota state court is the appropriate forum.

Because the Minnesota state court has jurisdiction over these competing claims and is the proper forum for resolving them, and because the current owner and managing partner of R&R opposes Mr. Hogenson's motion, this Court should deny it. In the alternative, the Court should stay Mr. Hogenson's motion pending resolution of the Minnesota Action. Such a stay is particularly appropriate here, given that the case has been settled. The only likely action that remains is execution of a stipulation of dismissal and the distribution of settlement proceeds attributable to R&R. Current counsel is committed by virtue of the Minnesota Action to submitting all settlement proceeds attributable to R&R to the Minnesota state court, which will determine entitlement as between current and former partners. Therefore, Mr. Hogenson stands in no danger of prejudice as a result of a stay.

## FACTS

I. R&R Retains Mr. Eckland.

On or around November 30, 2002, Gerald Berger, then a partner of R&R, contacted Mr. Eckland seeking legal representation in connection with litigation under the Tucker Act. On or around January 24, 2003, R&R retained the Faegre & Benson LLP law firm to represent it in this action, and Mr. Eckland, then a partner with Faegre, was named attorney of record. Later, Mr. Eckland joined Eckland & Blando LLP. Mr. Eckland remained R&R's counsel of record and both Faegre & Benson LLP and Eckland & Blando LLP now represent R&R as co-counsel in this action. During the pendency of this action, Mr. Paul Strangis purchased a controlling interest in R&R and is now the managing partner. Mr. Hogenson was formerly a partner in R&R, but has no interest in R&R today. He nonetheless claims an entitlement to settlement proceeds.

R&R has entered into a Settlement Agreement with the Government, which was reached through the Court's Alternative Dispute Resolution Program with the Honorable Marian Blank Horn acting as mediator.[2] The parties are now in the process of administering the settlement. Both the current and former partners of R&R authorized the Settlement Agreement. (*See* Cruz Decl. Ex's. A, B, C, D, E.) Once the parties fully discharge their obligations under the Settlement Agreement, the above-captioned case will be dismissed with prejudice. (*See* Strangis Decl. ¶ 7.)

---

[2] Mr. Kaardal, who filed the subject motion on behalf of Mr. Hogenson, has had no prior involvement in this litigation or the settlement negotiations that led to the settlement.

II. Various R&R Partners and Former Partners Assert Competing Claims to the Settlement Proceeds.

Paul Strangis is the current managing partner of R&R. (*See* Strangis Decl. ¶ 2.) Plaintiff's counsel formally advised Mr. Strangis on June 1, 2007, that former R&R partners had asserted claims to the proceeds to which R&R is entitled under the Settlement Agreement. (*See* Cruz Decl. Ex. F.) Mr. Strangis responded to plaintiff's counsel, by and through a lawyer by the name of Mr. David Karan, that he represents the interests of R&R and claimed the proceeds on behalf of R&R. (*See* Cruz Decl. Ex. G.)

On October 5, 2007, Erik G. Kaardal Esq. filed on behalf of Curtis Hogenson the instant Motion to Substitute Counsel of Record. Mr. Kaardal also sent correspondence to plaintiff's counsel requesting transfer of the R&R Tucker Act file to his office. (*Id*. Ex. I.) Mr. Hogenson is a former partner of R&R and has no involvement or affiliation with the partnership at this time. (Strangis Decl. ¶ 6.) Therefore, based upon these as yet uncontested facts, Mr. Hogenson has no authority to instruct Mr. Kaardal, or anyone for that matter, to act on behalf of R&R, much less to remove Jeff Eckland as counsel of record for R&R. (*Id*.)

Once plaintiff's counsel were faced with competing claims to settlement proceeds they held in trust for R&R, on October 9, 2007, they filed the Minnesota Action. That action is now pending in the State of Minnesota, Hennepin County District Court and is captioned *Faegre & Benson LLP and Eckland & Blando LLP v. R&R Investors, et al.*, File No. 27-cv-07-2114. Plaintiff's counsel seek in the Minnesota Action to deposit with the Minnesota court proceeds held in trust by them to which R&R is entitled. Each current and former R&R partner is a party in the Minnesota Action. On October 25, 2007, plaintiff's counsel moved the Minnesota court for an order that, among other things, allows plaintiff's counsel to deposit with that court the R&R settlement proceeds they currently hold in trust and requires all of the current and former

R&R partners to interplead and assert their various rights and claims to said proceeds. (*See* Cruz Decl. Ex. H.)[3]

**ARGUMENT**

This Court has not been provided with a record that supports the removal of Jeff Eckland as attorney of record. RCFC 83.1(c)(1) provides that "there shall be but one attorney of record for a party in any case at any one time." RCFC 83.1(c)(4) allows a party to "by leave of court on motion change the party's attorney at any time." If the previous attorney of record does not consent to the motion he may show cause to the Court why the motion should not be allowed. *Id.*

Jeff Eckland is R&R's attorney of record. Here, no one disputes that R&R retained Mr. Eckland as counsel in this action. The issue, rather, is whether Mr. Hogenson, who is no longer a partner in R&R, has the authority to speak for R&R today and remove Mr. Eckland as counsel. According to the Declaration of Paul Strangis, the current managing and controlling partner of R&R, Mr. Hogenson lacks such authority. (Strangis Decl. ¶ 6.) To the extent Mr. Hogenson has raised a legitimate question on this issue, that issue is pending, and will be resolved, in the Minnesota Action.[4] It would be inappropriate for this Court to deprive R&R of the counsel of its current managing partner's choice based solely on a demand from a former partner who Mr. Strangis avers has no current authority to speak for R&R.

---

[3] In addition, if the parties cannot reach agreement regarding who has a right to copies of R&R's file, plaintiff's counsel will be similarly forced to deposit a copy of the file in the Minnesota Action for resolution.

[4] Mr. Eckland will not dispute the Minnesota court's decision with respect to whether Mr. Strangis or Mr. Hogenson is entitled to speak for R&R. If that court determines that Mr. Hogenson and what he terms the "original partnership" control R&R, Mr. Eckland will stipulate, pursuant to RCFC 83.1(c)(4), to the substitution of Mr. Kaardal as the attorney of record.

I. <u>This Court Does Not Have a Jurisdictional Basis to Rule on the Substance of the Motion</u>.

This Court does not have the jurisdiction to resolve the issue of the relative ownership and control rights in a Minnesota partnership. As an initial matter, the Minnesota court already has taken jurisdiction over the subject matter of Mr. Hogenson's motion. In the Minnesota Action, the parties have a judicially appropriate forum to resolve their claims to ownership in and control over R&R. Because it is an interpleader action, the Minnesota court will have personal jurisdiction over the parties (including the many former R&R partners, as Interpleader Defendants, who are not currently before this Court) and subject matter jurisdiction of the action, as well as *in rem* jurisdiction over any funds and other items deposited with the Minnesota court. There is no reasonable basis for (1) this Court to interfere with that jurisdiction; or (2) Mr. Hogenson to refuse to make his arguments about ownership in or control over R&R in the Minnesota Action (with all other interested parties) and, instead, insist that this Court resolve the issue.[5] This Court should allow the Minnesota Action to proceed and take no action to undermine the jurisdiction of the Minnesota court in the Minnesota Action.

Even if the Court were inclined to proceed in spite of the Minnesota Action, doing so would exceed its jurisdictional grant. Indeed, the Court of Federal Claims "is a court of exceedingly limited statutory jurisdiction." *Shelleman v. United States*, 9 Cl. Ct. 452, 455 (Ct. Cl. 1986). All claims brought before the Court must strictly satisfy the jurisdictional elements of

---

[5] If Mr. Hogenson's motion is viewed skeptically, one might infer that Mr. Kaardal seeks to take over this litigation so that he can divert all or some of R&R's settlement proceeds to ensure that Mr. Hogenson receives what Mr. Hogenson believes to be his fair share. Such an end-run is improper. The Minnesota Action will give all interested parties a full and fair opportunity to present their arguments regarding their ownership in and control over R&R. Rather than help Mr. Hogenson perform an end-run around the Minnesota Action, the Court should deny his motion and require him to litigate his claims in Minnesota.

the Tucker Act, 28 U.S.C. § 1491. *Id.* Where the operative elements of the Tucker Act are not satisfied, this Court is without subject matter jurisdiction to pass on the substantive issue raised. *Id; Hernandez v. United States*, 38 Fed. Cl. 532, 537 (Ct. Cl. 1997) (Court of Federal Claims does not possess federal question jurisdiction).

The Tucker Act provides that this Court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006); *Heuss v. United States*, 78 Fed.Cl. 442, 443 (2007).

The substantive issue raised in Mr. Hogenson's Motion relates to a property dispute between private parties. Specifically, whether Mr. Strangis or Mr. Hogenson or some other party to the Minnesota Action is entitled to speak on behalf of R&R. Ruling on this Motion would, *a fortiori*, implicate the parties' entitlement to proceeds under the Settlement Agreement. Thus, the Tucker Act does not provide any jurisdictional basis for this Court to rule on the substance of the Motion.

Moreover, there is no federal question or diversity of citizenship at all with respect to the substantive issue underlying this motion. R&R is a Minnesota partnership. Each current and former partner of R&R is a Minnesota resident. Faegre & Benson is a Minnesota limited liability partnership. Eckland & Blando is a Minnesota limited liability partnership. When proceeds or other items are deposited into the Minnesota court, the Minnesota court will have *in rem* jurisdiction over them. In sum, there is no federal subject matter or diversity jurisdiction over the dispute that Mr. Hogenson has brought before this Court. Accordingly, Mr. Hogenson's motion should be denied.

II. Alternatively, This Court Should Abstain from Ruling on the Motion.

Not only is there no legal basis to justify the relief sought by Mr. Hogenson, there simply is no practical or pressing need to resolve the motion immediately. If there were an upcoming deadline or the parties in the above-captioned matter needed to take some action to preserve their respective rights in the litigation, the Court might feel compelled to take reasonable action to allow the litigation to proceed. Here, the case has been settled and the only likely action that remains is to execute the final stipulation to dismiss the case and distribute the settlement proceeds due and payable to R&R. As to the ongoing settlement administration, plaintiffs' counsel are working with the United States to administer the settlement with respect to 731 separate properties, including R&R. Plaintiffs' counsel are uniquely qualified to perform this function given their intimate knowledge of the case and the settlement process, having litigated the case for over a decade and having negotiated the settlement through months of intensive, court-mediated discussions.

R&R cannot possibly be prejudiced by allowing plaintiffs' counsel to continue to handle R&R's claim along with all the others. By virtue of the Minnesota Action, plaintiffs' counsel are bound to submit the full amount of any settlement proceeds attributable to R&R to the Minnesota state court, which in turn will assure that the proceeds are distributed in accordance with the competing claimants' rights under Minnesota law. Since there is no impending action to be taken by an attorney of record, and no possible prejudice to Mr. Hogenson by continuing the status quo, there is no immediate need to resolve Mr. Hogenson's motion.

Considering the competing and inconsistent claims to the settlement proceeds due to R&R, plaintiff's counsel have taken the professionally appropriate step of filing an interpleader action so that all interested parties can assert their claims in a single forum and have a single and

cohesive determination of their rights and interests by an appropriate judicial body. Allowing Mr. Hogenson to gain some advantage or do an end-run around the Minnesota Action would be inappropriate and antithetical to what an interpleader action is designed to do. The Court should allow the Minnesota Action to proceed without interference.

It is well settled that a federal court may, in the interests of judicial administration and economy, refrain from ruling on a motion when there is a pending state proceeding that raises a duplicative issue. *See e.g. Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Where, as here "parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," a stay is appropriate. *See National Bank of Detroit v. United States*, 1 Cl. Ct. 712, 714 (Ct. Cl. 1983). The Minnesota court is an adequate vehicle for resolving the issue whether Mr. Strangis or Mr. Hogenson or some other former R&R partner properly speaks for R&R.

In sum, this Court should, in the interest of judicial economy, defer to the Minnesota court.[6]

## CONCLUSION

For all the reasons set forth above, in the Declaration of Paul Strangis, and in the exhibits hereto, Mr. Eckland, R&R's attorney of record, respectfully requests that this Court Order that further proceeding on this Motion be stayed until the Minnesota court decides whether Mr.

---

[6] Should the Court determine that it has jurisdiction to consider the merits of Mr. Hogenson's motion, and that it must decide it now rather than allowing the Minnesota state court to resolve the issue, plaintiffs' counsel respectfully suggest that the Court permit Mr. Strangis and R&R, through separate counsel, to submit further evidence and argument setting forth his position as to whether Mr. Hogenson has any authority to speak for R&R or any entitlement to control or participate in the handling of the now-settled claim. Mr. Strangis will have the right to make that presentation in the Minnesota interpleader action, but the unusual posture of this motion makes that presentation impossible in this filing by plaintiffs' counsel.

Strangis, Mr. Hogenson, and/or some other potential former R&R partner has authority to speak for the entity R&R, the plaintiff-party in this action.

Respectfully submitted,

Dated: October 29, 2007

_______________________________

JEFF H. ECKLAND
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
500 Lumber Exchange
10 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: (612) 236-0160
Facsimile: (612) 236-0179

Jerry W. Snider, Of Counsel
William L. Roberts, Of Counsel
FAEGRE & BENSON LLP
2200 Wells Fargo Center
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Attorneys for Plaintiffs*

fb.us.2370127.03