**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

A.F.T.E.R. Incorporated, *et al.*,

Plaintiffs,

v.

United States,

Defendant.

**Case No. 03-2264C**
**(Judge Susan G. Braden)**

**DECLARATION OF TIMOTHY J. CRUZ**

I, Timothy J. Cruz, swear or affirm and state under penalty of perjury:

1. I am over the age of 18. I have personal knowledge of the facts set forth below, and if called upon to do so, could and would competently testify thereto.

2. I am an associate with the Faegre & Benson law firm and am one of the attorneys representing R&R Investors in the above-referenced proceeding.

3. Attached hereto as Exhibit A is a true and correct copy, kept in the ordinary course of business, of a Settlement Agreement Consent Form dated June 12, 2006, and executed by Diane L. Larson.

4. Attached hereto as Exhibit B is a true and correct copy, kept in the ordinary course of business, of a Settlement Agreement Consent Form dated June 16, 2006, and executed by Paul Strangis.

5. Attached hereto as Exhibit C is a true and correct copy, kept in the ordinary course of business, of a Settlement Agreement Consent Form dated June 12, 2006, executed by Shirley Arvidson and on behalf of the estate of Norman K. Arvidson.

6. Attached hereto as Exhibit D is a true and correct copy, kept in the ordinary course of business, of a Settlement Agreement Consent Form dated June 15, 2006, and executed by Curtis Hogenson.

7. Attached hereto as Exhibit E is a true and correct copy, kept in the ordinary course of business, of a Settlement Agreement Consent Form dated June 9, 2006, and executed by Eileen M. Berger and on behalf of the estate of Gerald A. Berger.

9. Attached hereto as Exhibit F is a true and correct copy, kept in the ordinary course of business of a letter dated June 1, 2007, from William Roberts to David Karan.

10. Attached hereto as Exhibit G is a true and correct copy, kept in the ordinary course of business of a letter dated June 11, 2007, from David Karan to William Roberts.

11. Attached hereto as Exhibit H is a true and correct copy, kept in the ordinary course of business, of Interpleader Plaintiff's Notice of Motion and Verified Motion to Deposit Funds and supporting papers, filed in connection with the interpleader action captioned *Faegre & Benson LLP and Eckland & Blando LLP v. R&R Investors, et al*, File No. 27-cv-07-2114, now pending in Hennepin County District Court, Minnesota.

12. Attached hereto as Exhibit I is a true and correct copy, kept in the ordinary course of business of a letter dated October 5, 2007, from Eric Kaardal to Jeff Eckland and William Roberts.

Dated: October 29, 2007

# EXHIBIT A

 330

## SETTLEMENT AGREEMENT CONSENT FORM

Diane Lee Larson, a plaintiff in the Section 515 Tucker Act Litigation (hereinafter "Plaintiff"), states and acknowledges as follows:

1. Plaintiff has had a reasonable time within which to consider the Section 515 Tucker Act Litigation Settlement Agreement (the "Agreement"), a copy of which has been made available to Plaintiff;

2. Plaintiff has carefully read and fully understands all of the provisions of the Agreement;

3. Plaintiff understands that by consenting to the Agreement, it is releasing any and all claims it may have against the Government relating in any way to the matters alleged in its Complaint, including without limitation its claim for loss in property values due to the continued use restrictions imposed by the Government on its property;

4. Plaintiff hereby consents to, and voluntarily agrees to be legally bound by, all of the terms set forth in the Agreement, and authorizes Plaintiff's attorneys to sign said Agreement on Plaintiff's behalf.

The signatory below expressly represents and warrants that he or she possesses the legal capacity and authority to bind the Plaintiff for whom he or she is signing this consent form.

Dated: June 12, 2006

By: Diane Lee Larson (sign here)

Diane Lee Larson (print name here)

Plaintiff's: ______________________ (relationship to Plaintiff) 12-1 1984 - ~~1999~~ 12-1 2022

owner of R and R Investors
Maranatha Inn Apts, Royalton, MN.

M2:20798632.01

EXHIBIT A

# EXHIBIT B

# SETTLEMENT AGREEMENT CONSENT FORM

R & R INVESTORS, a plaintiff in the Section 515 Tucker Act Litigation (hereinafter "Plaintiff"), states and acknowledges as follows:

1. Plaintiff has had a reasonable time within which to consider the Section 515 Tucker Act Litigation Settlement Agreement (the "Agreement"), a copy of which has been made available to Plaintiff;

2. Plaintiff has carefully read and fully understands all of the provisions of the Agreement;

3. Plaintiff understands that by consenting to the Agreement, it is releasing any and all claims it may have against the Government relating in any way to the matters alleged in its Complaint, including without limitation its claim for loss in property values due to the continued use restrictions imposed by the Government on its property;

4. Plaintiff hereby consents to, and voluntarily agrees to be legally bound by, all of the terms set forth in the Agreement, and authorizes Plaintiff's attorneys to sign said Agreement on Plaintiff's behalf.

The signatory below expressly represents and warrants that he or she possesses the legal capacity and authority to bind the Plaintiff for whom he or she is signing this consent form.

Dated: JUNE 16th, 2006

By: [signature] (sign here)

PAUL STRANGIS (print name here)

Plaintiff's: GENERAL PARTNER (relationship to Plaintiff)

M2:20798632.01

EXHIBIT B

# EXHIBIT C

# SETTLEMENT AGREEMENT CONSENT FORM

Shirley Arvidson, a plaintiff in the Section 515 Tucker Act Litigation (hereinafter "Plaintiff"), states and acknowledges as follows:

1. Plaintiff has had a reasonable time within which to consider the Section 515 Tucker Act Litigation Settlement Agreement (the "Agreement"), a copy of which has been made available to Plaintiff;

2. Plaintiff has carefully read and fully understands all of the provisions of the Agreement;

3. Plaintiff understands that by consenting to the Agreement, it is releasing any and all claims it may have against the Government relating in any way to the matters alleged in its Complaint, including without limitation its claim for loss in property values due to the continued use restrictions imposed by the Government on its property;

4. Plaintiff hereby consents to, and voluntarily agrees to be legally bound by, all of the terms set forth in the Agreement, and authorizes Plaintiff's attorneys to sign said Agreement on Plaintiff's behalf.

The signatory below expressly represents and warrants that he or she possesses the legal capacity and authority to bind the Plaintiff for whom he or she is signing this consent form.

Dated: 6/12, 2006

By: Shirley Arvidson (sign here)

Shirley Arvidson (print name here)

Plaintiff's: wife of Deceased partner (relationship to Plaintiff)
Norman K. Arvidson
for R. + R Investors
Maran Tha Apts.
Royalton, MN

M2:20798632.01

EXHIBIT C

# EXHIBIT D

# SETTLEMENT AGREEMENT CONSENT FORM

R & R INVESTORS, a plaintiff in the Section 515 Tucker Act Litigation (hereinafter "Plaintiff"), states and acknowledges as follows:

1. Plaintiff has had a reasonable time within which to consider the Section 515 Tucker Act Litigation Settlement Agreement (the "Agreement"), a copy of which has been made available to Plaintiff;

2. Plaintiff has carefully read and fully understands all of the provisions of the Agreement;

3. Plaintiff understands that by consenting to the Agreement, it is releasing any and all claims it may have against the Government relating in any way to the matters alleged in its Complaint, including without limitation its claim for loss in property values due to the continued use restrictions imposed by the Government on its property;

4. Plaintiff hereby consents to, and voluntarily agrees to be legally bound by, all of the terms set forth in the Agreement, and authorizes Plaintiff's attorneys to sign said Agreement on Plaintiff's behalf.

The signatory below expressly represents and warrants that he or she possesses the legal capacity and authority to bind the Plaintiff for whom he or she is signing this consent form.

Dated: June 15, 2006

By: Curtis O. Hogenson (sign here)

CURTIS O. HOGENSON (print name here)

Plaintiff's: ______________________ (relationship to Plaintiff)

M2:20798632.01

EXHIBIT D

# EXHIBIT E

# SETTLEMENT AGREEMENT CONSENT FORM

R & R Investors, a plaintiff in the Section 515 Tucker Act Litigation (hereinafter "Plaintiff"), states and acknowledges as follows:

1. Plaintiff has had a reasonable time within which to consider the Section 515 Tucker Act Litigation Settlement Agreement (the "Agreement"), a copy of which has been made available to Plaintiff;

2. Plaintiff has carefully read and fully understands all of the provisions of the Agreement;

3. Plaintiff understands that by consenting to the Agreement, it is releasing any and all claims it may have against the Government relating in any way to the matters alleged in its Complaint, including without limitation its claim for loss in property values due to the continued use restrictions imposed by the Government on its property;

4. Plaintiff hereby consents to, and voluntarily agrees to be legally bound by, all of the terms set forth in the Agreement, and authorizes Plaintiff's attorneys to sign said Agreement on Plaintiff's behalf.

The signatory below expressly represents and warrants that he or she possesses the legal capacity and authority to bind the Plaintiff for whom he or she is signing this consent form.

Dated: June 9, 2006

By: Eileen M. Berger (sign here)

Eileen M. Berger (print name here)

Plaintiff's: Widow of a partner, Gerald A. Berger (relationship to Plaintiff)

M2:20798632.01

EXHIBIT E

# EXHIBIT F

FAEGRE & BENSON LLP

UNITED STATES | ENGLAND | GERMANY | CHINA

WILLIAM L. ROBERTS
WRoberts@faegre.com
(612) 766-7508

June 1, 2007

David Karan
Kaplan, Strangis and Kaplan, P.A.
90 South Seventh Street, Suite 5500
Minneapolis, MN 55402

Re: Section 515 Housing Litigation Settlement -- Maranatha Inn

Dear Mr. Karan:

Thank you for your call of last week. You have asked that we provide you with documents that cause us to believe that there may be a need to place the settlement proceeds relating to Maranatha Inn from the above litigation into an escrow account.

We believe that the use of an escrow account for these settlement proceeds may be appropriate here due to the fact that we are faced with competing claims of entitlement as between former and current partners of R&R Investors. On one hand, Mr. Paul Strangis claims an entitlement to the proceeds. We understand that his claim is based upon his status as the current controlling owner and general partner of R&R Investors.

On the other hand, Mr. Curtis Hogenson and Ms. Diane Larson also claim an entitlement to the proceeds. We understand that their claim is based upon their status as former owners and general partners in R&R Investors, as well as a promise by the buyer of their partnership interests. Hogenson and Larson, we understand, were general partners of R&R Investors from 1984 through 2000, along with Gerald Berger (now deceased). They assert that the buyer of their interests, the Klugs, agreed that they as original partners in R&R would be entitled to receive funds received through this litigation. I have enclosed a copy of a letter dated January 9, 2004 from Mr. David Klug to Ms. Diane Larson that Hogenson and Larson previously provided to us on this subject. Hogenson and Larson have also indicated that they believe that the purchase price for their partnership interests was lower than it would have been had it been contemplated that they were giving up the right to their share of the lawsuit recovery through that transaction. Thus, the closing documents relating to the transaction involving Hogenson/Larson and the Klugs, as well as the transaction between the Klugs and Mr. Strangis, may be relevant as well. We assume that those documents are readily accessible to you. We have some of those documents but do not know if our documentation is complete. Please advise if you would like to see what we have in our files in that regard.



EXHIBIT F

Hogenson and Larson have also made payments of costs incurred in pursuing this litigation and have cooperated by collecting documents and information necessary to proving up the damages claim for the Maranatha Inn property. The same is true of Mr. Strangis.

If the competing claims of these parties are not resolved by the time settlement proceeds are received, as litigation counsel we could be exposed to multiple liability if we were to distribute the settlement proceeds to one party over the objection of any one or more of the other parties. As a result, our current thinking is that depositing the funds into an escrow account, established by mutual agreement of all parties, would be appropriate until the entitlement issue is resolved. In the alternative, we could pursue an Interpleader action under Rule 22 of the Rules of Civil Procedure, although we would prefer to proceed with an escrow arrangement.

If you disagree that an escrow arrangement is appropriate here, or have other information that you wish to provide us, please do not hesitate to contact me. We remain willing to help facilitate a resolution of this issue as best we can, consistent with our role as litigation counsel for the partnership in the Section 515 Housing Litigation.

Very truly yours,

FAEGRE & BENSON LLP

William L. Roberts

ROBEW:lysmm
Enclosure

cc: Jeff Eckland

fb.us.2076716.02

# EXHIBIT G

LAW OFFICES
KAPLAN, STRANGIS AND KAPLAN, P. A.
90 SOUTH SEVENTH STREET • 5500 WELLS FARGO CENTER
MINNEAPOLIS, MINNESOTA 55402-4126
612/375-1138
FACSIMILE 612/375-1143
E-MAIL DK@kskpa.com
DIRECT DIAL 612/904-5606

SHELDON KAPLAN
SAMUEL L. KAPLAN
RALPH STRANGIS
HARVEY F. KAPLAN
ANDRIS A. BALTINS
DAVID KARAN
BRUCE J. PARKER
CATHERINE A. BARTLETT
ROBERT T. YORK
JAMES C. MELVILLE
MARY S. GIESLER
KATE SHERBURNE

OF COUNSEL
PHILLIPS & POTACH, P.A.

OF COUNSEL
JOHN H. MATHESON

June 11, 2007

William L. Roberts
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

Mark Blando
Eckland & Blando LLP
500 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402

Dear Messrs. Roberts & Blando:

As you know from our recent conversations, I represent R&R Investors and Paul Strangis. I am writing in response to the letter of Mr. Roberts dated June 1, 2007, a copy of which is enclosed.

For almost three years, Mr. Strangis has worked with both of you and your firms in advancing the claims of R&R Investors in the Section 515 Housing Litigation. He has expended his time, money and effort, and that of R&R Investors, in that activity. Until just a few weeks ago, Mr. Strangis was not advised of any other party making any claim with you or your firms with respect to the proceeds of the litigation. To now hear that former partners of R&R Investors appear to be making some claim to the proceeds is not only upsetting and surprising but almost inexplicable. In your letter you state that these former partners (Hoganson and Larson) have "cooperated by collecting documents and information necessary to proving up the damages claim for the Maranatha Inn property." How Mr. Hoganson and Ms. Larson could be participating in litigation in which R&R Investors is the claimant is something, quite honestly, I do not understand. I would appreciate a more detailed explanation of what documents and information they have provided, the time period during which they were "cooperating" in the litigation process and whether their "payment of costs" was from their funds or that of R&R Investors. In all events I assume that any relevant documents were those of our client, R&R Investors, and not of any individual former partner.

EXHIBIT G

While the foregoing matters are upsetting and need explanation, the main point of this letter, however, is to go on record that I do not agree that either an escrow arrangement or an interpleader action is appropriate. We dispute that Mr. Hoganson and Ms. Larson have a valid claim against R&R Investors for any portion of the proceeds of the Section 515 Housing Litigation. (Whatever claim they are asserting appears to be based upon the correspondence from David Klug dated January 9, 2004 which Mr. Roberts provided to me. Any claim based upon that correspondence would fail for any number of reasons, including, champerty, failure of consideration, breach of representation by Mr. Klug and the fact that, by the terms of the correspondence, Mr. Klug is not assigning an interest in proceeds received by R&R Investors but rather proceeds received by Mr. Klug.) In any event, whether you agree or disagree with my evaluation of the claim of Mr. Hoganson and Ms. Larson as meritless, at most what they have is a claim against R&R Investors for a portion of the proceeds. There is no doubt that R&R Investors is entitled in the first instance to receive those proceeds. Given that fact, we do not agree to either an escrow arrangement or an interpleader action and we insist that all proceeds of the litigation be paid directly to R&R Investors. Any failure to do so will result in appropriate action.

Finally, please be advised that unless this matter is resolved promptly, Mr. Strangis is considering withdrawing the consent of R&R Investors to settlement and, in lieu of such settlement, Mr. Strangis may wish to pursue the equity loans made available to R&R Investors (with no litigation proceeds to anyone) through the USDA Rural Development program; something that he would have, in all probability, done if he had been aware of any claims by Mr. Hoganson or Ms. Larson to the proceeds to be received by R&R Investors. Mr. Strangis will need to make this decision promptly so that a timely response will be appreciated.

Sincerely,

David Karan

DK:jd
Enclosure
cc: Paul Strangis (w/o encl.)
99183/3

# EXHIBIT H

STATE OF MINNESOTA

DISTRICT COURT

HENNEPIN COUNTY

FOURTH JUDICIAL DISTRICT

Faegre & Benson LLP and Eckland & Blando LLP,

Interpleader Plaintiffs,

vs.

R&R Investors, Curtis Hogenson, Diane Larson, Eileen M. Berger, Shirley J. Arvidson, David Klug, Mary Klug, Paul Strangis, the estate of Norman K. Arvidson, and the estate of Gerald Berger

Interpleader Defendants.

File No. 27-cv-07-2114

**INTERPLEADER PLAINTIFFS' NOTICE OF MOTION AND VERIFIED MOTION TO DEPOSIT FUNDS**

TO: Interpleader Defendants and their counsel, R&R Investors, Curtis Hogenson, Diane Larson, Eileen M. Berger, Shirley J. Arvidson, David Klug, Mary Klug, Paul Strangis, the estate of Norman K. Arvidson, and the estate of Gerald Berger

**PLEASE TAKE NOTICE** that Interpleader Plaintiffs hereby move, under Minn. R. Civ. P. 22, to deposit with the Court the First Fund, described in paragraph 15 of the Complaint hereto, in the amount of $37,500.

Dated: October 25, 2007

FAEGRE & BENSON LLP

William L. Roberts, # 212763
Michael F. Cockson # 280549
Timothy J. Cruz, # 0386626
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

**ATTORNEYS FOR PLAINTIFF FAEGRE & BENSON LLP**

EXHIBIT H

# VERIFICATION

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Timothy J. Cruz, being first duly sworn on oath, deposes and states as follows:

1. I am an Associate at the Faegre & Benson law firm and am one of the attorneys primarily responsible for distribution of the First Fund that is the subject of Interpleader Plaintiffs' Motion to Deposit Funds.

2. I have read the foregoing Verified Motion, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

DEBRA LYNNE EGAN
Notary Public
Minnesota
My Commission Expires January 31, 2010

By: [signature]
Timothy J. Cruz

Subscribed and sworn to before me
This 25th day of October, 2007.

[signature]
Notary Public

STATE OF MINNESOTA DISTRICT COURT

HENNEPIN COUNTY FOURTH JUDICIAL DISTRICT

Faegre & Benson LLP and Eckland & Blando LLP,

Interpleader Plaintiffs,

vs.

R&R Investors, Curtis Hogenson, Diane Larson, Eileen M. Berger, Shirley J. Arvidson, David Klug, Mary Klug, Paul Strangis, the estate of Norman K. Arvidson, and the estate of Gerald Berger

Interpleader Defendants.

File No. 27-cv-07-2114

**MEMORANDUM IN SUPPORT OF INTERPLEADER PLAINTIFFS' VERIFIED MOTION TO DEPOSIT FUNDS**

## INTRODUCTION

This interpleader action was brought to resolve competing claims in settlement proceeds that Interpleader Plaintiffs, Faegre & Benson LLP ("Faegre") and Eckland & Blando LLP ("Eckland") (collectively "the plaintiffs"), hold in trust for distribution to Interpleader Defendant, R&R Investors ("R&R"), a Minnesota partnership. R&R authorized plaintiffs to settle a lawsuit against the Government and, upon reaching a settlement with the Government, current and former partners of R&R asserted competing claims to entitlement of the settlement proceeds. As a consequence of the competing claims, plaintiffs respectfully move the Court pursuant to Rule 22 of the Minnesota Rules of Civil Procedure for interpleader relief: (i) authorizing plaintiffs to deposit certain proceeds into Hennepin County Court; (ii) requiring defendants and any other interested parties in the proceeds to interplead and assert their various

rights and claims thereto; and (iii) upon payment by plaintiffs of the proceeds, discharging and releasing plaintiffs from all liability, legal and/or equitable, arising out of the proceeds.

## FACTS

### I. Plaintiffs are Authorized by R&R to Sue the Government and to Enter into a Settlement Agreement.

Plaintiffs have been authorized by R&R to prosecute a lawsuit for breach of contract and just compensation against the Government ("the Tucker Act Litigation"). During or about November 2002, R&R's then managing partner, Gerald Berger, contacted Faegre seeking legal representation on behalf of R&R in connection with the Tucker Act Litigation. During or about January 2003, R&R retained Faegre on a contingent-fee basis to represent it in the Tucker Act Litigation. Later, Faegre and Eckland became co-counsel to R&R in said litigation. During the pendancy of the Tucker Act Litigation, individual R&R partners including Gerald Berger and, most recently, Paul Strangis – R&R's current managing partner -- acted as plaintiffs' primary point of contact on behalf of R&R. The lawsuit was filed in September 2003 on behalf of R&R and others against the United States. The lawsuit, captioned *A.F.T.E.R. Incorporated et a.l v. United States*, No. 1:03-cv-02264 (SGB), is pending in the United States Court of Federal Claims.

### II. R&R and Other Tucker Act Litigation Plaintiffs Settle with the Government.

On May 21, 2007, along with other plaintiffs in the Tucker Act Litigation, R&R entered into a Settlement Agreement with the United States. Pursuant to the terms of the Settlement Agreement, the United States issued an initial, lump-sum payment. From this initial payment, R&R is now entitled to proceeds, net of attorneys' fees, in the amount of $37,500 (the "First Fund"). The ultimate settlement award calculations are currently being completed by the parties. The parties anticipate that the United States will make its final payment for said settlement award

in the relatively near future. If R&R is entitled to any such settlement proceeds under the Settlement Agreement, plaintiffs intend to deposit them, net of attorneys' fees and costs, with the Court along with the First Fund ("the Total Settlement Proceeds"). Plaintiffs now hold the First Fund, along with the attorneys' fees to which plaintiffs are entitled, in trust for the benefit of defendants.

III. Various Interpleader Defendants Assert Competing Claims in Settlement Proceeds.

On June 1, 2007, plaintiffs formally advised the current managing partner of R&R, Mr. Strangis, that former R&R partners claimed entitlement to any and all settlement monies. (*See* Cruz Aff. Ex. A.) Mr. Strangis responded to plaintiffs through his counsel that he represented the interests of R&R and claimed all settlement monies on R&R's behalf. (*See* Cruz Aff. Ex. B.)

On October 5th, 2007, Interpleader Defendant Curtis Hogenson filed in the United States Court of Federal Claims a motion purporting to substitute Erick G. Kaardal, Esq. as counsel of record for R&R. (*See* Cruz Aff. Ex. C.) Mr. Hogenson filed along with the motion a declaration averring certain facts and claiming the First Fund on behalf of R&R. (*Id.*) Mr. Kaardal sent correspondence to plaintiffs requesting transfer of the R&R Tucker Act file to his office. (*Id.* Ex. D.)

## ARGUMENT

The Court should grant plaintiffs' motion for interpleader relief. Rule 22 of the Minnesota Rules of Civil Procedure confirms that interpleader is the appropriate course of action in this case:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead, in an action brought for that purpose, when their claims are such that the plaintiff is or may be exposed to multiple liability. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. If such a defendant admits being subject to liability, that defendant may, upon paying the amount claimed or delivering the property claimed or its

> value into court or to such person as the court may direct, move for an order to substitute the claimants other than the plaintiff as defendants in the movant's stead. On compliance with the terms of such order, the defendant shall be discharged and the action shall proceed against the substituted defendants.

Minn. R. Civ. P. 22 (West 2007). Plaintiffs have personally served Interpleader Defendants with the Summons and Interpleader Complaint. Because this Court has jurisdiction over the parties, plaintiffs respectfully request relief pursuant to Rule 22 of the Minnesota Rules of Civil Procedure.

As required under Rule 22 of the Minnesota Rules of Civil Procedure, plaintiffs acknowledge that the First Fund is due and payable. Plaintiffs seek relief from the Court pursuant to Rule 22 of the Minnesota Rules of Civil Procedure because the potential and threatened claims on the First Fund are such that plaintiffs may be exposed to multiple liability. Plaintiffs are mere stakeholders in the First Fund and have no interest in the outcome of the competing claims for the First Fund other than a just, efficient, and prompt resolution of said claims. Upon the issuance of a proper order from this Court, plaintiffs will deposit the First Fund, specifically the sum of $37,500, with the Clerk of Court. Plaintiffs have no means other than this action of protecting themselves against the risk of multiple liability for the First Fund.

Based on the foregoing, and pursuant to Rule 22 of the Minnesota Rules of Civil Procedure, plaintiffs request that this Court (i) enjoin Interpleader Defendants from commencing or prosecuting another action regarding the First Fund and/or Total Settlement Proceeds in any other court, federal or state; (ii) authorize plaintiffs to pay the First Fund into Hennepin County Court in the amount of $37,500; (iii) authorize plaintiffs to pay any future settlement monies which, in addition to the First Fund, constitute the Total Settlement Proceeds into Hennepin County Court; (iv) requiring Interpleader Defendants and any other interested parties in the First Fund and/or Total Settlement Proceeds to interplead and assert their various rights and claims to

the First Fund and/or Total Settlement Proceeds; and (v) upon payment by plaintiffs of the First Fund and/or Total Settlement Proceeds, discharging and releasing said plaintiffs, and each of them, of and from all liability, legal or equitable, arising out of the First Fund and/or Total Settlement Proceeds.

Dated: October 25, 2007

FAEGRE & BENSON LLP

William L. Roberts, # 212763
Michael F. Cockson # 280549
Timothy J. Cruz, # 0386626
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

**ATTORNEYS FOR PLAINTIFF FAEGRE & BENSON LLP**

Dated: October 25, 2007

ECKLAND & BLANDO LLP

Jeff H. Eckland, # 0139920
Mark J. Blando, # 0309229
500 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
(612) 236-0160

**ATTORNEYS FOR PLAINTIFF ECKLAND & BLANDO LLP**

fb.us 2363388.03

STATE OF MINNESOTA

HENNEPIN COUNTY

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Faegre & Benson LLP and Eckland & Blando LLP,

Interpleader Plaintiffs,

vs.

R&R Investors, Curtis Hogenson, Diane Larson, Eileen M. Berger, Shirley J. Arvidson, David Klug, Mary Klug, Paul Strangis, the estate of Norman K. Arvidson, and the estate of Gerald Berger

Interpleader Defendants.

File No. 27-cv-07-2114

**AFFIDAVIT OF TIMOTHY J. CRUZ IN SUPPORT OF INTERPLEADER PLAINTIFFS' VERIFIED MOTION TO DEPOSIT FUNDS**

**Timothy J. Cruz**, first being duly sworn upon his oath, deposes, and states as follows:

1. I am an attorney with the law firm of Faegre & Benson LLP and am one of the attorneys representing Interpleader Plaintiffs in connection with the above-captioned proceeding.

2. To the best of my own knowledge, the contents and averments of Interpleader Plaintiffs' Verified Motion and Memorandum in support thereof are true and correct.

3. Attached hereto as Exhibit A is a true and correct copy, kept in the ordinary course of business, of correspondence dated June 1, 2007 from William L. Roberts to David Karan.

4. Attached hereto as Exhibit B is a true and correct copy, kept in the ordinary course of business, of correspondence dated June 11, 2007 from David Karan to William L. Roberts.

5. Attached hereto as Exhibit C is a true and correct copy, kept in the ordinary course of business, of the document captioned "Plaintiff R&R Investors' Motion to Substitute Counsel of Record and Affidavit of Appointment," filed on October 5, 2007 in Case No. 1:03-cv-02264 (SGB) in the United States Court of Federal Claims.

6. Attached hereto as Exhibit D is a true and correct copy, kept in the ordinary course of business, of correspondence dated October 5, 2007 from Erick G. Kaardal to Jeff Eckland and William L. Roberts.

FURTHER AFFIANT SAYETH NAUGHT.

Dated this 25 day of October, 2007.

[AFFIANT]

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Subscribed and sworn to before me this 25th day of October, 2007, by Timothy J. Cruz.

My Commission Expires:

Gloria Jean Beasley
Notary Public

fb.us.2363391.01

GLORIA JEAN BEASLEY
Notary Public
Minnesota
My Commission Expires January 31, 2010

# EXHIBIT A

FAEGRE & BENSON LLP

UNITED STATES | ENGLAND | GERMANY | CHINA

WILLIAM L. ROBERTS
WRoberts@faegre.com
(612) 766-7508

June 1, 2007

David Karan
Kaplan, Strangis and Kaplan, P.A.
90 South Seventh Street, Suite 5500
Minneapolis, MN 55402

Re: Section 515 Housing Litigation Settlement -- Maranatha Inn

Dear Mr. Karan:

Thank you for your call of last week. You have asked that we provide you with documents that cause us to believe that there may be a need to place the settlement proceeds relating to Maranatha Inn from the above litigation into an escrow account.

We believe that the use of an escrow account for these settlement proceeds may be appropriate here due to the fact that we are faced with competing claims of entitlement as between former and current partners of R&R Investors. On one hand, Mr. Paul Strangis claims an entitlement to the proceeds. We understand that his claim is based upon his status as the current controlling owner and general partner of R&R Investors.

On the other hand, Mr. Curtis Hogenson and Ms. Diane Larson also claim an entitlement to the proceeds. We understand that their claim is based upon their status as former owners and general partners in R&R Investors, as well as a promise by the buyer of their partnership interests. Hogenson and Larson, we understand, were general partners of R&R Investors from 1984 through 2000, along with Gerald Berger (now deceased). They assert that the buyer of their interests, the Klugs, agreed that they as original partners in R&R would be entitled to receive funds received through this litigation. I have enclosed a copy of a letter dated January 9, 2004 from Mr. David Klug to Ms. Diane Larson that Hogenson and Larson previously provided to us on this subject. Hogenson and Larson have also indicated that they believe that the purchase price for their partnership interests was lower than it would have been had it been contemplated that they were giving up the right to their share of the lawsuit recovery through that transaction. Thus, the closing documents relating to the transaction involving Hogenson/Larson and the Klugs, as well as the transaction between the Klugs and Mr. Strangis, may be relevant as well. We assume that those documents are readily accessible to you. We have some of those documents but do not know if our documentation is complete. Please advise if you would like to see what we have in our files in that regard.

Hogenson and Larson have also made payments of costs incurred in pursuing this litigation and have cooperated by collecting documents and information necessary to proving up the damages claim for the Maranatha Inn property. The same is true of Mr. Strangis.

If the competing claims of these parties are not resolved by the time settlement proceeds are received, as litigation counsel we could be exposed to multiple liability if we were to distribute the settlement proceeds to one party over the objection of any one or more of the other parties. As a result, our current thinking is that depositing the funds into an escrow account, established by mutual agreement of all parties, would be appropriate until the entitlement issue is resolved. In the alternative, we could pursue an Interpleader action under Rule 22 of the Rules of Civil Procedure, although we would prefer to proceed with an escrow arrangement.

If you disagree that an escrow arrangement is appropriate here, or have other information that you wish to provide us, please do not hesitate to contact me. We remain willing to help facilitate a resolution of this issue as best we can, consistent with our role as litigation counsel for the partnership in the Section 515 Housing Litigation.

Very truly yours,

FAEGRE & BENSON LLP

William L. Roberts

ROBEW:lysmm
Enclosure

cc: Jeff Eckland

fb.us.2076716.02

# EXHIBIT B

LAW OFFICES

KAPLAN, STRANGIS AND KAPLAN, P. A.

90 SOUTH SEVENTH STREET • 5500 WELLS FARGO CENTER

MINNEAPOLIS, MINNESOTA 55402-4126

612/375-1138

FACSIMILE 612/375-1143

E-MAIL DK@kskpa.com

DIRECT DIAL 612/904-5606

SHELDON KAPLAN
SAMUEL L. KAPLAN
RALPH STRANGIS
HARVEY F. KAPLAN
ANDRIS A. BALTINS
DAVID KARAN
BRUCE J. PARKER
CATHERINE A. BARTLETT
ROBERT T. YORK
JAMES C. MELVILLE
MARY S. GIESLER
KATE SHERBURNE

OF COUNSEL
PHILLIPS & POTACH, P.A.

OF COUNSEL
JOHN H. MATHESON

June 11, 2007

William L. Roberts
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

Mark Blando
Eckland & Blando LLP
500 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402

Dear Messrs. Roberts & Blando:

As you know from our recent conversations, I represent R&R Investors and Paul Strangis. I am writing in response to the letter of Mr. Roberts dated June 1, 2007, a copy of which is enclosed.

For almost three years, Mr. Strangis has worked with both of you and your firms in advancing the claims of R&R Investors in the Section 515 Housing Litigation. He has expended his time, money and effort, and that of R&R Investors, in that activity. Until just a few weeks ago, Mr. Strangis was not advised of any other party making any claim with you or your firms with respect to the proceeds of the litigation. To now hear that former partners of R&R Investors appear to be making some claim to the proceeds is not only upsetting and surprising but almost inexplicable. In your letter you state that these former partners (Hoganson and Larson) have "cooperated by collecting documents and information necessary to proving up the damages claim for the Maranatha Inn property." How Mr. Hoganson and Ms. Larson could be participating in litigation in which R&R Investors is the claimant is something, quite honestly, I do not understand. I would appreciate a more detailed explanation of what documents and information they have provided, the time period during which they were "cooperating" in the litigation process and whether their "payment of costs" was from their funds or that of R&R Investors. In all events I assume that any relevant documents were those of our client, R&R Investors, and not of any individual former partner.

While the foregoing matters are upsetting and need explanation, the main point of this letter, however, is to go on record that I do not agree that either an escrow arrangement or an interpleader action is appropriate. We dispute that Mr. Hoganson and Ms. Larson have a valid claim against R&R Investors for any portion of the proceeds of the Section 515 Housing Litigation. (Whatever claim they are asserting appears to be based upon the correspondence from David Klug dated January 9, 2004 which Mr. Roberts provided to me. Any claim based upon that correspondence would fail for any number of reasons, including, champerty, failure of consideration, breach of representation by Mr. Klug and the fact that, by the terms of the correspondence, Mr. Klug is not assigning an interest in proceeds received by R&R Investors but rather proceeds received by Mr. Klug.) In any event, whether you agree or disagree with my evaluation of the claim of Mr. Hoganson and Ms. Larson as meritless, at most what they have is a claim against R&R Investors for a portion of the proceeds. There is no doubt that R&R Investors is entitled in the first instance to receive those proceeds. Given that fact, we do not agree to either an escrow arrangement or an interpleader action and we insist that all proceeds of the litigation be paid directly to R&R Investors. Any failure to do so will result in appropriate action.

Finally, please be advised that unless this matter is resolved promptly, Mr. Strangis is considering withdrawing the consent of R&R Investors to settlement and, in lieu of such settlement, Mr. Strangis may wish to pursue the equity loans made available to R&R Investors (with no litigation proceeds to anyone) through the USDA Rural Development program; something that he would have, in all probability, done if he had been aware of any claims by Mr. Hoganson or Ms. Larson to the proceeds to be received by R&R Investors. Mr. Strangis will need to make this decision promptly so that a timely response will be appreciated.

Sincerely,

David Karan

DK:jd
Enclosure
cc: Paul Strangis (w/o encl.)
99183/3

# EXHIBIT C

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

A.F.T.E.R. Incorporated, et al.

Case No. 03-2264C
(Judge Braden)

Plaintiffs,

vs

United States of America,

Defendant.

PLAINTIFF R&R INVESTORS' MOTION
TO SUBSTITUTE COUNSEL OF RECORD
AND AFFIDAVIT OF APPOINTMENT

Pursuant to RCFC 83.1(c)(4) and based upon the accompanying Declaration of Curtis Hogenson, Plaintiff R&R Investors in the above-referenced litigation moves to substitute Erick G. Kaardal as Counsel of Record for Plaintiff R&R Investors

Dated: October 5, 2007

Erick G. Kaardal
Mohrman & Kaardal, P.A.
Suite 4100
33 South Sixth Street
Minneapolis, MN 55402
(612) 341-1074
(612) 341-1076 Facsimile

Affidavit of Appointment

Based upon the accompanying Declaration of Curtis Hogenson, I state, based on the information and knowledge known to me, that Plaintiff R&R Investors has appointed me as Counsel of Record.

Dated: October 5, 2007

Erick G. Kaardal

Sworn before me this
5th day of October, 2007
in the County of Hennepin,
State of Minnesota.

Notary Public

MARY GYNILD
Notary Public
Minnesota
My Commission Expires January 31, 2010

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

A.F.T.E.R. Incorporated, et al.

Case No. 03-2264C
(Judge Braden)

Plaintiffs,

vs.

United States of America,

Defendant.

**Declaration of Curtis Hogenson**

I, Curtis Hogenson, declare as follows:

1. I am a partner of Plaintiff R&R Investors in the lawsuit entitled A.F.T.E.R. Incorporated, et al. v. United States of America, File No. 03-2264C.

2. On December 4, 1984, the R&R Investors Partnership ("Partnership") purchased Maranatha Inn located in Royalton, Minnesota. Maranatha Inn is a single building comprised of 25 one bedroom units and a large social room. The Partnership at the time consisted of Gerald Berger (managing partner/now deceased), Diane Larson, Norman Arvidson (now deceased) and Robert Abel (no longer a partner) (collectively, "Original Partnership"). The purchase price was $610,050.

3. As stated in the Second Amended Complaint for Breach of Contract and Just Compensation ("Second Amended Complaint"), Congress enacted legislation in 1988 and 1992 which eventually damaged the Partnership by decreasing the market value of Maranatha Inn.

4. The Original Partnership sold Maranatha Inn to David and Mary Klug on April 1, 2000 for a selling price of $485,000. The Original Partnership was damaged because the price was dramatically decreased as a consequence of the 1988 and 1992 legislation as more fully set out in the Second Amended Complaint.

5. As a part of the sale of Maranatha Inn, the original partners in the Original Partnership sold their ownership interests in the Partnership to the Klugs.

6. On November 20-21, 2002, Gerald Berger as a representative of the Original Partnership attended a meeting by Counsel of Record Jeff Eckland with respect to the case.

7. On November 30, 2002, Gerald Berger whose address was 2535 South Shore Blvd., White Bear Lake MN 55110 sent a letter on behalf of the Original Partnership to Counsel of Record Jeff Eckland informing him of the principal relevant facts stated above in paragraphs 2, 3, 4 and 5. A copy of the November 30, 2002 letter is attached hereto as Exhibit A.

8. On January 24, 2003, Counsel of Record Jeff Eckland sent a letter to Gerald Berger offering representation to the Original Partnership including a Contingency Fee Agreement. A copy of the January 24, 2003 letter is attached hereto as Exhibit B.

9. In the January 24, 2003 letter, Counsel of Record Jeff Eckland wrote that Gerald Berger would be the "key contact person" and he expected Gerald Berger to ensure his "general and limited partners (if any) and all other relevant business associates, will receive copies of such mailings and be otherwise apprised."

10. On February 4, 2003, Gerald Berger sent a letter to the partners in the Original Partnership explaining the terms of Counsel of Record Jeff Eckland's offer of representation to the Original Partnership including the Contingency Fee Agreement. A copy of the February 4, 2003 letter is attached hereto as Exhibit C.

11. Gerald Berger and Curtis Hogenson signed the Contingency Fee Agreement on behalf of the Original Partnership on or about February 10, 2003. The executed Contingency Fee along with a $1,250 retainer deposit was sent to Counsel of Record Jeff Eckland. A copy of the executed Contingency Fee Agreement is attached hereto as Exhibit D.

12. The Contingency Fee Agreement prepared by Counsel of Record Jeff Eckland and sent to Gerald Berger listed "R&R Investors", that is the Original Partnership, as "Client." The Contingency Fee Agreement indicated that the Client employed the Firm (Faegre & Benson) to represent the Client. Gerald Berger and Curtis Hogenson signed the Contingency Fee Agreement as General Partners of "R&R Investors" -- the Original Partnership.

13. On September 30, 2003, Counsel of Record Jeff Eckland identified the Original Partnership as the Plaintiff in Complaint for Breach of Contract and Just Compensation ("Complaint") filed that day:

> (91) R&R Investors, A Limited Partnership[1]
> 2535 South Shore Boulevard
> St. Paul MN 55110

14. Counsel of Record Jeff Eckland identified the Original Partnership as the Plaintiff in paragraph 91 of the Complaint:

> 91. R&R Investors, a Limited Partnership, with an address at 2535 South Shore Boulevard, St. Paul MN 55110, entered into one contract for rental housing at the following project known as:
>
> (i) Maranatha Inn Apartments, consisting of twenty-five (25) units.

15. On January 9, 2004, David Klug as managing partner of the successor owners of R&R Investors Partnership acknowledges that the Original partners of R&R Investors Partnership – not the successor partners – owned all right, claim and interest to this lawsuit and all proceeds from this lawsuit:

> Diane Larson
> Former Partner, R&R Investors Et Al
>
> Dear Diane:
>
> In the event that R&R Investors, now owned by me, receives any funds through litigation started by past partner, Gerald Berger, I will assign any and all interest received to those checks and to any law suit proceeds to the Original partners of R&R Investors.
>
> At the time any funds are received from me, I will direct the return of any funds to you, so that you may do disbursal according to your partnership agreement
>
> Sincerely,
>
> David Klug
> Managing Partner
> R&R Investors

[1] The identification of the Original Partnership on the Complaint appears imprecise in one regard. It appears, under Minnesota law, that the Original Partnership was not a "limited partnership."

A copy of the January 9, 2004 letter is attached hereto as Exhibit E.

16. On February 27, 2004, Counsel of Record Jeff Eckland identified the Original Partnership as the Plaintiff in Complaint for Breach of Contract and Just Compensation ("Amended Complaint") filed that day:

> (92) R&R Investors, A Limited Partnership
> 2535 South Shore Boulevard
> St. Paul MN 55110

17. Counsel of Record Jeff Eckland identified the Original Partnership as the Plaintiff in paragraph 92 of the Amended Complaint:

> 92. R&R Investors, a Limited Partnership, with an address at 2535 South Shore Boulevard, St. Paul MN 55110, entered into one contract for rental housing at the following project known as:
>
> (i) Maranatha Inn Apartments, consisting of twenty-five (25) units.

18. Upon information and belief, on or about May 3, 2004, David and Mary Klug sold the Maranatha Inn and their ownership interest in R&R Investors Partnership to JJS Property Management d/b/a R&R Investors and/or Paul Strangis.

19. On September 6, 2004 -- after Counsel of Record Jeff Eckland left Faegre & Benson, LLP to start Eckland & Blando, LLP -- Gerald Berger as Managing Partner wrote a letter to Jack M. Fribley of Faegre & Benson requesting that Jeff Eckland of Eckland & Blando, LLP be Counsel of Record and that the client file be transferred. A copy of the September 6, 2004 letter is attached hereto as Exhibit F.

20. On December 22, 2004, Counsel of Record Jeff Eckland identified the Original Partnership as the Plaintiff in Complaint for Breach of Contract and Just Compensation ("Second Amended Complaint") filed that day:

> (92) R&R Investors, A Limited Partnership
> 2535 South Shore Boulevard
> St. Paul MN 55110

21. Counsel of Record Jeff Eckland identified the Original Partnership as the Plaintiff in paragraph 92 of the Second Amended Complaint:

Case 1:03-cv-02264-SGB Document 33 Filed 10/05/2007 Page 5 of 16

> 92. R&R Investors, a Limited Partnership, with an address at 2535 South Shore Boulevard, St. Paul MN 55110, entered into one contract for rental housing at the following project known as:
>
> (i) Maranatha Inn Apartments, consisting of twenty-five (25) units.

22. Counsel of Record Jeff Eckland specified facts regarding the Original Partnership in paragraph 135 of the Second Amended Complaint:

> 135. R&R Investors, a Limited Partnership: (i) regarding Maranatha Inn Apartments, a pre-1979 property, plaintiff planned to prepay its FmHA mortgage without restrictions and raise rents on or about 12/02/97. As a result of the meeting, or otherwise communicating, with agency officials regarding prepayment of its mortgage loan, said plaintiff did not submit any prepayment request at that time because of the futility of doing so. Plaintiff has not been [sic] permitted to raise rents to market rate rent levels.

23. In 2006, JJS Property Management d/b/a R&R Investors, 2330 Troop Drive #103, Sartell MN 56377, and/or Paul Strangis – who purchased the property and partnership on or about May 3, 2004 -- have claimed that they are the plaintiffs in the case – not the Original Partnership.

24. It has been my understanding that RCFC 17 (b) provides that partnerships or other unincorporated associations, like the Original Partnership, who otherwise might lack the capacity to sue under applicable law, may, nonetheless, sue in their own name to enforce a "substantive right existing under the Constitution or laws of the United States." That is what the Original Partnership did as evidenced by the Complaint, Amended Complaint and Second Amended Complaint.

25. It is also my understanding that RCFC 25(c) permits an action, if there is a transfer of interest, to "be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

26. Recently, Faegre & Benson, working with Counsel of Record Jeff Eckland, identified a conflict and informed Curt Hogenson that different counsel was required.

27. So, the Original Partnership has hired Erick G. Kaardal of Mohrman & Kaardal, P.A. authorizing Erick G. Kaardal to file the accompanying motion to substitute as Counsel of Record for R&R Investors, that is the Original Partnership.

Case 1:03-cv-02264-SGB Document 33 Filed 10/05/2007 Page 6 of 16

I, Curt Hogenson, understand this declaration is made under the provisions of 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 5, 2007

Curtis O. Hogenson

Curtis O. Hogenson

YR. 02 #4-

Gerald A Berger
2535 South Shore Blvd.
White Bear Lake, MN 55110
Telephone: 651-429-3094

November 30, 2002

Re Maranatha Inn, Royalton, MN,

Jeff Eklund
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

Dear Mr Ecklund,

As briefly discussed previously at our meeting of November 20-21, 2002 at the Ramada Inn Airport at Mall of America, I requested that Maranatha Inn be included in the litigation now underway, described as Franconia Associates, et al vs. United States

Maranatha Inn, located in Royalton MN, is a single building comprised of 25 one bedroom apartments and a large social room. This property was purchased on December 4, 1984 by our general partnership called R&R Investors Partnership which was comprised of Gerald Berger (managing Partner), Diane Larson, Curtis Hogenson, Norman Arvidson (now deceased), and Robert Abel, (now no longer a partner) The purchase price at the date of purchase was $610,050.

R&R Investors subsequently sold Maranatha Inn on April 1, 2000 for a selling price of $485,000. The Reserve Account totaling $53,996.19 was transferred gratis to the buyer as required by the USDA. The selling agent was sternly told by the USDA at the Waite Park, MN office that the USDA mortgages on the property could not be prepaid, in order to take the property out of the USDA program. The selling agent described the statement of the FmDA person as blunt, stern, and without any toleration of discussion on this matter.

It would be appreciated if you would include the Maranatha Inn property in the Franconia Associates, et al vs United States litigation currently underway

If you need anything more at this time, please advise.

Sincerely,

Gerald A. Berger

Gerald A Berger

EXHIBIT
A

100475

YR03 #2
(NDYR03 #1)

FAEGRE & BENSON LLP

2200 WELLS FARGO CENTER, 90 SOUTH SEVENTH STREET
MINNEAPOLIS, MINNESOTA 55402-3901
TELEPHONE 612 766 7000
FACSIMILE 612 766 1600

JEFF H ECKLAND
jeckland@faegre.com
612 766 7060

January 24, 2003

Gerald Berger
19602 132nd Dr. N
Sun City West, AZ 85375

Re: FmHA/HUD Tucker Act Housing Litigation

Dear Jerry:

As we discussed, enclosed please find information regarding the litigation and the Contingent Fee Agreement(s), which I trust meets with your approval. Please return a fully signed Agreement to me, for each property with which you are affiliated, along with a deposit of $50.00 per unit (maximum of $2,000 per mortgage). For your reference, the total amount due for your property or properties is set forth on page two of the Agreement(s). We plan to file the lawsuit by January 31, 2003, so please return the Agreement(s) and your check(s) as soon as possible.

Please know that from now on you will be regarded as the "key contact" person for each project. This means that you will be the person designated to receive all future mailings regarding the litigation and other developments. We will look to you to ensure that your general and limited partners (if any), and all other relevant business associates, will receive copies of such mailings and be otherwise apprised – by you – of future developments.

Should you have any questions or comments, please feel free to call.

Best regards.

Very truly yours,

Jeff H. Eckland

JHE:crici
Enclosures
M2:20514043.01



EXHIBIT
B

100461

Case 1:03-cv-02264-SGB Document 33 Filed 10/05/2007 Page 9 of 16

YR03 #3

Gerald Berger
2535 South Shore Blvd.
White Bear Lake, MN 55110

February 4, 2003

To: Diane Larson
2929 Aurora Lane
St Cloud, MN 56303

To: Curtis Hogenson
860 South Syndicate
St. Paul, MN 55116

About four years ago the Partners of Albany Apartments partnership decided to become part of and invest in a legal suit against the government with a well known Minnesota law firm, Faegre and Benson LLP This law firm was instrumental in putting together their law suit in behalf of quite a number of owners of FmHA low income housing.

At issue was the prior Act of Congress that nullified the provision of the FmHA contract with the project owners, that heretofore had given the project owners the right of unfettered ownership with a right of unfettered salability of the property at market if the property owners previously paid off the Fm HA mortgage prior to sale

The Act of Congress cancelled this original contract provision and thereby reduced the market balue of the property as well as potential operating income in many cases.

As the attached information from Faegre and Benson LLP shows, the law suit filed in one FmHA low income housing case went all the way to the US Supreme Court. As shown in the attachments the US Supreme Court unanimously sided with the USDA project owners.

Now Faegre and Benson has already been filing cases with the courts to determine damages

At a two- day seminar with Faegre and Benson that I attended, I was able to get the law firm, at this late date, to agree to take on Maranatha Inn as a client in determining damages. The attorney believes damages could lead to many thousands of dollars for project owners

A retainer of $1250 is required I can't predict but it is possible that another retainer will be required if the case drags on. Albany Apartments, over the last four years, paid two retainers with a greater risk of the courts being negative to us

EXHIBIT
C

100459

I think this is a great opportunity for us, as previous project owners, to collect substantial damages

As you know, Norman Arvidson, as a previous partner/ owner, died last year This occurred after Arvidson was totally paid off by the buyer, David Klug Norman Arvidson's partnership interest was 22%

As you are already aware, the other partnership shares are still shown as follows:

Diane Larson 26%
Curt Hogenson 21%
Gerald Berger 31%

To bring this ownership distribution up to date I would suggest a proportionate percent change as follows to total 100%.

Diane Larson 32%
Curt Hogenson 28%
Gerald Berger 40 %

I have already discussed the litigation matter with Diane Larson who is as anxious as I am, to get this going Each of you would therefore need to immediately sign the $1250 Contingent Fee agreement and contribute as follows: Diane Larson $400, Curt Hogenson $350 and Gerald Berger $500 Please send your check payable to me, sign the contract and return both to me as quickly as possible I will send a single check to the attorney for the Partnership

If you do not wish to participate please send me a note to that affect as soon as possible and return the unsigned documents.

I am presently in Arizona until May 5 and my present address is 19602 N. 132 Drive, Sun City West, Arizona, 85375 Send it here My telephone number is 623-546-1083

Sincerely,

Gerald G. Berger
Gerald Berger

# CONTINGENT FEE AGREEMENT

THIS AGREEMENT entered into the ______ day of ___________, 2003, by and between the Law Firm of FAEGRE & BENSON LLP, hereinafter referred to as Attorneys or Attorney, and R & R INVESTORS, hereinafter referred to as Client, with respect to the following property or properties owned by Client: Maranatha Inn (25 Units)

NOW THEREFORE, in consideration of the covenants and conditions herein contained, it is agreed:

Client employs Attorneys to represent Client as his/her/its Attorney at Law regarding the following matter:

FmHA Tucker Act Housing Claims

Client will join a lawsuit to be filed in the United States Court of Federal Claims similar in kind to lawsuits filed by Attorneys on behalf of the existing clients of Attorneys who are plaintiffs in lawsuits including *Adams v United States*, No 96-699C; *Allegre Villa v United States*, No 98-823C; *Bellas Domas v United States*, No 98-826C; *Franconia Associates v United States*, No 97-381C; and *Grass Valley Terrace v United States*, No 00-5094 All such clients of Attorneys, together with any additional clients retained by Attorneys in the subject matter, shall constitute the Tucker Act FmHA Housing Claims Client Group ("Client Group") The client acknowledges that the Client Group is represented by a Claimants Committee comprised of existing members of the Client Group, and that said committee is governed by an Executive Board As explained further below, all clients in the Client Group shall share in the costs incurred in this matter

Said Attorneys are authorized to negotiate settlement of said claims, to sue on said claims, and to prosecute the same to judgment In addition, Attorneys are authorized to enter into a settlement agreement(s) with the United States regarding the Client's claims provided that Attorneys receive authorization for any such settlement from the Client Group, by and through its Claimants Committee or the Executive Board of said Committee. The Client hereby agrees to make no settlement or offer of settlement without the consent of the Attorneys and the Claimants Committee or its Executive Board

Of any recovery obtained, either as a result of an action, through compromise, or otherwise, Client agrees to pay to Attorneys, as follows:

> 33 - 1/3% of the value of all recoveries if a collection is made pursuant to settlement or judgment

EXHIBIT

D

Said percentage of Attorneys' fees shall be determined from amounts of money recovered, or in the event that no money recovery is had by Client, and other recovery is made, or that some money recovery is had by Client in combination with the obtaining of some other recovery, then said percentage shall be determined by the value of said recovery and money, if any

In addition to the percentage above, all "out of pocket" costs incurred in connection with Client's case shall be paid by Client and shall be paid in advance unless other arrangements are made with Attorneys Costs shall include, but are not limited to, expenses for: telephone charges, postage, service of process, investigation, paralegal services, research, travel, photocopying, transcripts, witness fees including expert witnesses, deposition costs, associated counsel, and any other expenses necessary and reasonably connected with the pursuit of Client's cause of action. If any costs are outstanding at the time of collection of judgment or settlement, the Attorneys shall be reimbursed said costs from the Client's share of the collection of judgment or settlement If no recovery is obtained, no Attorneys' fees shall be payable to said Attorneys, but Client shall still pay to the Attorneys necessary costs incurred Associated counsel may be employed at the discretion of the Attorneys

In recognition of this Agreement and as initial payment for the above Attorneys' costs, a retainer of $1,250 00 is hereby paid by the Client and acknowledged as received by the Attorneys These funds will be placed in a trust account and drawn on as needed to pay for the costs of the litigation, associated with any and all properties owned by Client, through Cost Assessments made on the trust account. Each time that an assessment is made by Attorneys, a notice will be provided to the Client stating the amount withdrawn and the amount remaining in the account Attorneys may also request additional retainers from Client to deposit into the account as deemed necessary by Attorneys to pay for future costs

The Client acknowledges that a significant amount of work already has been accomplished by Attorneys while representing the existing members of the Client Group that will redound to the direct benefit of the Client, and that various Cost Assessments already have been made on the existing trust account The Client thus agrees to share in the prior cost assessments made in this matter in a manner to be approved by the Claimants Committee or its Executive Board The Client also acknowledges that Attorneys will make additional assessments in the future, and agrees to share in all future assessments along with the existing members of the Client Group

The Client may terminate Attorneys' employment or direct that the Client's cause of action be dismissed, and the Attorneys may withdraw from Client's representation. In the event of any such termination, dismissal, or withdrawal, however, Attorneys shall be entitled to Attorneys' fees at the applicable hourly rates charged by the Attorneys, costs, and expenses accrued to the date of termination, dismissal, or withdrawal

IN WITNESS WHEREOF, Attorney and Client have executed this Agreement as of the day, month, and year above written.

CLIENT R & R Investors

*Gerald A. Berger*
Its General Partner

*Curtis O. Hogenson*
Its General Partner

*[signature]*
ATTORNEY

CURTIS HOGENSON
JO ANN HOGENSON
860 SYNDICATE ST S 651-698-5783
ST PAUL, MN 55116-2228

M7:20517301 01

9006

17-2/910 140

DATE 2-10-03

PAY TO THE ORDER OF GERALD BERGER $ 350.00

THREE HUNDRED FIFTY 00/100 DOLLARS

usbank. Five Star Service Guaranteed
www.usbank.com

FOR FEE AGREEMENT BENSON/28%

*Curtis Hogenson*

HARLAND 2001



100453

Case 1:03-cv-02264-SGB Document 33 Filed 10/05/2007 Page 14 of 16

IN WITNESS WHEREOF, Attorney and Client have executed this Agreement as of the day, month, and year above written.

CLIENT R & R Investors

Gerald A. Berger

Its General Partner

Curtis O. Hogenson

Its General Partner

Jeff H. Eckland

ATTORNEY

K. Curt Hogenson sign here

M2:20517301 01

Client - Sign here & Return Page to G Berger

&

...TIS HOGENSON
SYNDICATE ... S
PAUL MN 551..

GERALD BERGER
19602 N. 132 DRIVE
SUN CITY WEST, AZ 85375

100454

David Klug
R&R Investors
4661 45th Avenue SE
St Cloud, MN 56304

January 9, 2004

Diane Larson
Former Partner, R&R Investors ET Al

Dear Diane:

In the event that R&R Investors, now owned by me, receives any funds through litigation started by past partner, Gerald Berger, I will assign any and all interest received to those checks and to any law suit proceeds to the original partners of R&R Investors

At the time any funds are received from me, I will direct the return of any funds to you, so that you may do disbursal according to your partnership agreement

Sincerely,

David Klug
Managing Partner
R&R Investors

EXHIBIT
E

Case 1:03-cv-02264-SGB Document 33 Filed 10/05/2007 Page 16 of 16

YR 04 # 6

Gerald A. Berger
2535 South Shore Blvd.
White Bear Lake, MN 55110

September 6, 2004

To: Faegre and Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 5402-3901

Attention: Mr Jack M. Fribley

This hereby informs and requests Faegre and Benson LLP that Albany Apartments Partnership and R&R Investors Partnership (Maranatha Inn) cases be transferred to Jeff Ecklund as attorney of record for the above cases, as decided upon by the U S Supreme Court in the Franconia Associate case.

I have not received the election form that you state in your letter of August 23, 2004 as having been sent to me. I expect this letter to be sufficient for the transfer of Attorneys. If you still want me to sign these forms please send them and I will sign them

Sincerely,

Gerald A. Berger

Gerald A. Berger
Managing Partner

Cc /Ecklund and Blando
Attorneys at Law
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402

EXHIBIT F

# EXHIBIT D

Mohrman & Kaardal, P.A.

Attorneys and Counselors at Law

33 South Sixth Street
Suite 4100
Minneapolis, Minnesota 55402

Erick G. Kaardal

Telephone: 612/341-1074
Facsimile: 612-341-1076
Writer's E-Mail: kaardal@mklaw.com

October 5, 2007

Jeff Eckland, Esq.
Eckland & Blando LLP
500 Lumber Exchange
10 South Fifth Street
Minneapolis MN 55402

William L. Roberts, Esq.
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis MN 55402-3901

Re: A.F.T.E.R. Incorporated, et al. v. United States of America
Case No. 03-2264C (Judge Braden)

Dear Mr. Eckland and Mr. Roberts:

Based on the enclosed Declaration of Curtis Hogenson, my client, Plaintiff R&R Investors in the above-referenced lawsuit, acknowledges that you and your law firms, by your actions, have terminated your legal services representing Plaintiff R&R Investors in the above-referenced litigation. My client, Plaintiff R&R Investors in the above-referenced litigation, has directed me to ask you to transfer the file to my office. Please call if you have questions. Thank you.

Sincerely,

Erick G. Kaardal

STATE OF MINNESOTA | DISTRICT COURT
HENNEPIN COUNTY | FOURTH JUDICIAL DISTRICT

Faegre & Benson LLP and Eckland & Blando LLP,

Interpleader Plaintiffs,

vs.

R&R Investors, Curtis Hogenson, Diane Larson, Eileen M. Berger, Shirley J. Arvidson, David Klug, Mary Klug, Paul Strangis, the estate of Norman K. Arvidson, and the estate of Gerald Berger

Interpleader Defendants.

File No. 27-cv-07-2114

**[PROPOSED] ORDER**

This matter is before the Court upon Interpleader Plaintiffs' Verified Motion to Deposit Funds.

Based on Interpleader Plaintiffs' Verified Motion to Deposit Funds and the record in this proceeding, IT IS HEREBY ORDERED:

(1) Interpleader Plaintiffs Faegre & Benson LLP and Eckland & Blando LLP (collectively "Faegre & Eckland) are authorized to pay into Hennepin County Court the First Fund in the amount of $37,500;

(2) Faegre and Eckland are authorized to pay into Hennepin County Court any future proceeds which, in addition to the First Fund, constitute the total settlement proceeds to which Interpleader Defendant R&R Investors is entitled (the "Total Settlement Proceeds");

(3) Interpleader Defendants shall interplead and assert their various rights and claims to the First Fund and the Total Settlement Proceeds;

(4) Upon payment by Faegre & Eckland of the First Fund and Total Settlement Proceeds, Faegre and Eckland, and each of them, shall be discharged and released of and from all liability, legal and/or equitable, arising out of the First Fund and/or Total Settlement Proceeds.

Date: October _____, 2007

_______________________________
The Honorable Herbert P. Lefler
Hennepin County District Court

fb.us.2365183.01

# EXHIBIT I

Mohrman & Kaardal, P.A.

Attorneys and Counselors at Law

33 South Sixth Street
Suite 4100
Minneapolis, Minnesota 55402

Erick G. Kaardal

Telephone: 612/341-1074
Facsimile: 612-341-1076
Writer's E-Mail: kaardal @mklaw.com

October 5, 2007

Jeff Eckland, Esq.
Eckland & Blando LLP
500 Lumber Exchange
10 South Fifth Street
Minneapolis MN 55402

William L. Roberts, Esq.
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis MN 55402-3901

Re: A.F.T.E.R. Incorporated, et al. v. United States of America
Case No. 03-2264C (Judge Braden)

Dear Mr. Eckland and Mr. Roberts:

Based on the enclosed Declaration of Curtis Hogenson, my client, Plaintiff R&R Investors in the above-referenced lawsuit, acknowledges that you and your law firms, by your actions, have terminated your legal services representing Plaintiff R&R Investors in the above-referenced litigation. My client, Plaintiff R&R Investors in the above-referenced litigation, has directed me to ask you to transfer the file to my office. Please call if you have questions. Thank you.

Sincerely,

Erick G. Kaardal

EXHIBIT I