**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

A.F.T.E.R. Incorporated, *et al.*,

Plaintiffs,

v.

United States,

Defendant.

**Case No. 03-2264C**
**(Judge Susan G. Braden)**

**DECLARATION OF PAUL STRANGIS IN OPPOSITION TO MOTION TO SUBSTITUTE COUNSEL OF RECORD**

I, Paul Strangis, swear or affirm and state under penalty of perjury:

1. I am over the age of 18. I have personal knowledge of the facts set forth below, and if called upon to do so, could and would competently testify thereto.

2. I am the controlling owner and general partner of R&R Investors, a Minnesota Partnership ("R&R"). I have acted in that capacity since September 1, 2004.

3. Since during or about September 2004, I have been working with Jeff H. Eckland as attorney of record for R&R in prosecuting R&R's lawsuit against the Government in the above-captioned matter. R&R is currently represented in this matter by Faegre & Benson LLP and Eckland & Blando LLP (collectively, "plaintiff's counsel").

4. After the parties negotiated for a period of many months with Judge Marian Blank Horn acting as a mediator, on May 21, 2007, R&R (among other plaintiffs) entered into a Settlement Agreement with the United States of America.

5. I understand that, pursuant to the terms of the Settlement Agreement, the Government issued an initial, lump-sum payment. Plaintiff's counsel now hold in trust a

portion of that initial payment that is due and payable to R&R. The final damage calculations are currently being completed by the parties. Once they are completed, I anticipate that the Government will issue additional settlement proceeds that would be due and payable to R&R.

6. I am aware of Curtis Hogenson's attempt to remove Jeff H. Eckland as counsel of record and substitute Erick G. Kaardal as counsel of record for R&R. As controlling owner and general partner for R&R, I oppose the motion. Mr. Hogenson is no longer a partner of R&R and has no involvement or affiliation with the partnership at this time. Therefore, Mr. Hogenson has no authority to instruct Mr. Kaardal, or anyone for that matter, to act on behalf of R&R, much less to remove plaintiff's counsel as attorneys for R&R.

7. R&R has settled its claims with the Government and is in the process of administering the settlement as brokered by Judge Horn. R&R intends to honor the terms of the Settlement Agreement and believes that, once the parties fully discharge their obligations under the Settlement Agreement, the above-captioned case will be dismissed with prejudice.

8. I am aware that former partners of R&R, including Mr. Hogenson, claim an entitlement to all or a portion of the settlement proceeds that are or may become due and payable to R&R.

9. Plaintiff's counsel have filed an interpleader action in Hennepin County District Court in the State of Minnesota. They have also filed a motion to deposit in Hennepin County District Court certain proceeds they currently hold in trust for R&R. My understanding is that plaintiff's counsel took this action to enable a court of appropriate jurisdiction to resolve the question of who is entitled to the proceeds they currently hold in

trust for R&R. I have been told that Mr. Hogenson has been served with the interpleader summons and complaint, and is therefore a party to those proceedings. To the extent that Mr. Hogenson seeks to have an appropriate court resolve whether he is entitled to some or all of R&R's settlement proceeds, Mr. Hogenson should raise any arguments he has in the interpleader action in Minnesota.

10. Although I believe that the Court should deny Mr. Hogenson's motion, at the very least, the Court should stay the motion pending resolution of the Minnesota interpleader action. At present, I am aware of no impending action that needs to be taken in the above-captioned case. I am aware of no pending motions or deadlines. As I understand the posture of the case, the Settlement Agreement reached by the parties will fully and finally resolve the claims in the above-captioned matter. The agreement has been executed and the final damage calculations are currently being completed. Once the final damages amounts are determined, the Government will remit the final settlement proceeds and the parties will dismiss the above-captioned case with prejudice. In short, I cannot envision a likely scenario in which the parties would need the Court to take any action in the above-captioned case, much less any time soon.

Dated: October 26, 2007

Paul Strangis

fb.us.2370108.01