IN THE UNITED STATES

COURT OF FEDERAL CLAIMS

---

A.F.T.E.R. Incorporated, et al.,

Plaintiff,

vs.

United States of America,

Defendant.

Case No. 03-2264C
(The Honorable
Susan G. Braden)

# Reply Brief of R & R Investors (UPA Partnership)

---

**MOHRMAN & KAARDAL, P.A.**
Erick G. Kaardal
William F. Mohrman
33 South Sixth Street, Suite 4100
Minneapolis, Minnesota 55402-3601
Telephone: (612) 341-1074

*Counsel for Plaintiff R&R Investors (UPA Partnership), Curtis Hogneson, Diane Larson, Eileen M. Berger, and Shirley J. Arvidson, partners*

**FAEGRE & BENSON LLP**
William L. Roberts
90 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000

**ECKLAND & BLANDO LLP**
Jeff H. Eckland
10 South Fifth Street, Suite 500
Minneapolis, Minnesota 55402
Telephone: (612) 236-0162

TABLE OF CONTENTS

INTRODUCTION ........ 1

BACKGROUND ........ 2

1. Minnesota Partnership Law As to Claims Arising Before January 1, 1999 ........ 2

2. Background Regarding the Real Property At Issue ........ 3

3. The R&R Investors UPA Partnership Files Its Tucker Act Claims At Issue In This Matter ........ 6

4. The R&R Investors UPA Partnership Suffered a Loss Upon the Sale of the Building to the Klugs ........ 7

5. R&R Investors UPA Partnership's Tucker Act Claims Asserted in This Action Occurred on or About December 2, 1997 ........ 8

6. The Federal Anti-Assignment Act Prohibits Strangis and any Partnership in which he is a General Partner From Asserting R&R Investors UPA Partnership's Tucker Act Claims ........ 8

ARGUMENT ........ 10

I. The Court Should Grant The Motion Because The Plaintiff-Party Is R&R Investors *UPA* Partnership ........ 11

II. Plaintiff R&R Investors UPA Partnership Will Be Prejudiced If The Motion Is Denied Or Stayed ........ 19

CONCLUSION ........ 20

## Table of Authorities

**Cases** **Page**

*Doyle v. United States,* 15 Ct. Cl. 150 (1980)……………………………..…...11, 16

*Franconia Associates v. U.S.,* 536 U.S. 129 (2002)……………………....…….8

*Patterson v. United States,* 173 Ct. Cl. 819 (1965)…………………………...…..9

*Steans Co. v. United States,* 34 Fed. Cl. 264 (1995)……………………...…….9

*United States v. Dow,* 357 U.S. 17 (1958)………………………………..….…10

**Statutes**

Minnesota Uniform Partnership Act, Minn. Stat. § 323 (1921)…………..…2, 3

Minn. Stat. § 323.23 (1921)…………………………………….....……...3

Minn. Stat. § 323.24 (1921)…………………………………..………......3

Minn. Stat. § 323.28…………………………………………………….4

1997 Minn. Laws ch. 147, art. 12 § 68, amended 1998 Minn.
Laws ch. 262, art. 12…………………………………………………3

**Court Rules**

Rules of Court of Federal Claims 17…………………………………..…10

**Other Authorities**

*Partnership Law and Practice,* J. William Callison and
Maureen A. Sullivan (Thompson/West 2007)…………………...….....2

## INTRODUCTION

The Faegre & Benson LLP and Eckland & Blando LLP response memorandum dated October 29, 2007 ("Response") to our October 5th motion to substitute counsel lacks factual and legal foundations. As a result, the Response has only a "superficial validity" from the first sentence on:

> Curtis Hogenson is a **former** partner of R&R Investors ("R&R"), a plaintiff in the above-captioned action.[1]

Under Minnesota's Uniform Partnership Act, and consistent with the Tucker Act claim brought in September of 2003, the following statement –completely converse to the Response's statement – has proper legal and factual foundations:

> Curtis Hogenson, Diane Larson, Eileen M. Berger, Shirley J. Arvidson are partners of R&R Investors ("R&R"), a plaintiff in the above-captioned action.

The foundations are not only proper, but also reflects the real party in interest.

Faegre & Benson and Eckland & Blando filed a complaint in 2003 on behalf of R&R Investors, a partnership formed under Minnesota law. The partners, Curtis Hogenson, Diane Larson, Gerald Berger, and Shirley J. Arvidson agreed to the retainer agreement. The Complaint asserted the partners' claims as R& R Investors under the Tucker Act against the United States regarding its actions that accrued on December 1, 1997. The claims are theirs and theirs alone.

The motion to substitute counsel is a necessity derived from the confusing picture drawn by Faegre and Eckland. To clear the confusion, this Court has jurisdiction and must now answer one question — who is the party in interest with

[1] Response to Motion to Substitute Counsel of Record dated October 29, 2007 at p.1 (emphasis added).

the valid claim against the United States and thus retains the right to choose legal counsel of their choice?

Contrary to Faegre's and Eckland's understanding of Minnesota partnership law, their current client, Paul Strangis, does not own or hold the 1997 claim of R&R Investors. Under Minnesota law, the partners of R&R Investors at the time of the accrual of the cause of action own the Tucker Act claim. They never sold that claim to anyone. Furthermore, under federal law, the Anti-Assignment Act prohibits the assignment of such claims. It is disingenuous for Faegre and Eckland to now assert that Stangis and his new partnership somehow owns the right to the 1997 claim—a claim accrued seven years before the creation of the Strangis partnership— or assume the monetary damages due to the previous owners.

The party in interest owns the claim and has a right to choose legal counsel to represent it in this Court. Therefore, the motion to substitute counsel should be granted.

## BACKGROUND

### 1. Minnesota Partnership Law As to Claims Arising Before January 1, 1999.

Minnesota adopted the Uniform Partnership Act – codified at Minn. Stat. § 323 ("UPA") in 1921. Under UPA, the partners owned all partnership property as *tenants in partnership* because "[t]he Uniform Partnership Act adopts the aggregate approach to partnerships, whereby partnerships are associations of persons rather than separate legal entities." *Partnership Law and Practice,* J. William Callison and Maureen A. Sullivan, at 3-4 (2007). For example, the UPA stated "property rights of

a partner are rights in specific partnership property, an interest in the partnership, and the right to participate in management" and that a "partner is coowner with the other partners of specific partnership property holding as a tenant in partnership."[2]

In 1997, Minnesota adopted the Revised Uniform Partnership Act – codified at Minn. Stat. § 323A with an effective date of January 1, 2002 ("RUPA").[3] The 1997 Laws, however, included a savings clause regarding UPA partnerships:

> Sec. 69 [Savings Clause]
> Minnesota statutes, chapter 323A, does not affect an action or proceeding commenced or right accrued before January 1, 1999.

So, UPA partnerships created prior to January 1, 1999 are not subject to the RUPA if the rights of the partners accrued *prior to* January 1, 1999.

Because the claims in this case accrued prior to January 1, 1999, the RUPA does not apply.

**2. Background Regarding the Real Property At Issue.**

The subject property, the Maranatha Inn, is on property legally described as follows:

> Lots Sixty-two (62), Sixty-three (63) and Sixty-four (64) in Bradfords Addition to the City of Royalton, and Lots Four (4) and Five (5), Block Seven (7), in Green's Second Addition, according to the plat thereof on file in the office of the County Recorder in Morrison County, Minnesota.[4]

---

[2] Minn. Stat. § 323.23; Minn. Stat. § 323.24. (The repeal of the UPA became effective January 1, 2002 well after the accrual of the claim and the filing of the Complaint in this Court).

[3] Laws 1997, chapter 174, article 12, section 68 as amended by Laws 1998, chapter 262, section 12.

[4] The "Property." See Appendix attached at page 1 ("App. at p.----").

On November 2, 1978, the Janskis acquired the Property owning it as "tenants in partnership." The partnership was called R&R Investors. The deed referred to the grantee as "R&R Investors, a partnership consisting of Ruth Ann Janski and Robert R. Janski."[5]

Seven years later, on December 29, 1983, the Janksis changed the title of the property from "tenants in partnership" to "tenants in common." The deed shows the transfer from "R&R Investors, a partnership consisting of Ruth Ann Janski and Robert R. Janski" to "Ruth Ann Janski and Robert R. Janski, husband and wife, as joint tenants."[6]

One year later, on December 14, 1984, the Janskis transferred the property to a new partnership[7] called "R&R Investors, a Minnesota partnership" consisting of the following existing members: Curtis O. Hogenson, Robert C. Abel, Gerald A. Berger, Norman K. Arvidson and William D. Willhite" ("the UPA Partnership").[8] The quit claim deed, however, incorrectly listed William D. Willhite as a partner of R&R Investors and incorrectly omitted Diane L. Larson as a partner of R&R Investors.[9]

---

[5] App. at p. 1.
[6] App. at p. 2.
[7] Until the effective date of Minnesota's savings clause governing rights or claims accrued before January 1, 1999, and effective date of the Revised Uniform Partnership Act — 2002, the governing statutory law declared that any change in the relationship of the partners is defined as a dissolution of *that partnership:* "The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on, as distinguished from the winding up, of the business." Minn. Stat. § 323.28 (1921).
[8] App. at p. 4.
[9] Affidavit of Robert Abel, App. at pp. 5-8.

These individual partners owned the property as "tenants in partnership" and had a partnership agreement ("R&R Investors I -UPA Partnership").[10]

In 2003, the owners of the Property, except the deceased partners Norman K. Arvidson, and William Willhite, transferred all of their interests in the Property to David and Mary Klug as joint tenants through a series of deeds.[11] The five deeds reflected the following:

| **Date** | **Grantor** | **Grantee** |
|---|---|---|
| 3/3/03 | Diane L. Larson and Stanley E. Larson (her husband) | David P. Klug and Mary v. Klug |
| 5/5/03 | Gerald A. Berger and Eileen M. Berger | David P. Klug and Mary v. Klug as joint tenants |
| 3/21/03, 12/2/03 (corrected) | Curtis O. and JoAnn E. Hogenson | David P. Klug and Mary v. Klug |
| 12/1/03 | Robert C. Abel and Nicola S. Abel | David P. Klug and Mary v. Klug |
| 12/8/03 | William D. Willhite and Kaye L. Willhite | David P. Klug and Mary v. Klug[12] |

On December 18, 2003, the David and Mary Klug transferred the property to a new partnership owned by them called "R&R Investors, a Minnesota General Partnership" ("R&R Investors II – RUPA Partnership").[13]

On May 3, 2004, David P. Klug and Mary V. Klug transferred the Property to a new partnership called "R&R Investors, a Minnesota General Partnership." ("R& R

---

[10] App. pp. 9- 16
[11] Gerald Berger continued as a partner with a 1% interest, subsequently acquired by Mary Klug. The transfer of the individual partners' interests in the Property to the Klugs however, was not completed until 2003 with the filing of the five deeds and corrective deed as listed above. Memo. at p. 3.
[12] App. at pp. 17- 21.
[13] App. at p. 22.

Investors III – RUPA Partnership").[14] Paul Strangis in his affidavit testifies that, since September of 2004, he has been the controlling owner and general partner in this *new partnership*. Aff. of Paul Strangis ¶ 2.

**3. The R&R Investors I - UPA Partnership Files Its Tucker Act Claims At Issue In This Matter.**

The R&R Investors I - UPA Partnership, through its attorneys, Faegre, filed its Tucker Act claims in the United States Court of Federal Claims on or about September 30, 2003. The R&R Investors I - UPA Partnership's claim was brought in the name of "R&R Investors" because RCFC 17(b) provides that partnerships or other unincorporated associations, like the UPA partnership, who might otherwise lack the capacity to sue under applicable state law, may, nonetheless, sue in their own name to enforce a "substantive right existing under the Constitution or laws of the United States." Faegre, in filing the Complaint, Amended Complaint and Second Amended Complaint (current complaint) on behalf of R&R Investors I - UPA Partnership correctly identified the address of R&R Investors I - UPA Partnership as "2535 South Shore Boulevard, St. Paul MN 55110."

The R&R Investors I -UPA Partnership agreement between Gerald A. Berger, Curtis O. Hogenson, Robert C. Abel, Norman K. Arvidson and Diane L. Larson continued as long as there was property owned as tenants in partnership. The R&R Investors I - UPA Partnership's agreement states:

> 13. Duration. The partnership shall continue until all its assets shall have been disposed of.

[14] App. at p. 23.

App. at p. 12. Therefore, since the claim against the United States arose during the time R&R Investors I -UPA Partnership owned the Property, it remains and continues as the party in interest for the purpose of pursuing its remedies under the allegations asserted against the United States as filed in this Court.

**4. The R&R Investors I - UPA Partnership Suffered a Loss Upon the Sale of the Building to the Klugs.**

The subject property, the Maranatha Inn, is on property legally described as follows:

> Lots Sixty-two (62), Sixty-three (63) and Sixty-four (64) in Bradfords Addition to the City of Royalton, and Lots Four (4) and Five (5), Block Seven (7), in Green's Second Addition, according to the plat thereof on file in the office of the County Recorder in Morrison County, Minnesota.

App. at p. 1 ("Property").

On December 4, 1984, the R&R Investors I - UPA Partnership purchased the Property for $610,050. Hogenson Dec. ¶ 2. As stated in the Second Amended Complaint, Congress enacted legislation in 1988 and 1992 restricting prepayment of the Property's mortgage. The 1988 and 1992 legislation obviously diminished the market value of the Property because, under federal law, R&R Investors I - UPA Partnership could not charge market rate rents for the apartment units. Hogenson Dec. ¶ 3. In 2000, the R&R Investors I - UPA Partnership sold the Property to David and Mary Klug for a price of $485,000.[15] The selling price was approximately $125,000 less than the purchase price R&R Investors I - UPA Partnership paid 16

[15] The purchase agreement reflected the actual purchase price of the Property at $485,000. The Klugs also purchased, dollar for dollar, the funds remaining in the R&R Investors I - UPA Partnership's bank account in the amount of $55,000. This reserve account was required to stay with the building per the FmHA mortgage.

years earlier. Hogenson Dec. ¶ 4. Thus, R&R Investors I - UPA Partnership filed its Complaint, First Amended Complaint and Second Amended Complaint asserting the loss based upon the 1988 and 1992 federal legislative restrictions on mortgage pre-payments.

**5. R&R Investors I - UPA Partnership's Tucker Act Claims Asserted in This Action Occurred on or About December 2, 1997.**

R&R Investors I - UPA Partnership's Tucker Act claims for breach of contract and a taking on their Property, as set forth in their complaint, accrued on or about December 2, 1997:

> R&R Investors, a Limited Partnership: (1) regarding Maranatha Inn Apartments, a pre-1979 property, plaintiff planned to prepay its FmHA mortgage without restrictions and raise rents on or about 12/02/97. As a result of this meeting, or otherwise communicating, with agency officials regarding prepayment of its mortgage loan, said plaintiff did not submit any prepayment request at that time because of the futility of doing so. Plaintiff has not been permitted to raise rents to market rate rent levels.

*See* Second Amended Complaint, paragraph 135. R&R Investors I - UPA Partnership filed their complaint on or about September 30, 2003 – within the six-year statute of limitations from the government's wrongful rejection of R&R Investors I -UPA Partnership's tender of prepayment. *Franconia Associates v. U.S.*, 536 U.S. 129, 149 (2002)..

**6. The Federal Anti-Assignment Act Prohibits Strangis and any Partnership in Which he is a General Partner From Asserting R&R Investors I - UPA Partnership's Tucker Act Claims.**

R&R Investor I - UPA Partnership partners never assigned the Tucker Act claims in this case to anyone. Nonetheless, Strangis asserts that the new partnership, R&R Investors III – RUPA Partnership, in which he is now a general partner, now

owns the Tucker Act claims in this matter as a result of purchasing the Property from the Klugs or their partnership, R&R Investors II – RUPA Partnership, in 2004. Simply put, Strangis and his new partnership claim to be the real party in interest in this action -- but cannot be. For instance, the Assignment of Claims Act, 31 U.S.C. § 3727 (2000) ("Anti-Assignment Act") prevented R&R Investors I - UPA Partnership from assigning its claims in the first instance; thus, federal law specifically prohibits Strangis and his new partnership R&R Investors III – RUPA Partnership from asserting the claims in this action. [16]

The intent of the Assignment of Claims Act is to allow the government to deal exclusively with *the original claimant* and to place the government on notice of its obligations. *Patterson v. United States,* 173 Ct. Cl. 819, 823 (1965). The prohibition against the assignment of claims is intended to prevent multiple payments of claims, make unnecessary the investigation of assignments, and eliminate the risk of double payment or multiple liabilities. *Stearns Co. v. United States,* 34 Fed. Cl. 264, 270 (1995); *Patterson,* 173 Ct. Cl. at 823.

Further, R&R Investors I - UPA Partnership's claims are viable Tucker Act claims – making R&R Investors I - UPA Partnership the real party in interest under RCFC 17. As the United States Supreme Court has stated, the owner of the land at the time of a taking, not a subsequent land owner, is entitled to just compensation. *United States v. Dow,* 357 U.S. 17 (1958).

[16] Furthermore, there is no written documentation expressly indicating that the R&R Investors I - UPA Partnership partners released or assigned to any other party or entity their past, present, or future claims.

It is without question that the partners of Plaintiff R&R Investors I - UPA Partnership owned the Property as tenants in partnership at the time the claim as set forth in the Second Amended Complaint accrued in 1997. It is also without question the partners of R&R Investors I - UPA Partnership suffered damages in 2000 with the Property sale to the Klugs and/or their partnership – R&R Investors II – RUPA Partnership — for $125,000 less than the $610,000 purchase price. Finally, R&R Investors I-UPA Partnership did not sell the Property nor its claims to some other partnership similarly called "R&R Investors" in which Strangis is a general partner.[17] Rather, R&R Investors I - UPA Partnership sold the Property to David and Mary Klug. Strangis' ***new partnership*** is a subsequent owner of the Property and is specifically barred under the Anti-Assignment Act from asserting the claims R&R Investors I - UPA Partnership owned on December 1, 1997 and asserted in this action.

## ARGUMENT

As a plaintiff-party, Plaintiff R&R Investors I - UPA Partnership has a right to

[17] R&R Investors I- UPA Partnership's claim against the United States is an asset that was neither transferred, assigned, or sold as part of any agreement relating to the change of the relationship of the partners and any subsequent continuation of the business of the R&R Investors I – UPA Partnership to R&R Investors II – RUPA Partnership and certainly not to Strangis' R&R Investors III – RUPA Partnership. The Property sold in 2000 did not include any past, present, or the future claim of damages of the partners' interests of R&R Investors I –UPA Partnership; hence, the diminishment of the market value of the Property is R&R Investors I – UPA Partnership's claim for damages against the United States and remains the property of the R&R Investors I - UPA Partnership partners.

choose their attorney.[18] Anything short of a grant of the partners' motion to substitute counsel would constitute a denial of Plaintiff R&R Investors I - UPA Partnership's rights to choose their own counsel, a concomitant denial of due process and results in unnecessary further federal and state litigation for Plaintiff R&R Investors I - UPA Partnership. Plaintiff R&R Investors I - UPA Partnership filed a claim and, irrespective of the merits, has a right to pursue their claims in this Court with their choice of counsel.

## I. THE COURT SHOULD GRANT THE MOTION BECAUSE THE PLAINTIFF-PARTY IS R&R INVESTORS I - UPA PARTNERSHIP.

The Response to Motion to Substitute Counsel of Record errs by repeatedly stating as a theme — albeit inaccurately — that Plaintiff R&R Investors I - UPA Partnership is not the plaintiff-party and that Strangis' partnership is the plaintiff-party. But to repeat an inaccuracy does not result it becoming a truth or persuasive. For example:

- "Curtis Hogenson is a former partner of R&R Investors ("R&R"), a plaintiff in the above-captioned action." (Memo. at 1)
- "The current owner and managing partner of R&R Investors is Paul Strangis." (*Id.* at 2)
- "Because current and former partners of R&R Investors have asserted competing claims to the proceeds currently held in trust for R&R." (*Id.*)
- "During the pendency of this action, Mr. Paul Strangis purchased a controlling interest in R&R and is now the managing partner." (*Id.* at 3)
- "Paul Strangis is the current managing partner of R&R." (*Id.* at 4)
- "Mr. Hogenson is a former partner of R&R…" (*Id.)*
- "Each current and former R&R partner is a party in the Minnesota action." (*Id.)*

[18] *Doyle v. United States,* 15 Cl. Ct. 150, 151 (1980).

- "The issue, rather, is whether Mr. Hogenson, who is no longer a partner in R&R, has the authority to speak for R&R today and remove Mr. Eckland as counsel." (*Id.* at 5)
- "It would be inappropriate for this Court to deprive R&R of the counsel of its current managing partner's choice based solely on a demand from a former partner who Mr. Strangis avers has no current authority to speak for R&R." (*Id.)*
- "Because it is an interpleader action, the Minnesota court will have personal jurisdiction over the parties (including the many former R&R partners, as Interpleader Defendants, who are not currently before this Court)." (*Id.)*
- "Specifically, whether Mr. Strangis or Mr. Hogenson or some other party to the Minnesota Action is entitled to speak on behalf of R&R." (*Id.* at 7.)
- "R&R can not possibly be prejudiced by allowing plaintiffs' counsel to handle R&R's claims along with all the others." (*Id.* at 8.)
- "[P]laintiffs' counsel respectfully suggest that the Court permit Mr. Strangis and R&R, through separate counsel, to submit further evidence and argument setting forth his position as to whether Mr. Hogenson has any authority to speak for R&R or any entitlement to control or participate in the handling of the now-settled claim." (*Id.* at 9.)

The repeated cries of counsel are hollow because they do not comport with the facts.

The evidence reveals that Plaintiff R&R Investors I - UPA Partnership is the plaintiff-party. The information provided in the previously-submitted Declaration of Curtis O. Hogenson (including attachments) is unchallenged in the Response:

- On November 20-21, 2002, Gerald Berger as a representative of Plaintiff R&R Investors I - UPA Partnership attended a meeting by Counsel of Record Jeff Eckland with respect to the case.
- On November 30, 2002, Gerald Berger whose address was 2535 South Shore Blvd., White Bear Lake MN 55110 sent a letter on behalf of Plaintiff R&R Investors I - UPA Partnership to Counsel of Record Jeff Eckland informing him of the principal relevant facts regarding the R&R Investors I - UPA Partnership's loss.
- On January 24, 2003, Counsel of Record Jeff Eckland sent a letter to Gerald Berger offering representation to Plaintiff R&R Investors I - UPA Partnership including a Contingency Fee Agreement.

- In the January 24, 2003 letter, Counsel of Record Jeff Eckland wrote that Gerald Berger would be the "key contact person" and he expected Gerald Berger to ensure his "general and limited partners (if any) and all other relevant business associates, will receive copies of such mailings and be otherwise apprised."
- On February 4, 2003, Gerald Berger sent a letter to the partners in Plaintiff R&R Investors I - UPA Partnership explaining the terms of Counsel of Record Jeff Eckland's offer of representation to Plaintiff R&R Investors I - UPA Partnership including the Contingency Fee Agreement.
- Gerald Berger and Curtis Hogenson signed the Contingency Fee Agreement on behalf of the R&R Investors I - UPA Partnership on or about February 10, 2003. The executed Contingency Fee along with a $1,250 retainer deposit was sent to Counsel of Record Jeff Eckland.
- The Contingency Fee Agreement prepared by Counsel of Record Jeff Eckland and sent to Gerald Berger listed "R&R Investors", that is the R&R Investors I - UPA Partnership, as "Client." The Contingency Fee Agreement stated that the Client employed the Firm (Faegre & Benson) to represent the Client. Gerald Berger and Curtis Hogenson signed the Contingency Fee Agreement as General Partners of "R&R Investors" – Plaintiff R&R Investors I - UPA Partnership.
- On September 30, 2003, Counsel of Record Jeff Eckland identified Plaintiff R&R Investors I - UPA Partnership as the Plaintiff in Complaint for Breach of Contract and Just Compensation ("Complaint") filed that day:

  (91) R&R Investors, A Limited Partnership
  2535 South Shore Boulevard
  St. Paul MN 55110
- Counsel of Record Jeff Eckland identified Plaintiff R&R Investors I - UPA Partnership as the Plaintiff in paragraph 91 of the Complaint:

  91. R&R Investors, a Limited Partnership, with an address at 2535 South Shore Boulevard, St. Paul MN 55110, entered into one contract for rental housing at the following project known as:

  (i) Maranatha Inn Apartments, consisting of twenty-five (25) units.
- On January 9, 2004, David Klug as managing partner of R&R Investors II – RUPA Partnership acknowledged that partners of the R&R Investors I UPA Partnership – not any other partnership – owned all right, claim and interest to this lawsuit and all proceeds from this lawsuit:

  Diane Larson
  Former Partner, R&R Investors Et. Al.
  Dear Diane:

> In the event that R&R Investors, now owned by me, receives any funds through litigation started by past partner, Gerald Berger, I will assign any and all interest received to those checks and to any law suit proceeds to the UPA partners of R&R Investors.
> At the time any funds are received from me, I will direct the return of any funds to you, so that you may do disbursal according to your partnership agreement.
> Sincerely,
> David Klug
> Managing Partner
> R&R Investors

- On February 27, 2004, Counsel of Record Jeff Eckland identified Plaintiff R&R Investors I - UPA Partnership as the Plaintiff in Complaint for Breach of Contract and Just Compensation ("Amended Complaint") filed that day:

  > (92) R&R Investors, A Limited Partnership
  > 2535 South Shore Boulevard
  > St. Paul MN 55110

- Counsel of Record Jeff Eckland identified R&R Investors I – UPA Partnership as the Plaintiff in paragraph 92 of the Amended Complaint:

  > 92. R&R Investors, a Limited Partnership, with an address at 2535 South Shore Boulevard, St. Paul MN 55110, entered into one contract for rental housing at the following project known as:
  > (i) Maranatha Inn Apartments, consisting of twenty-five (25) units.

- Upon information and belief, on or about May 3, 2004, David and Mary Klug sold the Maranatha Inn to JJS Property Management d/b/a R&R Investors and/or Paul Strangis' R&R Investors III – RUPA Partnership.
- On September 6, 2004 -- after Counsel of Record Jeff Eckland left Faegre & Benson, LLP to start Eckland & Blando, LLP – Gerald Berger as Managing Partner wrote a letter to Jack M. Fribley of Faegre & Benson requesting that Jeff Eckland of Eckland & Blando, LLP be Counsel of Record and that the client file be transferred.
- On December 22, 2004, Counsel of Record Jeff Eckland identified Plaintiff R&R Investors I - UPA Partnership as the Plaintiff in Complaint for Breach of Contract and Just Compensation ("Second Amended Complaint") filed that day:

  > (92) R&R Investors, A Limited Partnership
  > 2535 South Shore Boulevard
  > St. Paul MN 55110

- Counsel of Record Jeff Eckland identified Plaintiff R&R Investors I - UPA Partnership as the Plaintiff in paragraph 92 of the Second Amended Complaint:

  > 92. R&R Investors, a Limited Partnership, with an address at 2535 South Shore Boulevard, St. Paul MN 55110, entered into one contract for rental housing at the following project known as:
  >
  > (i) Maranatha Inn Apartments, consisting of twenty-five (25) units.

- Counsel of Record Jeff Eckland specified facts regarding Plaintiff R&R Investors I - UPA Partnership in paragraph 135 of the Second Amended Complaint:

  > 135. R&R Investors, a Limited Partnership: (i) regarding Maranatha Inn Apartments, a pre-1979 property, plaintiff planned to prepay its FmHA mortgage without restrictions and raise rents on or about 12/02/97. As a result of the meeting, or otherwise communicating, with agency officials regarding prepayment of its mortgage loan, said plaintiff did not submit any prepayment request at that time because of the futility of doing so. Plaintiff has not been [sic] permitted to raise rents to market rate rent levels.

Similarly to the Response Memorandum, the Declaration of Paul Strangis has numerous errors. Moreover, the Strangis Declaration shows that Strangis tortiously interfered with Plaintiff R&R Investors I - UPA Partnership's attorney-client relationship with Faegre & Benson LLP and Eckland & Blando LLP. The law firms have further aided and abetted Strangis in his attempted tortious raid on Plaintiff R&R Investors I - UPA Partnership's Tucker Act claims in this Court. These acts of Faegre and Eckland are acts of impropriety justifying this Court to intervene and allow for the substitution of counsel as requested.[19]

First, Strangis had nothing to do with Plaintiff R&R Investors I - UPA Partnership filing its claim on or about September 30, 2003. By his own declaration,

---

[19] *Doyle,* 15 Cl. Ct. at 151.

Strangis became controlling owner and partner of a new partnership also known as "R&R Investors" on September 1, 2004 – nearly a year after Plaintiff R&R Investors I - UPA Partnership's claim was filed on or about September 30, 2003. Strangis Dec. ¶ 2.

Second, Faegre and Eckland fail to explain how the partners of R&R Investors I - UPA Partnership acquired the authority to start a lawsuit on behalf of the partnership in which Strangis, as the general partner of R&R Investors III – RUPA Partnership, now assets as the party in interest for a claim filed in this Court in 2003. The partners of the 1984 R&R Investors I - UPA Partnership were not partners of the 2003 R&R Investors II – RUPA Partnership -- nor partners of the 2004 R&R Investors III – RUPA Partnership.

Second, Strangis misrepresents that Faegre & Benson LLP and Eckland & Blando LLP represents his R&R Investors III - RUPA Partnership in this Court. *Id.* at ¶ 3. The only "R&R Investors" that these law firms represent in this Court is the R&R Investors I - UPA Partnership. The Complaint, Amended Complaint and Second Amended Complaint list the address of "R&R Investors" at 2535 South Shore Boulevard, St. Paul, Minnesota 55110 – the R&R Investors - UPA Partnership's address. The mistake Strangis made, rather than hiring a different law firm to file a claim, was to raid R&R Investors I - UPA Partnership's law firms to take away its Tucker Act claims.

Third, Strangis erroneously makes the claim that he settled the R&R Investors I - UPA Partnership's claim. *Id.* at ¶¶ 4, 6. However, Strangis could not have settled

R&R Investors I - UPA Partnership's claim before this Court because he never had authority from R&R Investors I - UPA Partnership to settle the claim.

Fourth, Strangis erroneously makes a claim on the partial settlement trust funds held by Faegre & Benson for R&R Investors I - UPA Partnership. *Id.* at ¶ 5. To the contrary, R&R Investors I-UPA Partnership has exclusive title to any partial settlement trust funds held by Faegre & Benson if any.

Fifth, Strangis erroneously asserts that R&R Investors I - UPA Partnership has no authority to proceed on its claim. *Id.* at ¶ 6. Minnesota partnership law, as previously detailed, unequivocally provides that R&R Investors I - UPA Partnership partners owned the partnership property as tenants in partnership at the time the Tucker Act claims accrued on or about December 2, 1997. The savings clause associated with the 2002 repeal of the Uniform Partnership Act states, "Minnesota statutes, chapter 323A, does not affect an action or proceeding commenced or ***right accrued*** before January 1, 1999." (Emphasis added.) The federal Anti-Assignment Act bars R&R Investors I - UPA Partnership partners from assigning the Tucker Act claims in this case to Strangis' new partnership or anyone else. Therefore, only R&R Investors I - UPA Partnership – not Strangis, nor R&R Investors III – RUPA Partnership -- has the authority to proceed on their Tucker Act Claims.

Sixth, Strangis erroneously asserts that the case is settled. *Id.* at ¶ 7. The case has not settled per R&R Investors I - UPA Partnership's directions. The settlement agreement has not been administered as it relates to R&R Investors I - UPA Partnership's Tucker Act claims. The final damages award per the settlement or

otherwise has not been determined. *Id.* at ¶ 10. Judgment has not been entered. Mr. Strangis' claim that "the above-captioned case will be dismissed with prejudice" only indicates his intent to further railroad R&R Investors I - UPA Partnership, the law firms involved, and court processes.

Seventh, Strangis is incorrect to believe R&R Investors I - UPA Partnership must pursue its claims in Faegre's and Eckland's Minnesota interpleader action. *Id.* at ¶ 6. Only this Court has jurisdiction over R&R Investors I - UPA Partnership's Tucker Act claims, not Minnesota's Hennepin County District Court.

Eighth, Strangis mis-advises this Court by telling it there is not "a likely scenario in which the parties would need the Court to take any action in the above-captioned case, much less any time soon." There is reason for this Court to act. It is axiomatic that attorneys do not choose the client; the client chooses the attorney. How can this Court continue with this case without determining the real party in interest and who controls it?

Final adjudication with the United States requires the real party in interest to settle the claims. It is within sole and exclusive jurisdiction of this Court to ensure finality with the proper parties to avoid future claims, if any, against the United States. This Court must grant R&R Investors I - UPA Partnership's motion to substitute counsel so that R&R Investors I - UPA Partnership can proceed with their Tucker Act claims.

## II. PLAINTIFF R&R INVESTORS I - UPA PARTNERSHIP WILL BE PREJUDICED IF THE MOTION IS DENIED OR STAYED.

Plaintiff R&R Investors I - UPA Partnership will be prejudiced if the Motion is denied or stayed. The Response is wrong to claim that the law firms' continued representation of the R&R Investors I - UPA Partnership results in "no danger of prejudice." Memo at 2, 8-9. First, as set forth above, this is absurd – until the Court decides this Motion, Eckland has no authority to act on behalf of the Plaintiff and this Court cannot allow him to act.

Second, as counsel of record, Mr. Eckland, represents the wrong party in interest.

Third, Mr. Eckland, by arguing Plaintiff R&R Investors I - UPA partnership does not exist, has taken the position that Plaintiff R&R Investors I - UPA Partnership was not damaged by the sale in 2000 to the Klugs. In the administration of the settlement agreement, Plaintiff R&R Investors UPA Partnership demands that its damages claim be processed *as loss upon the sale in 2000*. Eckland isn't doing that – rather he is calculating damages based *on loss of future revenue* to favor Strangis and his R&R Investors III – RUPA Partnership. No Minnesota interpleader action is going to solve this conflict involving the calculation of damages in this case – only the real party in interest can make that decision and this Court must determine who the real party in interest is. In fact, the determination of damages according to the Settlement Agreement with the real plaintiff-party in interest would determine the outcome of any Minnesota interpleader action or similar action by Strangis. Nevertheless, the Minnesota Court has no jurisdiction to determine, calculate or allocate Tucker Act

damages for R&R Investors I - UPA Partnership's claim – that is for this Court within its regular Tucker Act jurisdiction to adjudicate.

Further, the substitution of Erick Kaardal for Jeff Eckland as counsel of record presents no possibility of prejudice. Nothing in the lawsuit would change except the counsel of record.

## CONCLUSION

The partners of Plaintiff R&R Investors I - UPA Partnership commenced an action in this Court in 2003. The claims against the United States for damages accrued in 1997 that resulted in a direct monetary loss to the partners in the sale of property in 2000. The past, present, or future claims were never sold and, because the Anti-Assignment Claims Act bars any assignment of their claims, those claims remain an asset of Plaintiff R&R Investors I - UPA Partnership.

As the plaintiff-party in interest in this Court, as a matter of right, the partners of R&R Investors I - UPA Partnership may choose the legal counsel of their choice. Faegre & Benson's and Eckland & Blando's acts of interference with that right are an impropriety requiring the court's intervention to fulfill the desire of the partners of R&R Investors I - UPA Partnership. Therefore, this Court should grant their motion for the substitution of counsel.

Dated: November 13, 2007

s/Erick G. Kaardal
Erick G. Kaardal

## Table of Contents to Appendix


**Document** **App. Page**

Janski Deed dated November 2, 1978……………………………………….…1

Quit Claim Deed dated December 29, 1983……………………………………2

Janski Quit Claim Deed to Hogenson, Abel, Berger, Arvidson, Willhite
dated December 14, 1984……………………………………………..…4

Affidavit of Robert C. Abel dated December 15, 2003………………………….5

Amended Partnership Agreement dated December 1, 1984……………………..9

Quit Claim Deed from Diane Larson to Klug dated March 3, 2003……………..17

Quit Claim Deed from Gerald Berger and Eileen Berger to Klug
dated May 5, 2003……………………………………………………..18

Quit Claim Deed from Curtis and JoAnn E. Hogenson to Klug
dated March 21, 2003………………………………………………….19

Quit Claim Deed from Robert C. Abel and Nicola S. Abel to Klug
dated December 1, 2003……………………………………………...…20

Quit Claim Deed from William D. Willhite and Kaye L. Willhite
to Klug dated December 3, 2003………………..………………………...21

Quit Claim Deed from David P. Klug and Mary V. Klug to R&R Investors
dated December 18, 2003………………………………………………22

Quit Claim Deed from David P. Klug and Mary V. Klug to R&R Investors
dated May 3, 2004…………………………………………………………23

11/09/07 14:25 FAX 218 828 0873 CYGNETURE TITLE 003

FILED NOV 14 1978 AT 2 P.M. 272119 Form No. 5 JAMES R. ANDERSON,

11/14/78 272449

This Indenture, Made this 2nd day of November, 1978,

between Claude N. Dullinger and Loretta E. Dullinger, husband and wife

of the County of Stearns and State of Minnesota, parties of the first part, and R&R Investors, a partnership consisting of Ruth Ann Janski and Robert R. Janski of the County of Benton and State of Minnesota, parties of the second part,

Witnesseth, That the said parties of the first part, in consideration of the sum of One and no/100--(and other good and valuable consideration)-----DOLLARS, to them in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, do hereby Grant, Bargain, Sell, and Convey unto the said parties of the second part as joint tenants and not as tenants in common, their assigns, the survivor of said parties, and the heirs and assigns of the survivor, Forever, all the tract or parcel of land lying and being in the County of Morrison and State of Minnesota, described as follows to-wit:

Lots One (1), Two (2), Three (3), Four (4), and Five (5), Block Seven (7), Green's Second Addition, and Lots Sixty-two (62), Sixty-three (63), and Sixty-four (64) of Bradford's Addition to the City of Royalton, Morrison County, Minnesota.

STATE OF Minnesota DEPT. OF TAXATION DEED STAMP TAX 19.80 — COUNTY MORRISON

Minnesota State Deed Tax $19.80

To Have and to Hold the Same, Together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining, to the said parties of the second part, their assigns, the survivor of said parties, and the heirs and assigns of the survivor, Forever, the said parties of the second part taking as joint tenants and not as tenants in common.

And the said Claude N. Dullinger and Loretta E. Dullinger, husband and wife, parties of the first part, for themselves, their heirs, executors and administrators, do covenant with the said parties of the second part, [illegible] assigns of the survivor, that they are well seized in fee of the lands and premises aforesaid and have good right to sell and convey the same in manner and form aforesaid, and that the same are free from all incumbrances [illegible]

And the above bargained and granted lands and premises, in the quiet and peaceable possession of the said parties of the second part, their assigns, the survivor of said parties, and the heirs and assigns of the survivor, against all persons lawfully claiming or to claim the whole or any part thereof, subject to incumbrances, if any, hereinbefore mentioned, the said parties of the first part will Warrant and Defend.

In Testimony Whereof, The said parties of the first part have hereunto set their hands the day and year first above written.

*Claude N. Dullinger*
CLAUDE N. DULLINGER

*Loretta E. Dullinger*
LORETTA E. DULLINGER

Doc. No. 272119

FILED JAN 11 84 AT 9A.M. 293682 JAMES R. ANDERSON, COUNTY RECORDER MORRISON COUNTY, MN.

Quit Claim Deed
Individual to Joint Tenants

THIS INDENTURE, made this 29th day of December, 1983 between R & R Investors, a partnership consisting of Robert R. Janski and Ruth Ann Janski, husband and wife of the County of Benton and State of Minnesota, parties of the first part, and Robert R. Janski and Ruth Ann Janski, husband and wife, as joint tenants of the County of Benton and State of Minnesota, parties of the second part,

WITNESSETH, That the said parties of the first part, in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration to them in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, do hereby Grant, Bargain, Quitclaim, and Convey unto the said parties of the second part as joint tenants and not as tenants in common, their assigns, the survivor of said parties, and the heirs and assigns of the survivor, Forever, all the tract or parcel of land lying and being in the County of Morrison and State of Minnesota, described as follows, to wit:

Lots One (1), Two (2), and Three (3), Block Seven (7), Green's Second Addition to the Town of Royalton, and also a tract of land lying between said Lot Three (3), Block Seven (7), Green's Second Addition and Lot Sixty-two (62), Bradford's Addition to the Town of Royalton, being a triangular tract lying and being between Portion Street on the North and the boundary line between said Bradford's Addition to the Town of Royalton and Green's Second Addition to the Town of Royalton on the South and between Fourth Street on the East and the alley between Fourth Street and Third Street on the West according to the names of said streets and alley in said Plat. All of said lots and said tract being one contiguous tract, according to the plat and survey thereof on file and of record in the office of the County Recorder in and for Morrison County, Minnesota. See Exhibit "A"

STATE DEED TAX DUE HEREON: $2.20

TAX STATEMENTS TO BE SENT TO:
Mr. and Mrs. Robert Janski
Rice, MN 56367

The total consideration for this property is $1,000.00 or less.

TO HAVE AND TO HOLD THE SAME, Together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining, to said parties of the second part, their assigns, the survivor of said parties, and the heirs and assigns of the survivor, Forever, the said parties of the second part taking as joint tenants and not as tenants in common.

JAN 11 '84 4/11/84 $2.20

293682


293682
JAMES R. ANDERSON
FILED JAN 11
EXHIBIT "A"
GILPATRICK
4th
PORTION
Play Ground Equipment
1
2
3
4
5
61
62
64
65

Form No. 28-M—QUIT CLAIM DEED
Individual (s) to Corporation or Partnership

Minnesota Uniform Conveyancing Blanks (1978)

No delinquent taxes and transfer entered; Certificate of Real Estate Value ( ) filed (X) not required
Certificate of Real Estate Value No. ______
June 23, 2000, 19 ______
Russ Nygren [signature]
County Auditor
by ______
Deputy

OFFICE OF COUNTY RECORDER
MORRISON COUNTY, MINNESOTA
I HEREBY CERTIFY THAT
THIS INSTRUMENT # 398592
WAS FILED/RECORDED IN THIS OFFICE FOR RECORD
ON THE 23 DAY OF June A.D. 2000
AT 9 O'CLOCK A M
ELDA MAE (BUNNY) JOHNSTON, COUNTY RECORDER
BY Elda Mae (Bunny) Johnston
FEE 15.00 S.O. 4.50 CHECK ✓ CASH ______ P.P. 1
WELL CERT ______ SEPTIC CERT ______
REC'D Tri County Abstract
RETURN St Cloud

STATE DEED TAX DUE HEREON: $ 1.65

Date: Dec 14, 19 84

FOR VALUABLE CONSIDERATION, Robert R. Janski and Ruth Ann Janski, husband and wife (marital status), Grantor (s),

hereby convey (s) and quitclaim (s) to R & R Investors, a Minnesota Partnership consisting of the following existing members: ***, Grantee, a partnership under the laws of Minnesota, real property in Morrison County, Minnesota, described as follows:

*** Curtis O. Hogenson, Robert C. Abel, Gerald A. Berger, Norman K. Arvidson, and William D. Willhite.

Lots 62, 63, & 64 in Bradfords Addition to the City of Royalton, and Lots 4 & 5, Block 7, in Green's Second Addition, according to the plat thereof on file in the office of the County Recorder in Morrison County, Minnesota.

THE TOTAL CONSIDERATION FOR THIS TRANSFER OF PROPERTY IS LESS THAN $1,000.00.
Seller knows of no well on property
(if more space is needed, continue on back)
together with all hereditaments and appurtenances belonging thereto.

County of Morrison
State of Minnesota
DEED STAMP TAX $ 1.65
Date 6-23-2000 DS

Nº 06833

Robert R. Janski [signature]
Robert R. Janski

Ruth Ann Janski [signature]
Ruth Ann Janski

STATE OF MINNESOTA
COUNTY OF Stearns } ss.

The foregoing instrument was acknowledged before me this 14 day of December, 19 84, by Robert R. Janski and Ruth Ann Janski, husband and wife, Grantor (s).

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)

ROBERT C. ABEL
NOTARY PUBLIC—MINNESOTA
STEARNS COUNTY
MY COMM. EXP. DEC. 12, 1990

[signature]
SIGNATURE OF PERSON TAKING ACKNOWLEDGMENT

Tax Statements for the real property described in this instrument should be sent to (Include name and address of Grantee):

R & R Investors
2535 Shore Blvd. S.
White Bear Lake, MN 55110

THIS INSTRUMENT WAS DRAFTED BY (NAME AND ADDRESS):
SCHROEDER, PENNINGTON & LIES
BY: Thomas W. Lies
P.O. Box 1756
St. Cloud, MN 56302

71046
Return to Tri-County Abstract

OFFICE OF COUNTY RECORDER
MORRISON COUNTY, MINNESOTA
I HEREBY CERTIFY THAT
THIS INSTRUMENT # 437727
WAS FILED/RECORDED IN THIS OFFICE FOR RECORD
ON THE 22 DAY OF December A.D. 2003
AT 9 O'CLOCK A M.
ELDA MAE (BUNNY) JOHNSTON, COUNTY RECORDER
BY Elda Mae (Bunny) Johnston
FEE 5.00 S.C. 5.00 CHECK ✓ CASH ___ P.P. 4
WELL CERT ___ SEPTIC CERT ___
REC'D Title Prof. + Abstract Co.
RETURN ___

STATE OF MINNESOTA )
) SS
COUNTY OF STEARNS )

**AFFIDAVIT OF ROBERT C. ABEL**

Robert C. Abel, being a former partner of R & R Investors, a Minnesota general partnership, being first duly sworn on oath, deposes and states as follows:

1. Robert R. Janski and Ruth Ann Janski entered into a Partnership Agreement, dated January 1, 1975, forming R & R Investors, a Minnesota general partnership.

2. The partners of R & R Investors, Robert R. Janski and Ruth Ann Janski, entered into a Sale Agreement, dated October 29, 1984, whereby Robert C. Abel offered to purchase R & R Investors.

3. The partners of R & R Investors, Robert R. Janski and Ruth Ann Janski, entered into an Amended Partnership Agreement, dated May 1, 1984, whereby paragraph 15 of said agreement prohibited a partner from assigning his or her partnership share, except with the express written consent of all other partners.

4. Subsequent to the Substitution of Partnership Agreement (as hereinafter defined), Robert C. Abel transferred his 5% partnership interest to the remaining partners leaving the remaining partners with the following partnership interest percentages:

| | |
|---|---|
| Gerald A. Berger | 31% |
| Diane L. Larson | 26% |
| Norman K. Arvidson | 22% |
| Curtis O. Hogenson | 21% |

RETURN TO:
Title Professionals and
Abstract Company
PO Box 878
St. Cloud, MN 56302
FILE# 0038088C

F:December 3, 2003:C2003 12 03
F:\DATA\17432\001\Affidavit of Robert Abel 2.wpd mjd

437727

5. The partners of R & R Investors, Robert R. Janski and Ruth Ann Janski, entered into a Substitution of Partnership Agreement, dated October 30, 1984 (the "Substitution of Partnership Agreement"), whereby they transferred all of their partnership interests to the following individuals in the following percentages:

| | |
|---|---|
| Gerald A. Berger | 30% |
| Robert C. Abel | 5% |
| Norman Arvidson | 20% |
| Diane L. Larson | 25% |
| Curtis O. Hogenson | 20% |

6. The Substitution of Partnership Agreement incongruently listed Gerald R. Berger, Robert C. Abel, and Norman Arvidson and the Incoming Partners. However, Gerald A. Berger, Robert C. Abel, Norman Arvidson, Diane L. Larson, and Curtis O. Hogenson executed the document and received partnership interests in R & R Investors.

7. Robert R. Janski and Ruth Ann Janski executed a Quitclaim Deed, dated December 14, 1984, and recorded in the Morrison County Recorder's Office on June 23, 2000, transferring to R & R Investors the following described real property:

See attached **Exhibit A.**

The Quitclaim Deed incorrectly listed William D. Willhite as a partner of R & R Investors and incorrectly omitted Diane L. Larson as a partner of R & R Investors.

8. Gerald A. Berger, Diane L. Larson, Norman Arvidson, and Curtis O. Hogenson, as the partners of R & R Investors, entered into an Amendment to Amended Partnership Agreement, dated February 15, 2000 (the "Amendment to Amended Partnership Agreement"), whereby they transferred all of their partnership interests to the following individuals in the following percentages:

FDecember 5, 2003 12:03
F:\DATA\17432\001\Affidavit of Robert Abel 2.wpd mjd

437727

| | |
|---|---|
| David P. Klug | 52% |
| Mary V. Klug | 47% |
| Gerald A. Berger | 1% |

9. Subsequent to the Amendment to Amended Partnership Agreement, Norman Arvidson died and any and all remaining partnership interests were assumed into R & R Investors.

10. R & R Investors continued to survive after the death of Norman Arvidson.

11. Subsequent to the Amendment to Amended Partnership Agreement, Gerald A. Berger transferred his 1% partnership interest to the remaining partners as follows:

| | |
|---|---|
| David P. Klug | 52% |
| Mary V. Klug | 48% |

FURTHER YOUR AFFIANT SAITH NOT.

Robert C. Abel

Subscribed and sworn to before me
this 15 day of December, 2003

Mary J. Molitor
Notary Public

MARY J. MOLITOR
NOTARY PUBLIC - MINNESOTA
My Comm. Exp. Jan. 31, 2008

**THIS INSTRUMENT DRAFTED BY:**
RINKE-NOONAN (DJH)
US Bank Plaza, Suite 300
P.O. Box 1497
St. Cloud, MN 56302
(320) 251-6700

FDecember 3, 2003:C2003 12:03
F:\DATA\17432\001\Affidavit of Robert Abel 2.wpd mjd

437727

Exhibit A

Lots Sixty-two (62), Sixty-three (63) and Sixty-four (64) in Bradfords Addition to the City of Royalton, and Lots Four (4) and Five (5), Block Seven (7), in Green's Second Addition, according to the plat thereof on file in the office of the County Recorder in Morrison County, Minnesota.

VIII

AMENDED

PARTNERSHIP AGREEMENT

THIS AGREEMENT, made this 1st day of December, 1984, by and between Gerald Berger, Robert Abel, Diane Larson, Curtis Hogenson, and Norman Arvidson, WITNESSETH:

WHEREAS, the above named parties desire to associate themselves as partners to conduct a residential apartment leasing business,

NOW THEREFORE, the parties hereto, in consideration of the mutual promises hereinafter set forth, agree as follows:

1. Partnership, Purpose, Name and Place of Business. The parties hereby form a partnership to be known as R & R Investors, dba Maranatha Inn Apartments, Consisting of Gerald A. Berger, 30% interst; Diane Lee Larson, 25% interest; Norman K. Arvidson, 20% interest; Curtis O. Hogenson, 20% interest; Robert C. Abel, 5% interest, for the purpose of constructing, financing, managing, and operating a residential apartment building or buildings in Royalton, Minnesota, with the principal place of business to be at Royalton, Minnesota, unless relocated by mutual agreement.

2. Performance by Partners. Each partner shall apply all of his experience, training, and ability in discharging his assigned functions in the partnership and in the performance of all work that may be necessary or advantageous to further business interests of the partnership.

3. Contribution. For the cost of purchasing lots 62, 63, and 64 in Bradford's Addition to the City of Royalton, and lots 4 & 5, Block 7, in Green's Second Addition according to the plat thereof on file in the office of the County Recorder in Morrison

County, Minnesota, pursuant to a purchase agreement entered into between Robert R. Janski, et al and the parties hereto. Each partner will also contribute cash in proportion to his ownership interest as stated in Paragraph 1 as may be required to carry on the business of the partnership, as agreed upon by the parties.

4. Business Expense. The expenses incurred by the partnership, resulting from carrying on the business purposes of the partnership shall become payable on the account of the partnership. All losses incurred shall be paid out of capital of the partnership or the profits arising from the conduct of the business, or, if both shall be deficient, by the partners on a pro-rata basis in proportion to their original contributions as provided herein.

5. Books and Records. Books and accounts shall be maintained by the partners and kept at the partnership business office, 22 Wilson Avenue Northeast, St. Cloud, Minnesota and proper entries made therein of all sales, purchases, receipts, payments and transactions, and property of the partnership, account books, and all records of the partnership shall be retained at the principal place of business as specified in Paragraph 1, above.

6. Accounting. As soon as practical after the close of each fiscal year of the partnership, a general accounting shall be made and taken by the partners, or their accountant, of all rentals, purchases, receipts, payments, and transactions of the partnership during the preceding fiscal year, and of all the capital property and current liabilities of the partnership as of the close of the preceding fiscal year. The general accounting shall be entered in the partnership account books and signed by any two partners immediately after it is completed. After the

signature of two partners is entered, all partners shall receive one of the general accounting statements and shall be bound by every entry therein, except that if any manifest error is found by any partner and shown to the other partners within six months after the error shall have been noted by all of them, the error shall be rectified.

7. <u>Distribution of Profits</u>. Each partner shall be entitled to a share of the net profits of the business in proportion to their ownership interest as stated in Paragraph 1 and all losses occuring in the course of the business shall be borne in the same proportion, unless the losses are occasioned by the willful neglect or default, and not mere mistake or error, of any of the partners, in which case the loss so incurred shall be borne by the partner through whose neglect or default the losses shall arise. Distribution of profits, (the amount of profits to be distributed and the amount to be retained as operating capital to be as agreed upon by the partners) shall be made as soon as possible after the annual general accounting, as required under Paragraph 6 above, has been completed.

8. <u>Advance Draws</u>. Advance division of anticipated profits in any year may be made only upon written consent of each partner. The total sum of the advance draw of each partners shall be deducted from the sum the partner is entitled to receive under the provisions of Paragraph 7, above.

9. <u>Salary</u>. No partner shall receive any salary from the partnership, unless salary is authorized for one of the parties by subsequent agreement between all parties, the only compensation in connection with this venture to be paid to the partners to be as provided in Paragraphs 7 and 8 of this agreement.

10. Additional Contributions. The partners shall not be required to contribute any capital to the partnership in addition to that required under Paragraph 3, hereof, except each partner shall be required to contribute a proportionate share in additional contributions if the fiscal year closes with an insufficiency of the capital account or profits of the partnership to meet current expenses.

11. Employee Management. The partnership has agreed to contract for the management of the property with ______________________________ ____________________________________________. Property Management Company, and they shall have sole authority to hire or dismiss any person in the employment of the partnership.

12. Release of Debts. No partner shall compromise, release or discharge any debt due or owing to the partnership without receiving the full amount thereof, unless the partner obtains the prior written consent of the other partners to the discharge of the indebtedness.

13. Duration. The partnership shall continue until all its assets shall have been disposed of.

14. Transfer of Deceased Partner's Stock. Upon the death of partner, the partnership shall purchase all of the interest of the deceased partner and the estate of the deceased partner shall sell all of said stock to the surviving partners. The partners shall fix the agreed value of the interest of the partnership by a certificate of agreed value signed by each partner and filed with the partnership. In no event shall a certificate of agreed value be effective unless signed by all the partners. The partners may at any time execute a new certificate of agreed value which

shall automatically replace all prior certificates of agreed value, and in no event shall any but the last certificate of agreed value be effective, for the purpose herein specified. The purchase price of the deceased partner's interest shall be equal to the proportionate value of his interest based upon the value of the partnership as a whole as set forth in the certificate of agreed value. For example, if the agreed value of the partnership as a whole is $150,000.00, and the deceased partner owns one-third interest in the partnership, the partnership would pay to the estate of the deceased partner the sum of $50,000.00.

15. Sale of Partnership Interest During Lifetime. No partner shall encumber or dispose of all or any part of his interest in the partnership, now owned or hereafter acquired by him, without the prior written consent of all other partners, or, in the absence of such written consent, without first giving to all of the partners at least thirty (30) days written notice by personal service or certified mail, return receipt, of the terms and conditions of any bona fide offer for the purchase of his interest. Within the thirty (30) day period, a meeting of the partners shall be called upon not less than five (5) nor more than ten (10) days notice by registered mail, and such meetings shall be held at the principal place of business of the partnership during normal business hours. At such meeting all of the partners desiring to make any such disposition shall be offered for sale and shall be subject to an option to purchase or to retire on the part of the partnership, which option shall be exercised, if at all, at the time of such meeting. The partnership may purchase such interest on the terms and conditions of the bona fide offer. If all the

interest of the partner desiring to make a disposition thereof are not purchased or retired by the partnership, then all restrictions imposed by this agreement upon the intervivos transfer of such sale shall forthwith terminate.

16. <u>Rights of Continuing Partner</u>. On the retirement or death of any partner, the remaining partners shall be at liberty, if they desire, to retain all trade names, designating the firm name used, and the respective parties shall sign and execute assignments, instruments, and papers which may be reasonable required for effectuating an amicable retirement or transfer of interest.

17. <u>Termination and Dissolution of Partnership</u>. The partnership may be voluntarily dissolved by ~~unanimous~~ 60% consent of the partners, with or without cause, or may be dissolved in accordance with the terms and conditions provided elsewhere in this agreement. Upon dissolution, the partnership assets will be distributed according to the following priority:

(a) Payment of all partnership debts and liabilities, except those owned to the partners, and the payment of all liquidation expenses.

(b) Payment of all partnership debts and liabilities owed to the partners

(c) Distribution to the partners in accordance with their percentage of contribution, as set forth herein, of any remaining assets of the partnership.

18. <u>Additions, Alterations, or Modifications</u>. Where it shall appear to the partners that this agreement, or any terms and conditions contained herein, are in any way ineffective or deficient, or not expressed as originally intended, and any alteration or

additions shall be deemed necessary, the partners will enter into, execute, and perform further deeds and instruments as their counsel shall advise. Any addition, alteration, or modification shall be in writing and no oral agreement shall be effective.

IN WITNESS WHEREOF, the parties have hereunto signed this agreement this 1st day of December, 1984.

R & R INVESTORS
A Minnesota Partnership

Robert C. Abel

Norman K. Arvidson

Gerald A. Berger

Diane Lee Larson

Curtis O. Hogenson

VIII

AMENDMENT TO AMENDED PARTNERSHIP AGREEMENT

AGREEMENT OF PARTNERS OF R. & R. INVESTORS PARTNERSHIP CONSENTING TO ASSIGN PARTNERSHIP BY ONE PARTNER TO THE OTHER PARTNERS, WITH THE ACTUAL TRANSFER BEING PART OF THIS AGREEMENT. R. & R INVESTORS IS A MINNESOTA PARTNERSHIP.

THIS AGREEMENT, made and entered into this 11th day of May, 1989 by and among Robert C. Abel, Curtis O. Hogenson, Norman K. Arvidson, Diane Lee Larson, Gerald A. Berger, hereinafter referred to as partners, for the sale of and transfer of the 5% total partnership interest of Robert C Abel to the other partners according to a new share interest for each partner as shown hereinafter as follows:

Robert C. Abel -- 0 interest share
Gerald A. Berger -- 31% interest share
Diane Lee Larson -- 26% interest share
Norman K Arvidson -- 22% interest share
Curtis O. Hogenson -- 21% interest share

WHEREAS the partners entered into an Amended Partnership Agreement, dated May 1, 1984; and

WHEREAS paragraph 15 of said agreement prohibits a partner from assigning his or her partnership share, except with the express written consent of all other partners: and

WHEREAS Robert C. Abel desires to have the other partners consent to such assignment and transfer; and

WHEREAS other partners desire to consent to such assignment and transfer according to the distribution of interest shares described above;

NOW THEREFORE, the parties to this agreement, in consideration of the premises, mutual covenants and other good and valuable consideration agree as follows:

1. The partners hereby give Robert C Abel written consent to assign, sell, and transfer his 5% partnership interest to the other partners with the result that the partners will each have an interest share as shown heretofore.

2. Robert C. Abel does herewith sell, assign and transfer his 5% partnership share to the other partners in accordance with the distribution shown heretofore.

3. Robert C. Abel expressly warrants to all the other partners that such sale, assignment and transfer shall not interefere in any way with the ordinary business of the partnership and that said sale, assignment and transfer shall not effect any of the rights, duties, obligations or other powers otherwise contained in the said Amended Partnership Agreement, dated May 1, 1984, including but not limited to any right of first refusal therein contained for all partners,with Robert C. Abel being herewith excluded.

4 Robert C. Abel is no longer a partner of R. & R. Investors Partnership.

IN WITNESS WHEREOF, the partners have caused this agreement to be executed and have hereunto set their hands the day and year first written above.

Robert C. Abel

Gerald A. Berger

Curtis O. Hogenson

Diane Lee Larson

Norman K. Arvidson

431224

Form R298

# QUITCLAIM DEED

THIS QUITCLAIM DEED, Executed this 3rd. day of March ,2003,19

by first party, Diane L. Larson and Stanley E. Larson (her husband)

whose post office address is 2929 Aurora Lane, St. Cloud, MN. 56303

to second party, David P. Klug and Mary V. Klug

whose post office address is 4661- 45th Ave. SE St. Cloud, MN. 56304

WITNESSETH, That the said first party, for good consideration and for the sum of $ 2,440.29 paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the right, title, interest and claim which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the County of Morrison County, State of Minnesota to wit:

Legal Description

Lots 62, 63, and 64, in Bradfords Addition to the City of Royalton, and Lots 4 and 5, Block 7, in Green's Second Addition, according to the respective plats thereof on file and of record in the office of the County Recorder in and for Morrison County, Minnesota.

County of Morrison
State of Minnesota
DEED STAMP TAX ....$ 1.65
Date 07-02-03 PH

№ 12775

This document was drafted by Diane L. Larson residing ~~at 2929 Aurora Lane, St. Cloud, MN. 56303 on March 3, 2003~~

IN WITNESS WHEREOF, The said first party has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in presence of:

Diane L. Larson 3/3/03

Stanley E. Larson 3/3/03

State of Minnesota March 3rd., 2003 ,19

County of ~~Stearns~~ SS. 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

Then personally appeared Diane L. Larson, Stanley E. Larson > Diane M. Weyer 4/23/03 to me known to be the person described in and who executed the foregoing instrument and acknowledged before me that executed the same.

DIANE M. WEYER
NOTARY PUBLIC - MINNESOTA
My Comm. Exp. Jan. 31, 2007

Diane M. Weyer 3-3-03
Notary Public
My Commission Expires: 1-31-07

© E-Z Legal Forms. Before you use this form, read it, fill in all blanks, and make whatever changes are necessary to your particular transaction. Consult a lawyer if you doubt the form's fitness for your purpose and use. E-Z Legal Forms and the retailer make no representation or warranty, express or implied, with respect to the merchantability of this form for an intended use or purpose.

Form No. 29-M—QUIT CLAIM DEED Individual (s) to Joint Tenants

Minnesota Uniform Conveyancing Blanks (1978)

No delinquent taxes and transfer entered; Certificate of Real Estate Value ( ) filed ( X ) not required Certificate of Real Estate Value No. ______ July 2nd, 2003

Russ Nygren Jr. County Auditor

by ______ Deputy

OFFICE OF COUNTY RECORDER
MORRISON COUNTY, MINNESOTA
I HEREBY CERTIFY THAT
THIS INSTRUMENT # 431225
WAS FILED/RECORDED IN THIS OFFICE FOR RECORD
ON THE 2 DAY OF July A.D. 2003
AT 10 O'CLOCK A M.
ELDA MAE (BUNNY) JOHNSTON, COUNTY RECORDER
BY Elda Mae (Bunny) Johnston
FEE 15.00 S.C. 5.00 CHECK ✓ CASH ____ P.P. /
WELL CERT — SEPTIC CERT —
REC'D David Klug
RETURN ______

STATE DEED TAX DUE HEREON: $ 1.65

Date: May 5, 2003

(reserved for recording data)

FOR VALUABLE CONSIDERATION, Gerald A. Berger and Eileen M. Berger, husband and wife (marital status), Grantor (s),

hereby convey (s) and quitclaim (s) to David P. Klug and Mary V. Klug, husband and wife

as joint tenants, real property in Morrison County, Minnesota, described as follows:

Lots 62,63, & 64, In Bradfords Addition to the City of Royalton, and Lots 4 & 5, Block 7, in Green's Second Addition, according to the plat and survey on file in the office of the County Recorder, Morrison County, Minnesota.

Total consideration for this transfer is $1,000.00 or less.

(if more space is needed, continue on back)

together with all hereditaments and appurtenances belonging thereto.

County of Morrison
State of Minnesota
DEED STAMP TAX $ 1.65
№ 12774
Date 07-02-03 JH

Gerald A. Berger

Eileen M. Berger

STATE OF MINNESOTA
COUNTY OF Ramsey } ss.

The foregoing instrument was acknowledged before me this 5th day of May, 2003, by Gerald & Eileen Berger, Grantor(s).

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)

SUZANNE M. POLSON Notary Public Minnesota My Commission Expires Jan. 31, 2005

Suzanne M. Polson
SIGNATURE OF PERSON TAKING ACKNOWLEDGMENT

Tax Statements for the real property described in this instrument should be sent to (Include name and address of Grantee):

SUZANNE M. POLSON Notary Public Minnesota My Commission Expires Jan. 31, 2005

David P Klug
4661-45 Ave SE
ST Cloud MN
56304-9549

THIS INSTRUMENT WAS DRAFTED BY (NAME AND ADDRESS):

ROBERT C ABEL
P O BOX 6009
22 WILSON AVE NE
ST CLOUD MN 56302

27-M — QUIT CLAIM DEED Minnesota Uniform Conveyancing Blanks (1/15/97) Miller/Davis Co. St. Paul, MN 651-642-1988

Individual(s) to Individual(s)

No delinquent taxes and transfer entered; Certificate of Real Estate Value ( ) filed ( x ) not required
Certificate of Real Estate Value No.
July 17th, 2003
(Date)
Russ Nygren Jr.
County Auditor
by ______ Deputy

DEED TAX DUE: $ 1.65
Date: March 21, 2003

OFFICE OF COUNTY RECORDER
MORRISON COUNTY, MINNESOTA
I HEREBY CERTIFY THAT THIS INSTRUMENT # 431753
WAS FILED/RECORDED IN THIS OFFICE FOR RECORD
ON THE 17 DAY OF July A.D. 2003
AT 2 O'CLOCK P M.
ELDA MAE (BUNNY) JOHNSTON, COUNTY RECORDER
BY [signature]
FEE 15 S.C. 5 CHECK ___ CASH ✓ P.P. 1
WELL CERT ___ SEPTIC CERT ___
REC'D David Klug
RETURN 4661 45th Ave SE
St Cloud, MN 56304-9549

FOR VALUABLE CONSIDERATION, Curtis O. and JoAnn E. Hogenson
Husband and Wife
(marital status)
Grantor, hereby conveys and quitclaims to David P. Klug
Grantee, real property in Morrison County, Minnesota, described as follows:

Lots 62, 63 and 64, in Bradfords Addition to the City of Royalton, and Lots 4 & 5, Block 7, in Green's Second Addition, according to the plat and survey on file in the office of the County Recorder in Morrison County, Minnesota

FOR CORRECTIVE QUIT CLAIM SEE INSTRUMENT #437175 DEC 22 2003

Total consideration for this transfer is $1000.00 or less.

together with all hereditaments and appurtenances.
Check box if applicable:
[X] The Seller certifies that the seller does not know of any wells on the described real property.
[ ] A well disclosure certificate accompanies this document.
[ ] I am familiar with the property described in this instrument and I certify that the status and number of wells on the described real property have not changed since the last previously filed well disclosure certificate.

County of Morrison
State of Minnesota
DEED STAMP TAX $ 1.65
No 12863
Date 7-17-03

Affix Deed Tax Stamp Here

Curtis O. Hogenson
JoAnn E. Hogenson

STATE OF MINNESOTA
COUNTY OF Ramsey } ss.

This instrument was acknowledged before me on 3/21/03
Date
by The above BW Curtis O. Hogenson
JoAnn E. Hogenson

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)
BRENT NATHAN WITTWER
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2007

[signature]
SIGNATURE OF NOTARY PUBLIC OR OTHER OFFICIAL

Check here if part or all of the land is Registered (Torrens) [ ]

Tax Statements for the real property described in this instrument should be sent to (include name and address of Grantee):
David P. Klug
4661-45 Ave SE
St. Cloud MN
56304-9549

THIS INSTRUMENT WAS DRAFTED BY (NAME AND ADDRESS):
Curtis Hogenson
860 So. Syndicate St.
St. Paul MN
55116

WARNING: UNAUTHORIZED COPYING OF THIS FORM PROHIBITED.

WARNING: UNAUTHORIZED COPYING OF THIS FORM PROHIBITED — (GENUINE PRINTED FORMS HAVE A BLUE BORDER)

Form No. 27 M QUIT CLAIM DEED

Minnesota Uniform Conveyancing Blanks (1978)

Individual(s) to Individual(s)

No delinquent taxes and transfer entered; Certificate of Real Estate Value ( ) filed (X) not required
Certificate of Real Estate Value No. ______
December 22, 19 2003
[signature]
County Auditor
by ______
Deputy

OFFICE OF COUNTY RECORDER
MORRISON COUNTY, MINNESOTA
I HEREBY CERTIFY THAT 437720
THIS INSTRUMENT # ______
WAS FILED/RECORDED IN THIS OFFICE FOR RECORD
ON THE 22 DAY OF December A.D. 2003
AT 9 O'CLOCK A M.
ELDA MAE (BUNNY) JOHNSTON, COUNTY RECORDER
BY [signature]
FEE 15.— S.C. 5.— CHECK ___ CASH ___ PR 1
WELL CERT ___ SEPTIC CERT ___
REC'D Title Prof. & Abstract Co
RETURN ______

STATE DEED TAX DUE HEREON: $ 1.65 #4

Date: 12-1-03

FOR VALUABLE CONSIDERATION, Robert C. Abel and Nicola S. Abel, husband and wife, Grantor(s), (marital status) hereby convey(s) and quitclaim(s) to David P. Klug and Mary V. Klug, Grantee(s), real property in Morrison County, Minnesota, described as follows:

Lots Sixty-two (62), Sixty-three (63) and Sixty-four (64) in Bradfords Addition to the City of Royalton, and Lots Four (4) and Five (5), Block Seven (7), in Green's Second Addition, according to the plat thereof on file in the office of the County Recorder in Morrison County, Minnesota.

This releases any interest claimed under a Quit Claim Deed dated 12-14-84, filed 6-23-00, as Doc. No. 398592.

Seller hereby certifies that seller does not know of any wells on the above described real property.

(if more space is needed, continue on back)

together with all hereditaments and appurtenances belonging thereto.

County of Morrison
State of Minnesota
DEED STAMP TAX ... $ 1.65
Date 12-22-03
№ 13889
JH

[signature]
Robert C. Abel

[signature]
Nicola S. Abel

STATE OF Minnesota
ss
COUNTY OF Stearns

The foregoing instrument was acknowledged before me this 1 day of Dec., 2003, by Robert C. Abel and Nicola S. Abel, husband and wife, Grantor(s).

Mary Molitor
SIGNATURE OF PERSON TAKING ACKNOWLEDGEMENT

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)
MARY J. MOLITOR
NOTARY PUBLIC - MINNESOTA
My Comm. Exp. Jan. 31, 2008

Tax Statements for the real property described in this instrument should be sent to (include name and address of Grantee):

David P. Klug and Mary V. Klug
4661 45th Ave. SE
St. Cloud MN 56304-9549

THIS INSTRUMENT WAS DRAFTED BY (NAME AND ADDRESS)

Title Professionals and Abstract Company
24 South 8th Avenue
P.O. Box 873
St Cloud, MN 563020873

RETURN TO:
Title Professionals and Abstract Company
PO Box 873
St. Cloud, MN 56302
FILE# 0138085C

Form No. 27-M QUIT CLAIM DEED — Minnesota Uniform Conveyancing Blanks (1978)

Individual(s) to Individual(s)

No delinquent taxes and transfer entered; Certificate of Real Estate Value ( ) filed (X) not required
~~Certificate of Real Estate Value No.~~
December 22, 2003
[signature]
County Auditor
by ______ Deputy

OFFICE OF COUNTY RECORDER
MORRISON COUNTY, MINNESOTA
I HEREBY CERTIFY THAT 437719
THIS INSTRUMENT # ______
WAS FILED/RECORDED IN THIS OFFICE FOR RECORD
ON THE 22 DAY OF December A.D. 200 3
AT 9 O'CLOCK A.M.
ELDA MAE (BUNNY) JOHNSTON, COUNTY RECORDER
BY [signature]
FEE ___ S.C. ___ CHECK ___ CASH ___ P.P. 1
WELL CERT ___ SEPTIC CERT ___
REC'D Title Prof. & Abstract Co.
RETURN ___

STATE DEED TAX DUE HEREON: $ 1.65 #3

Date: Dec. 8, 2003

FOR VALUABLE CONSIDERATION, William D. Willhite and Kaye L. Willhite, husband and wife, Grantor(s),

(marital status)

hereby convey(s) and quitclaim(s) to David P. Klug and Mary V. Klug, Grantee(s), real property in Morrison County, Minnesota, described as follows:

Lots Sixty-two (62), Sixty-three (63) and Sixty-four (64) in Readfords Addition to the City of Royalton, and Lots Four (4) and Five (5), Block Seven (7), in Green's Second Addition, according to the plat thereof on file in the office of the County Recorder in Morrison County, Minnesota.

The total consideration for this transfer is less than $500.00

The grantors release any interest they may have in subject property by virtue of a Quit Claim Deed dated 12-14-84, filed 6-23-00, as Doc. No. 398592.

(if more space is needed, continue on back)

together with all hereditaments and appurtenances belonging thereto.

County of Morrison
State of Minnesota
DEED STAMP TAX ... $ 1.65
Date 12-22-03
№ 13888
QH

[signature]
William D. Willhite

[signature]
Kaye L. Willhite

STATE OF Minnesota }
} ss
COUNTY OF Stearns }

The foregoing instrument was acknowledged before me this 8th day of Dec., 2003, by William D. Willhite and Kaye L. Willhite, husband and wife, Grantor(s).

[signature]
SIGNATURE OF PERSON TAKING ACKNOWLEDGEMENT

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)

MARY ANN T. NUNES
NOTARY PUBLIC - MINNESOTA
My Comm. Exp. Jan. 31, 2005

Tax Statements for the real property described in this instrument should be sent to (include name and address of Grantee):

David P. and Mary V. Klug
4661 45th Ave. SE
St. Cloud MN 56304-9549

THIS INSTRUMENT WAS DRAFTED BY (NAME AND ADDRESS)

Title Professionals and Abstract Company
24 South 8th Avenue
P.O. Box 873
St. Cloud, MN 563020873

RETURN TO:
Title Professionals and
Abstract Company
PO Box 873
St. Cloud, MN 56302
FILE# 0138088 C

Form No. 28-M QUIT CLAIM DEED

Minnesota Uniform Conveyancing Blanks (1978)

Individual(s) to Corporation or Partnership

No delinquent taxes and transfer entered; Certificate of Real Estate Value ( ) filed (✓) not required
Certificate of Real Estate Value No. ______
May 6, 2004
Russ Nygren [illegible]
County Auditor

by ______ Deputy

OFFICE OF COUNTY RECORDER
MORRISON COUNTY, MINNESOTA
I HEREBY CERTIFY THAT
THIS INSTRUMENT # 441605
WAS FILED/RECORDED IN THIS OFFICE FOR RECORD
ON THE 6 DAY OF May A.D. 200 4
AT 9 O'CLOCK A. M.
ELDA MAE (BUNNY) JOHNSTON, COUNTY RECORDER
BY Elda Mae (Bunny) Johnston
FEE 15.00 S.C. 5.00 CHECK ✓ CASH ___ RR 1
WELL CERT ___ SEPTIC CERT ___
REC'D Title Prof.
RETURN ___

STATE DEED TAX DUE HEREON: $ 1.65

Date: May 5, 2004

FOR VALUABLE CONSIDERATION, David P. Klug and Mary V. Klug, husband and wife, Grantor(s),
(marital status)
hereby convey(s) and quitclaim(s) to R & R Investors a Minnesota general partnership Grantee, real property in Morrison County, Minnesota, described as follows:

Lots Sixty-two (62), Sixty-three (63) and Sixty-four (64) in Bradfords Addition to the City of Royalton, and Lots Four (4) and Five (5), Block Seven (7), in Green's Second Addition, according to the plat thereof on file in the office of the County Recorder in Morrison County, Minnesota.

The total consideration for this transfer is less than $500.00.

(If more space is needed, continue on back)

together with all hereditaments and appurtenances belonging thereto.

County of Morrison
State of Minnesota
DEED STAMP TAX $ 1.65
Date 5-6-04
№ 14543
DS

David P. Klug (signature)
David P. Klug

Mary V. Klug (signature)
Mary V. Klug

STATE OF Minnesota }
} ss
COUNTY OF Stearns }

The foregoing instrument was acknowledged before me this 7th day of May, 2004, by David P. Klug and Mary V. Klug husband and wife, Grantor(s).

Mary Ann T. Nunes (signature)
SIGNATURE OF PERSON TAKING ACKNOWLEDGEMENT

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)
MARY ANN T. NUNES
NOTARY PUBLIC - MINNESOTA
My Comm. Exp. Jan. 31, 2005

Tax Statements for the real property described in this instrument should be sent to (include name and address of Grantee):

R & R Investors
c/o Central Minnesota Housing Partnership
810 W. St. Germain, Ste 309
St. Cloud MN 56301-4092

THIS INSTRUMENT WAS DRAFTED BY (NAME AND ADDRESS)

Title Professionals and Abstract Company
24 South 8th Avenue
P.O. Box 873
St. Cloud, MN 563020873

RETURN TO:
Title Professionals and
Abstract Company
PO Box 873
St. Cloud, MN 56302
FILE # 013808 [illegible]

Form No. 28-M QUIT CLAIM DEED

Minnesota Uniform Conveyancing Blanks (1978)

Individual(s) to Corporation or Partnership

No delinquent taxes and transfer entered; Certificate of Real Estate Value ( ) filed (✓) not required
Certificate of Real Estate Value No. ____
December 22nd 2003
Ricas Nyquen BD
County Auditor
by ____ Deputy

OFFICE OF COUNTY RECORDER
MORRISON COUNTY, MINNESOTA
I HEREBY CERTIFY THAT
THIS INSTRUMENT # 437717
WAS FILED/RECORDED IN THIS OFFICE FOR RECORD
ON THE 22 DAY OF December A.D. 200 3
AT 9 O'CLOCK A M.
ELDA MAE (BUNNY) JOHNSTON, COUNTY RECORDER
BY Elda Mae (Bunny) Johnston
FEE 15.00 S.C. 5.00 CHECK ✓ CASH ____ P.P. 1
WELL CERT ____ SEPTIC CERT ____
REC'D Title Prof and Abstract Co.
RETURN ____

STATE DEED TAX DUE HEREON: $1.65 #1

Date: December 18, 2003

FOR VALUABLE CONSIDERATION, David P. Klug and Mary V. Klug, husband and wife, Grantor(s),
(marital status)
hereby convey(s) and quitclaim(s) to R & R Investors a Minnesota general partnership, Grantee, a general partnership under the laws of Minnesota, real property in Morrison County, Minnesota, described as follows:

Lots Sixty-two (62), Sixty-three (63) and Sixty-four (64) in Bradfords Addition to the City of Royalton, and Lots Four (4) and Five (5), Block Seven (7), in Green's Second Addition, according to the plat thereof on file in the office of the County Recorder in Morrison County, Minnesota.

*The total consideration for this transfer is less than $500.00.*

(If more space is needed, continue on back)

together with all hereditaments and appurtenances belonging thereto.

David P. Klug (signature)
David P. Klug

Mary V. Klug (signature)
Mary V. Klug

Affix Deed Tax Stamp Here

STATE OF Minnesota
} ss
COUNTY OF Stearns

The foregoing instrument was acknowledged before me this 18th day of December, 2003, by David P. Klug and ~~Mary V. Klug, husband and wife~~, Grantor(s).

Mary Ann T. Nunes (signature)
SIGNATURE OF PERSON TAKING ACKNOWLEDGEMENT

County of Morrison
State of Minnesota
DEED STAMP TAX.... $ 1.65
№ 13886
Date 12-22-03 RH

Tax Statements for the real property described in this instrument should be sent to (Include name and address of Grantee):

R & R Investors
c/o Central Minnesota Housing Partnership
810 W. St. Germain, Ste 303
St. Cloud MN 56301-4092

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)
MARY ANN T. NUNES
NOTARY PUBLIC - MINNESOTA
My Comm. Exp. Jan. 31, 2005

RETURN TO:
Title Professionals and
Abstract Company
PO Box 873
St. Cloud, MN 56302
FILE# 0138088C

THIS INSTRUMENT WAS DRAFTED BY (NAME AND ADDRESS)
Title Professionals and Abstract Company
24 South 8th Avenue
P.O. Box 873
St. Cloud, MN 563020873

Form No. 28-M QUIT CLAIM DEED

Individual(s) to Corporation or Partnership

Minnesota Uniform Conveyancing Blanks (1978)

No delinquent taxes and transfer entered; Certificate of Real Estate Value ( ) filed (✓) not required
Certificate of Real Estate Value No. ______
May 6, 2004
Russ Nygren [signature]
County Auditor
by ______ Deputy

OFFICE OF COUNTY RECORDER
MORRISON COUNTY, MINNESOTA
I HEREBY CERTIFY THAT 441605
THIS INSTRUMENT # ______
WAS FILED/RECORDED IN THIS OFFICE FOR RECORD
ON THE 6 DAY OF May A.D. 200 4
AT 9 O'CLOCK A M.
ELDA MAE (BUNNY) JOHNSTON, COUNTY RECORDER
BY [signature]
FEE 15.00 S.C. 5.00 CHECK ✓ CASH ___ P.R. ___
WELL CERT ___ SEPTIC CERT ___
REC'D Title Prof.
RETURN ______

STATE DEED TAX DUE HEREON: $ 1.65

Date: May 5, 2004

FOR VALUABLE CONSIDERATION, David P. Klug and Mary V. Klug, husband and wife, Grantor(s), (marital status)
hereby convey(s) and quitclaim(s) to R & R Investors a Minnesota general partnership Grantee, real property in Morrison County, Minnesota, described as follows:

Lots Sixty-two (62), Sixty-three (63) and Sixty-four (64) in Bradfords Addition to the City of Royalton, and Lots Four (4) and Five (5), Block Seven (7), in Green's Second Addition, according to the plat thereof on file in the office of the County Recorder in Morrison County, Minnesota.

The total consideration for this transfer is less than $500.00.

(If more space is needed, continue on back)

together with all hereditaments and appurtenances belonging thereto.

County of Morrison
State of Minnesota
DEED STAMP TAX ..... $ 1.65
Date 5-6-04 DS
№ 14543

[signature]
David P. Klug
[signature]
Mary V. Klug

STATE OF Minnesota
} ss
COUNTY OF Stearns

The foregoing instrument was acknowledged before me this 3rd day of May, 2004, by David P. Klug and Mary V. Klug, husband and wife, Grantor(s).

[signature] Mary Ann T. Nunes
SIGNATURE OF PERSON TAKING ACKNOWLEDGEMENT

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)
MARY ANN T. NUNES
NOTARY PUBLIC - MINNESOTA
My Comm. Exp. Jan. 31, 2005

Tax Statements for the real property described in this instrument should be sent to (Include name and address of Grantee):

R & R Investors
c/o Central Minnesota Housing Partnership
510 W. St. Germain, Ste 303
St. Cloud MN 56301-4092

THIS INSTRUMENT WAS DRAFTED BY (NAME AND ADDRESS)
Title Professionals and Abstract Company
24 South 8th Avenue
P.O. Box 873
St. Cloud, MN 563020873

RETURN TO:
Title Professionals and Abstract Company
PO Box 873
St. Cloud, MN 56302
FILE # 013808 ???