# In the United States Court of Federal Claims

No. 03-2264C
Filed: February 3, 2011
**TO BE PUBLISHED**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| A.F.T.E.R., INC., *et al.*, | \* |
| Plaintiffs, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER DENYING MOTION TO INTERVENE AND TO ALLOW FILING OF NOTICE OF APPEAL

On April 5, 2010, the parties filed a Joint Stipulation Regarding Voluntary Dismissal, pursuant to RCFC 41(a)(1). On the same date, the Clerk's Office for the United States Court of Federal Claims dismissed the Complaint in this matter.

On May 3, 2010, however, counsel for Curtis Hogenson, Diane Larson, Eileen M. Berger, and Shirley J. Arvidson (collectively, the "Hogenson R&R Investors"), former partners of Plaintiff R&R Investors ("R&R"), filed a Motion To Vacate And For Reconsideration, pursuant to RCFC 59, 60. On May 11, 2010, the court denied the May 3, 2010 Motion To Vacate as moot, because the Minnesota Court of Appeals held that the current partners of R&R are entitled to the proceeds from the settlement of this lawsuit. *See Faegre & Benson, LLP* v. *R&R Investors*, 772 N.W.2d 846, 852-56 (Minn. App. 2009), *review denied*, (Dec. 23, 2009).

On July 9, 2010, the Hogenson R&R Investors filed a Motion To Intervene And To Allow Filing Of Notice Of Appeal ("Hogenson Mot."). On July 12, 2010, the Hogenson R&R Investors filed a Petition for a Writ of Mandamus at the United States Court of Appeals for the Federal Circuit, requesting that this court be ordered to:

> (1) vacate a stipulation of voluntary dismissal, (2) grant Hogenson's motion to vacate and for reconsideration, (3) rule on Hogenson's motion to substitute counsel, (4) rule on Hogenson's motion for leave to intervene, and (5) file Hogenson's notice of appeal.

*In re R&R Investors*, No. 2010-M947, at 1 (Fed. Cir. Jan. 19, 2011).

On January 19, 2011, the United States Court of Appeals for the Federal Circuit held that "[the] Hogenson [R&R Investors have] not shown . . . that mandamus should issue regarding the [United States] Court of Federal Claims' dismissal of the complaint in view of the ruling by the Minnesota Court of Appeals that the Tucker Act claims became the property of the current partners of R&R." *Id*. at 3.  Our appellate court noted, however, that the court needed to rule on the pending July 9, 2010 Motion To Intervene. *Id*.

The Hogenson R&R Investors argue that they are entitled to intervene in this action as a matter of right under RCFC 24(a)(2).  Hogenson Mot. at 4.  RCFC 24(a)(2) provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a)(2).

The Minnesota Court of Appeals, however, held that under Minnesota partnership law, the Tucker Act claim alleged in the September 30, 2003 Complaint belongs to the current partners of R&R.  *Faegre & Benson*, 772 N.W.2d at 856.  The Hogenson R&R Investors, therefore, do not possess an interest in this case that entitles them to intervene.

For these reasons, the July 9, 2010 Motion To Intervene And To Allow Filing Of Notice Of Appeal is denied.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**